# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| HAGGEN HOLDINGS, LLC, *et al.,*[1] | Case No. 15-11874 (____) |
| Debtors. | (Joint Administration Requested) |

### DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS, PURSUANT TO SECTIONS 105(a), 363(b), 507(a)(8), 541, 1107(a) AND 1108 OF THE BANKRUPTCY CODE, AUTHORIZING (I) THE DEBTORS TO PAY CERTAIN PREPETITION TAXES AND FEES AND RELATED OBLIGATIONS AND (II) BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") submit this motion (this "**Motion**") for the entry of interim and final orders, substantially in the form attached hereto as Exhibit A (the "**Proposed Interim Order**") and Exhibit B (the "**Proposed Final Order**," and together with the Proposed Interim Order, the "**Proposed Orders**"), respectively, pursuant to sections 105(a), 363(b), 507(a)(8), 541, 1107(a) and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), (i) authorizing, but not directing, the Debtors, in their discretion, to pay certain prepetition taxes and fees and related obligations that are payable to certain authorities (each, an "**Authority**," and collectively, the "**Authorities**"), and (ii) authorizing banks and other financial institutions (collectively, the "**Banks**") to honor and process check and electronic transfer requests related to the foregoing. The facts and circumstances supporting this Motion are set forth in the concurrently filed *Declaration of Blake Barnett In Support of Debtors' Chapter 11 Petitions and First Day*

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Haggen Holdings, LLC (7558), Haggen Operations Holdings, LLC (6341), Haggen Opco South, LLC (7257), Haggen Opco North, LLC (5028), Haggen Acquisition, LLC (7687), and Haggen, Inc. (4583).  The mailing address for each of the Debtors is 2211 Rimland Drive, Bellingham, WA 98226.

*Motions* (the "**First Day Declaration**").[2]   In further support of this Motion, the Debtors

respectfully state as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334, and the Amended Standing Order of Reference from the United States District Court

for the District of Delaware, dated as of February 29, 2012 (the "**Amended Standing Order**").

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final

order consistent with Article III of the United States Constitution.  Venue is proper in this Court

pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought

herein are sections 105(a), 363(b), 507(a)(8), 541, 1107(a) and 1108 of the Bankruptcy Code.

## BACKGROUND

**A.      General**

2.      On the date hereof (the "**Petition Date**"), the Debtors filed voluntary

petitions for relief under chapter 11 of the Bankruptcy Code.  Concurrently with this Motion, the

Debtors have also filed certain other motions and applications seeking certain "first day" relief.

3.      The Debtors have continued in possession of their properties and have

continued to operate and maintain their business as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

4.      No request has been made for the appointment of a trustee or examiner

and no official committee has been established in these chapter 11 cases.

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

5.      Additional information about the Debtors' business and the events leading up to the Petition Date can be found in the First Day Declaration, which is incorporated herein by reference.

**B.      Taxes and Fees**

6.      In the ordinary course of business, the Debtors incur or collect and remit a variety of taxes, including, without limitation, (i) sales taxes, (ii) use taxes, (iii) franchise taxes, (iv) property taxes, and (v) certain other miscellaneous taxes (collectively, the "**Taxes**").[3]   The Debtors also incur various fees for business licenses (e.g., liquor, lottery and pharmacy licenses) and permits (e.g., food permits) and various other fees and assessments (collectively, the "**Fees**," and together with the Taxes, collectively, the "**Taxes and Fees**") in connection with the operation of their business.   The Debtors remit the Taxes and Fees to the Authorities in accordance with applicable laws.   The Taxes and Fees are remitted at different intervals to the respective Authorities, depending on the given Taxes and Fees and the Authority to which they are paid, but many of the Taxes and Fees are remitted on a monthly basis.

7.      The Debtors estimate that, as of the Petition Date, the total amount of prepetition Taxes and Fees owed to the Authorities does not exceed approximately $11 million in

---

[3]  In addition to the Taxes discussed herein, the Debtors are required by law to withhold from their employees' pay amounts related to, among other things, federal, state and local income taxes and social security and Medicare taxes (collectively, the "**Withheld Amounts**") for remittance to the appropriate federal, state or local taxing authorities. The Debtors must then match from their own funds for social security and Medicare taxes and pay, based upon a percentage of gross payroll, additional amounts for state and federal unemployment insurance (together with the Withheld Amounts, the "**Payroll Taxes**").  Any relief requested with respect to the Payroll Taxes is requested in the *Debtors' Motion for Entry of an Order, Pursuant to Sections 105(a), 363(b), 507(a)(4) and 507(a)(5) of the Bankruptcy Code, (A) Authorizing (I) Payment of Prepetition Employee Wages, Salaries, and Other Compensation; (II) Reimbursement of Prepetition Employee Business Expenses; (III) Contributions to Prepetition Employee Benefit Programs and Continuation of such Programs in the Ordinary Course; (IV) Payment of Workers' Compensation Obligations; (V) Payments for which Prepetition Payroll Deductions Were Made; (VI) Payment of All Costs and Expenses Incident to the Foregoing Payments and Contributions; and (VII) Payment to Third Parties of All Amounts Incident to the Foregoing Payments and Contributions; and (B) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto*, filed contemporaneously herewith.

the aggregate.[4]  Approximately $10 million of this aggregate amount consists of sales and use taxes, approximately $8 million of which is anticipated to be due to the Authorities on or about September 20, 2015.  The remainder of this amount consists of various other Taxes and of Fees. To the best of the Debtors' knowledge, none of the Taxes and Fees are for periods outside of the current applicable time period for each of the Taxes and Fees.

## RELIEF REQUESTED

8.      By this Motion, the Debtors request the Court enter the Proposed Orders, (i) authorizing, but not directing, the Debtors, in their discretion, to pay the Taxes and Fees owing on account of periods prior to the Petition Date, subject to the $8.5 million cap provided for in the Proposed Interim Order and the $11 million cap provided for in the Proposed Final Order, plus any Taxes and Fees subsequently determined upon audit, or otherwise, to be owed for periods prior to the Petition Date, and (ii) authorizing the Banks to honor and process check and electronic transfer requests related thereto.

## BASIS FOR RELIEF

**A.      The Court Should Authorize, But Not Direct, the
Debtors, in Their Discretion, to Pay the Taxes and Fees**

9.      The Debtors submit that there are several reasons for granting the relief requested herein.  *First*, section 363(b)(1) of the Bankruptcy Code provides that, after notice and a hearing, the trustee "may use, sell, or lease, other than in the ordinary course of business, property of the estate[.]"  11 U.S.C. § 363(b)(1).  Section 105(a) of the Bankruptcy Code empowers a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Bankruptcy courts have

---

[4]  Any estimates set forth herein do not include any potential prepetition liabilities related to the Taxes and Fees that may later come due as the result of an audit.  The Debtors request authority, but not direction, to pay any amounts assessed after such an audit.

invoked the equitable power of section 105 of the Bankruptcy Code to authorize the post-petition

payment of pre-petition claims where such payment is necessary to preserve the value of a

debtor's estate.  See, e.g., Tropical Sportswear Int'l Corp., 320 B.R. 15, 20 (Bankr. M. D. Fla.

2005) ("Bankruptcy courts recognize that section 363 is a source for authority to make critical

vendor payments, and section 105 is used to fill in the blanks.").  Courts have likewise

acknowledged that "[u]nder [section] 105, the court can permit pre-plan payment of a pre-

petition obligation when essential to the continued operation of the debtor." In re NVR L.P., 147

B.R. 126, 127 (Bankr. E.D. Va. 1992) (citing In re Ionosphere Clubs, Inc., 98 B.R. 174, 177

(Bankr. S.D.N.Y. 1989)); see In re Just for Feet, Inc., 242 B.R. 821, 825 (D. Del. 1999) (citing In

re Penn Central Transp. Co., 467 F.2d 100, 102 n.1 (3d Cir. 1972)) (holding that the court is

authorized under section 105(a) of the Bankruptcy Code to allow immediate payment of pre-

petition claims of vendors found to be critical to the debtor's continued operation).

>        10.    In a long line of well-established cases, federal courts consistently have

permitted post-petition payment of pre-petition obligations where necessary to preserve or

enhance the value of a debtor's estate for the benefit of all creditors.  See, e.g., Miltenberger v.

Logansport, C. & S. W. Ry. Co., 106 U.S. 286, 312 (1882) (payment of pre-receivership claim

permitted to prevent "stoppage of [crucial] business relations"); In re Lehigh & New Eng. Ry.

Co., 657 F.2d 570, 581 (3d Cir. 1981) (holding that "if payment of a claim which arose prior to

[the commencement of the bankruptcy case] is essential to the continued operation of the . . .

[business] during [the bankruptcy case], payment may be authorized even if it is made out of

[the] corpus"); Dudley v. Mealey, 147 F.2d 268, 271 (2d Cir. 1945) (extending doctrine for

payment of pre-petition claims beyond railroad reorganization cases).

11.     This legal principle—known as the "doctrine of necessity"—functions in chapter 11 cases as a mechanism by which a bankruptcy court can exercise its equitable power to allow payment of critical pre-petition claims not explicitly authorized by the Bankruptcy Code. See Just for Feet, 242 B.R. at 826 (finding that "to invoke the necessity of payment doctrine, a debtor must show that payment of the pre-petition claims is critical to the debtor's [continued operation].");  In re Columbia Gas Sys., Inc., 136 B.R. 930, 939 (Bankr. D. Del. 1992) (recognizing that "[i]f payment of a pre-petition claim is essential to the continued operation of [the debtor], payment may be authorized"); In re Boston & Me. Corp., 634 F.2d 1359, 1382 (1st Cir. 1980) (recognizing the existence of a judicial power to authorize trustees to pay claims for goods and services that are indispensably necessary to the debtors' continued operation).  The doctrine is frequently invoked early in a bankruptcy case, particularly in connection with those Bankruptcy Code sections that relate to payment of pre-petition claims.  In one case, the court indicated its accord with "the principle that a bankruptcy court may exercise its equity powers under section 105(a) to authorize payment of pre-petition claims where such payment is necessary 'to permit the greatest likelihood of . . . payment of creditors in full or at least proportionately.'"  In re Structurelite Plastics Corp., 86 B.R. 922, 931 (Bankr. S. D. Ohio 1988).

12.     The Debtors submit that the timely payment of Taxes and Fees is critical to the Debtors' ability to preserve and maximize the value of their assets for the benefit of all stakeholders.  Failure to pay these obligations could damage the Debtors' relations with the Authorities and cause them to take precipitous action, including conducting audits, filing liens, seeking to impose liability against the Debtors and their officers and directors and, if applicable, seeking to lift the automatic stay, all of which could disrupt the Debtors' chapter 11 efforts and impose significant costs on the Debtors' estates.  Payment of the Taxes and Fees will avoid these

potentially burdensome and costly governmental actions, as well as the incurrence of potential penalties and interest if such Taxes and Fees are not timely paid. Thus, granting the relief requested herein will maximize the value of the Debtors' estates and benefit their creditors.

13.     *Second*, authority for satisfying the Taxes and Fees also may be found in sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors, operating their business as a debtor in possession under sections 1107(a) and 1108, are fiduciaries "holding the bankruptcy estate[s] and operating the business[es] for the benefit of [their] creditors and (if the value justifies) equity owners." In re CoServ, L.L.C., 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002). Implicit in the duties of a chapter 11 debtor in possession is the duty "to protect and preserve the estate, including an operating business's going-concern value." Id.

14.     Courts have noted that there are instances in which a debtor in possession can fulfill its fiduciary duty "only . . . by the preplan satisfaction of a prepetition claim." Id. The CoServ court specifically noted that preplan satisfaction of prepetition claims would be a valid exercise of a debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate," id., and also when the payment was to "sole suppliers of a given product." Id. at 498. The court provided a three-pronged test for determining whether a preplan payment on account of a prepetition claim was a valid exercise of a debtor's fiduciary duty:

> First, it must be critical that the debtor deal with the claimant.
> Second, unless it deals with the claimant, the debtor risks the
> probability of harm, or, alternatively, loss of economic advantage
> to the estate or the debtor's going concern value, which is
> disproportionate to the amount of the claimant's prepetition claim.
> Third, there is no practical or legal alternative by which the debtor
> can deal with the claimant other than by payment of the claim.

Id.

15.     Payment of the Taxes and Fees meets each element of the CoServ court's standard. Any failure to pay the Taxes and Fees could impair the Debtors' ability to continue

their business operations in the ordinary course.  Any unexpected or inopportune interruption of the Debtors' operations during the course of these chapter 11 cases could greatly diminish estate value and frustrate the Debtors' chapter 11 efforts.  Therefore, the Debtors can only meet their fiduciary duties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code by payment of the Taxes and Fees in the ordinary course of business.

16.    *Third*, to the extent that the Taxes and Fees are entitled to priority status under section 507(a)(8) of the Bankruptcy Code, they must be paid in full under any chapter 11 plan before any of the Debtors' general unsecured obligations may be satisfied.  As such, to the extent that they are entitled to priority, the payment of the Taxes and Fees will likely affect only the timing of the payments, and not the amounts that would ultimately be received by the Authorities.

17.    *Fourth*, the Authorities might assert that certain of the Taxes and Fees are so-called "trust fund" taxes that the Debtors are required to collect from third parties and hold in trust for the benefit of the Authorities.  To the extent that the Debtors collect the Taxes and Fees on behalf of the Authorities, such Taxes and Fees may not constitute property of the Debtors' bankruptcy estates.  See Begier v. Internal Revenue Service, 496 U.S. 53, 57-60 (1990); City of Ferrell v. Sharon Steel Corp., 41 F.3d 92, 97 (3d Cir. 1994); DeChiaro v. N.Y. State Tax Comm'n, 760 F.2d 432, 433 (2d Cir. 1985) (sales taxes are "trust fund" taxes); Al Copeland Enters., Inc. v. Texas, 991 F.2d 233 (5th Cir. 1993) (debtor's prepetition collection of sales taxes and interest thereon were held subject to trust and were not property of the estates); In re Shank, 792 F.2d 829, 830 (9th Cir. 1986) (sales taxes required by state law to be collected by sellers from their customers are "trust fund" taxes); In re Tap, Inc., 52 B.R. 271, 272 (Bankr. D. Mass. 1985) (withholding taxes are "trust fund" taxes).  To the extent that the Taxes and Fees are "trust

fund" taxes and the funds representing such Taxes and Fees can be adequately identified and traced, the Debtors would have no equitable interest in such funds and they would not be property of their estates.  <u>See</u> 11 U.S.C. § 541(d); <u>In re Am. Int'l Airways, Inc.</u>, 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987).  Accordingly, the Court should authorize the Debtors to pay any of the Taxes and Fees that constitute trust fund taxes, and the Debtors submit that payment of such Taxes and Fees would not prejudice the rights of any of their other creditors or other parties in interest.

18.     *Fifth*, some states hold corporate officers personally liable for unpaid taxes in certain circumstances.  <u>See</u>, <u>e.g.</u>, JOHN F. OLSEN, ET AL., Director & Officer Liability: Indemnification and Insurance § 3:21 (2003) ("some states hold corporate officers personally liable for any sales tax and penalty owed and not paid by the corporation regardless of cause").  To the extent that any such "trust fund" taxes remain unpaid by the Debtors, their directors and officers could be subject to lawsuits or criminal prosecution during the pendency of these chapter 11 cases.  Such potential lawsuits would prove extremely disruptive for the Debtors, for the named officers and directors whose attention to the chapter 11 process is required, and for the Court, as the Court might be asked to entertain various requests for injunctions with respect to the potential state court actions against such individuals.  Even the possibility of any such lawsuit or criminal prosecution would distract the Debtors and their directors and officers and their efforts in these bankruptcy proceedings.  Furthermore, the Authorities may audit the Debtors if the Taxes and Fees are not timely paid.  Payment of the Taxes and Fees will therefore avoid a loss of focus on the part of the Debtors' directors, officers and other employees resulting from the risk of personal liability and/or audits.

01:17643490.3

19.     *Finally*, the Debtors submit that relief similar to that requested herein is routinely approved in chapter 11 cases in this District.  See, e.g., In re Boomerang Tube, LLC, Case No. 15-11247 (MFW) (June 10, 2015); In re The Standard Register Company, Case No. 15-10541 (BLS) (Mar. 13, 2015); In re Altegrity, Inc., Case No. 15-10226 (LSS) (Feb. 10, 2015).

20.     For the foregoing reasons, the Debtors believe that granting the relief requested herein is appropriate and in the best interests of their estates and creditors.

**B.      The Court Should Authorize the Banks to Honor and Process
           the Debtors' Payments on Account of the Taxes and Fees**

21.     The Debtors also request the Court to authorize the Banks, when requested by the Debtors, in their discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations described herein, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments.  The Debtors further request that all of the Banks be authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved pursuant to this Motion.

**SATISFACTION OF BANKRUPTCY RULE 6003(b)**

22.     Pursuant to Rule 6003(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), any motion seeking to use property of the estate pursuant to section 363 of the Bankruptcy Code or to satisfy prepetition claims within twenty-one days of the Petition Date requires the Debtors to demonstrate that such relief "is necessary to avoid immediate and irreparable harm."  The Debtors believe that, among other things, the success of their chapter 11 efforts will require them remaining in good standing with the Authorities, as well as the focused and fully devoted efforts of their directors and officers to these proceedings, rather than attending to any issues related to any failure to pay the Authorities on account of the

01:17643490.3

Taxes and Fees.  Thus, if the relief requested herein is not granted, the Debtors' failure to satisfy the Taxes and Fees would cause the Debtors' estates immediate and irreparable harm by detracting from, and potentially derailing, the Debtors' chapter 11 efforts.

23.    For this reason and those set forth above, the Debtors respectfully submit that Bankruptcy Rule 6003(b) has been satisfied and the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates.

## WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)

24.    Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 6004(h).  As set forth throughout this Motion, any delay in paying the Taxes and Fees would be detrimental to the Debtors, their estates and creditors, as the Debtors' ability to manage and run their business without any unexpected or inopportune interruptions requires, in part, that they remain current with such obligations.

25.    For this reason and those set forth above, the Debtors submit that ample cause exists to justify a waiver of the fourteen day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable.

## RESERVATION OF RIGHTS

26.    Nothing in the Proposed Orders or this Motion (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates, (ii) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with

respect to the validity, priority or amount of any claim against the Debtors and their estates, or (iii) shall be construed as a promise to pay a claim.

## **NOTICE**

27.     Notice of this Motion has been provided to:  (i) the Office of the United States Trustee for the District of Delaware; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) the Debtors' thirty (30) largest unsecured creditors; and (v) counsel to the Debtors' pre-petition and post-petition lenders. Notice of this Motion and any order entered hereon will be served in accordance with Rule 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*Remainder of page intentionally left blank*

01:17643490.3

## CONCLUSION

WHEREFORE, the Debtors request entry of the Proposed Orders, granting the

relief requested herein and such other and further relief as is just and proper.

Dated: September 8, 2015          YOUNG CONAWAY STARGATT & TAYLOR, LLP
      Wilmington, Delaware

                                     */s/ Robert F. Poppiti, Jr.*
                                     Matthew B. Lunn (No. 4119)
                                     Robert F. Poppiti, Jr. (No. 5052)
 Ian J. Bambrick (No. 5455)
 Ashley E. Jacobs (No. 5635)
 Rodney Square
 1000 North King Street
 Wilmington, DE 19801
 Telephone: (302) 571-6600
 Facsimile: (302) 571-1256

 -and-

 STROOCK & STROOCK & LAVAN LLP
 Frank A. Merola (*pro hac vice* pending)
 Sayan Bhattacharyya (*pro hac vice* pending)
 Matthew G. Garofalo (*pro hac vice* pending)
 180 Maiden Lane
 New York, New York 10038
 Telephone: (212) 806-5400
 Facsimile: (212) 806-6006

 *PROPOSED COUNSEL TO THE DEBTORS*
 *AND DEBTORS-IN-POSSESSION*

**<u>EXHIBIT A</u>**

**Proposed Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| | ) Case No. 15-11874 (____) |
| HAGGEN HOLDINGS, LLC, *et al.,*[1] | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Ref. Docket No. _____** |

## INTERIM ORDER, PURSUANT TO SECTIONS 105(a), 363(b), 507(a)(8), 541, 1107(a) AND 1108 OF THE BANKRUPTCY CODE, AUTHORIZING (I) THE DEBTORS TO PAY CERTAIN PREPETITION TAXES AND FEES AND RELATED OBLIGATIONS AND (II) BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of an order, pursuant to sections 105(a), 363(b), 507(a)(8), 541, 1107(a) and 1108 of the Bankruptcy Code, (i) authorizing, but not directing, the Debtors, in their discretion, to pay Taxes and Fees related to the period prior to the Petition Date, including Taxes and Fees subsequently determined upon audit, or otherwise, to be owed for periods prior to the Petition Date, to the Authorities, and (ii) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Haggen Holdings, LLC (7558), Haggen Operations Holdings, LLC (6341), Haggen Opco South, LLC (7257), Haggen Opco North, LLC (5028), Haggen Acquisition, LLC (7687), and Haggen, Inc. (4583).  The mailing address for each of the Debtors is 2211 Rimland Drive, Bellingham, WA 98226.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The Debtors are authorized, but not directed, in their discretion, to pay prepetition Taxes and Fees to the Authorities in the ordinary course of their business up to an aggregate amount of $8,500,000 plus any Taxes and Fees subsequently determined upon audit, or otherwise, to be owed for periods prior to the Petition Date.

3.      The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments.  The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Order.

4.      A final hearing on the relief sought in the Motion shall be conducted on _____, 2015 at _____ (ET).  The deadline by which objections to entry of the Proposed Final Order must be filed is _____, 2015 at 4:00 p.m. (ET).  If no objections to entry of the Proposed Final Order are timely filed, this Court may enter the Proposed Final Order without further notice or a hearing.

01:17643490.3

5.       Nothing in this Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates, (b) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates, or (c) shall be construed as a promise to pay a claim.

6.       Notwithstanding anything to the contrary in this Order, any payment made or to be made under this Order, and any authorization contained in this Order, shall be subject to the requirements imposed on the Debtors under any order(s) of this Court approving the Debtors' debtor in possession financing facility and the use of cash collateral and any budget in connection therewith.

7.       The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

8.       The requirements of Bankruptcy Rule 6003(b) are satisfied.

9.       Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

10.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  September _____, 2015
        Wilmington, Delaware

_____
United States Bankruptcy Judge

01:17643490.3

3

# **EXHIBIT B**

## **Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| HAGGEN HOLDINGS, LLC, *et al.,*[1] | ) Case No. 15-11874 (____) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |
|  | ) **Ref. Docket No. _____** |

**FINAL ORDER, PURSUANT TO SECTIONS 105(a), 363(b), 507(a)(8), 541, 1107(a)
AND 1108 OF THE BANKRUPTCY CODE, AUTHORIZING (I) THE DEBTORS
TO PAY CERTAIN PREPETITION TAXES AND FEES AND RELATED
OBLIGATIONS AND (II) BANKS TO HONOR AND PROCESS CHECK
AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of an order, pursuant to sections 105(a), 363(b), 507(a)(8), 541, 1107(a) and 1108 of the Bankruptcy Code, (i) authorizing, but not directing, the Debtors, in their discretion, to pay Taxes and Fees related to the period prior to the Petition Date, including Taxes and Fees subsequently determined upon audit, or otherwise, to be owed for periods prior to the Petition Date, to the Authorities, and (ii) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Haggen Holdings, LLC (7558), Haggen Operations Holdings, LLC (6341), Haggen Opco South, LLC (7257), Haggen Opco North, LLC (5028), Haggen Acquisition, LLC (7687), and Haggen, Inc. (4583).  The mailing address for each of the Debtors is 2211 Rimland Drive, Bellingham, WA 98226.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, in their discretion, to pay prepetition Taxes and Fees to the Authorities in the ordinary course of their business up to an aggregate amount of $11,000,000, plus any Taxes and Fees subsequently determined upon audit, or otherwise, to be owed for periods prior to the Petition Date.

3. The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Order.

4. Nothing in this Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates, (b) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity,

01:17643490.3

priority or amount of any claim against the Debtors and their estates, or (c) shall be construed as a promise to pay a claim.

5.      Notwithstanding anything to the contrary in this Order, any payment made or to be made under this Order, and any authorization contained in this Order, shall be subject to the requirements imposed on the Debtors under any order(s) of this Court approving the Debtors' debtor in possession financing facility and the use of cash collateral and any budget in connection therewith.

6.      The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

7.      The requirements of Bankruptcy Rule 6003(b) are satisfied.

8.      Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

9.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  _____, 2015
        Wilmington, Delaware
                                              _____

                                          United States Bankruptcy Judge