IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| HAGGEN HOLDINGS, LLC, *et al.*,[1] | ) ) ) | Case No. 15-11874 (KG) |
| Debtors. | ) ) ) | (Joint Administration Requested) |

**DECLARATION OF JONATHAN P GOULDING IN SUPPORT OF THE
MOTION OF DEBTORS FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING
THE DEBTOR LOAN PARTIES TO (A) OBTAIN POSTPETITION FINANCING AND
(B) UTILIZE CASH COLLATERAL OF PRE-PETITION SECURED PARTIES, (II)
GRANTING ADEQUATE PROTECTION, (III) MODIFYING THE AUTOMATIC
STAY, AND (IV) GRANTING RELATED RELIEF, PURSUANT TO 11 U.S.C.
SECTIONS 105, 361, 362, 363(C), (D) & (E), 364(C), 364(D)(1), 364(E) AND 507(B**

I, Jonathan P. Goulding, submit this declaration (the "**Declaration**") under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a Managing Director with Alvarez & Marsal North America, LLC (together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors, "**A&M**"), a restructuring advisory services firm with numerous offices throughout the country.

2. I received my bachelor's degree in chemical engineering from the University of Michigan in 1997. In addition, I am a Certified Insolvency and Restructuring Advisor (CIRA) and a Chartered Financial Analysis (CFA) charterholder.

3. I submit this Declaration in support of the *Debtors' Motion for Interim and Final Orders (I) Authorizing the Debtor Loan Parties to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral of the Pre-Petition Secured Parties (II) Granting Adequate Protection,*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Haggen Holdings, LLC (7558), Haggen Operations Holdings, LLC (6341), Haggen Opco South, LLC (7257), Haggen Opco North, LLC (5028), Haggen Acquisition, LLC (7687), and Haggen, Inc. (4583). The mailing address for each of the Debtors is 2211 Rimland Drive, Bellingham, WA 98226.

*(III) Modifying the Automatic Stay, and (IV) Granting Related Relief, Pursuant to 11 U.S.C. Sections 105, 105, 361, 362, 363(c), (d) &(e), 364(c), 364(d)(1), 364(e) and 507(b)* (the "**Motion**"),[2] filed concurrently herewith.

4. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances gleaned during the course of my engagement with the Debtors, my discussions with the Debtors' senior management team, other members of the A&M team, my review of relevant documents, or my opinion based upon experience. I am authorized to submit this Declaration. If called upon to testify, I could and would testify competently to the facts set forth herein.

5. Since A&M's engagement, A&M has provided general restructuring and financial advice to the Debtors. During the course of this engagement, A&M has worked closely with the Debtors' management and other retained professionals, and has become well-acquainted with the Debtors' business operations and capital structure.

## THE DEBTORS' NEED FOR FINANCING

6. In connection with its analysis of the Debtor Loan Parties' financing needs, A&M assisted the Debtor Loan Parties in developing a cash flow forecast, which takes into account anticipated cash receipts and disbursements. Based on the Debtor Loan Parties' forecast, without financing and access to cash collateral, the Debtor Loan Parties will not have sufficient cash to, among other things, pay employee wages in the ordinary course, make necessary payments to vendors and taxing authorities, honor customer programs or satisfy other working capital and operational needs during the projection period and beyond.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

## THE DEBTORS' EFFORTS TO OBTAIN POSTPETITION FINANCING

7. In light of the Debtor Loan Parties' liquidity situation, prior to the Petition Date, the Debtor Loan Parties, with the assistance of A&M, explored various avenues to obtain financing from their existing lenders and various third party financing sources. In particular, A&M, on behalf of the Debtor Loan Parties, contacted various third-party financing sources, to determine whether such parties had an interest in providing financing to the Debtor Loan Parties. Because the obligations owed by the Debtor Loan Parties to the Pre-Petition Lenders under the Credit Facility are secured by first priority liens on and security interests in all of the Debtor Loan Parties' assets, no other lender indicated that it would be willing to provide post-petition financing on more favorable terms than those provided in the DIP Facility. Accordingly, given the Debtor Loan Parties' capital structure, the Pre-Petition Lenders, in their capacity as the DIP Lenders, are the only source of viable post-petition financing.

## THE DIP FACILITY SHOULD BE APPROVED

8. Based on my experience and involvement in the negotiation of the DIP Facility, in my view, the negotiations with the DIP Lenders were conducted at arm's length and in good faith, and the DIP Financing Documents are the product of those extensive, arms' length negotiations. Additionally, based on my experience and review of comparable post-petition financing transactions, I believe that the financial terms set forth in the DIP Facility are fair, reasonable and adequate under the facts and circumstances of these cases. Further, given that the Pre-Petition Lenders have consented to the priming of their prepetition liens, which was conditioned upon the inclusion of all terms set forth in the DIP Financing Documents, I believe that the proposed adequate protection of the Prepetition Secured Parties' interests is reasonable under the facts and circumstances of these chapter 11 cases.

9. Based upon the foregoing and the facts and circumstances of these cases, I believe that the proposed DIP Facility is the best financing that is currently available to the Debtor Loan Parties, and the size of the proposed DIP Facility is both necessary and sufficient to meet the Debtors' immediate and projected liquidity needs. I believe that immediate availability of borrowings under the proposed DIP Facility upon the Interim Order, is critical to the Debtor Loan Parties' continued operation and their ability to operate in chapter 11.

I declare under penalty of perjury under the laws of the United States and the State of Delaware that the foregoing is true and correct.

Executed this 9th day of September, 2015, in Los Angeles, California.

__/s/ Jonathan P. Goulding__<br>Jonathan P. Goulding