IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HAGGEN HOLDINGS, LLC, *et al.*,[1] | ) Case No. 15-11874 (KG) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **Ref. Docket No. 3** |

**ORDER, PURSUANT TO 28 U.S.C. § 156(c), APPROVING THE
RETENTION AND APPOINTMENT OF KURTZMAN CARSON
CONSULTANTS LLC AS CLAIMS AND NOTICING AGENT FOR
THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE**

Upon consideration of the application (the "**Application**")[2] of Haggen Holdings, LLC and its above-captioned affiliated debtors and debtors in possession (collectively, the "**Debtors**") for the entry of an order, pursuant to 28 U.S.C. § 156(c), approving the Services Agreement and the Debtors' retention and employment of KCC as claims and noticing agent for the Debtors in these chapter 11 cases, effective as of the Petition Date; and upon consideration of the Application and all pleadings related thereto, including the Gershbein Declaration and the First Day Declaration; and due and proper notice of the Application having been given; and it appearing that no other or further notice of the Application is required; and it appearing that the Court has jurisdiction to consider the Application in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Haggen Holdings, LLC (7558), Haggen Operations Holdings, LLC (6341), Haggen Opco South, LLC (7257), Haggen Opco North, LLC (5028), Haggen Acquisition, LLC (7687), and Haggen, Inc. (4583). The mailing address for each of the Debtors is 2211 Rimland Drive, Bellingham, WA 98226.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

01:17632699.4

Application and provided for herein is in the best interest of the Debtors, their estates, and creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Application is granted as set forth herein.

2. Notwithstanding the terms of the Services Agreement, attached hereto as Exhibit 1, the Application is approved solely as set forth in this Order.

3. The Debtors are authorized to retain KCC effective as of the Petition Date, under the terms of the Services Agreement, and KCC is authorized and directed to perform the Claims and Noticing Services as described in the Application.

4. KCC shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these cases, if any, and is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

5. KCC is authorized and directed to obtain a post office box or address for the receipt of proofs of claim.

6. KCC is authorized to take such other action to comply with all duties set forth in the Application.

7. The Debtors are authorized to compensate KCC in accordance with the terms of the Services Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by KCC and the rates charged for each, and to reimburse KCC for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for KCC to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

8. KCC shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices on the Debtors, the U.S. Trustee, counsel for the Debtors, counsel for the Debtors' pre-petition and post-petition lenders, counsel for any official committee, and any party in interest who specifically requests service of the monthly invoices.

9. If any dispute arises relating to the Services Agreement or KCC's monthly invoices, the parties shall meet and confer in an attempt to resolve such dispute, and the parties may seek resolution of the matter from this Court if resolution is not achieved.

10. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, KCC's fees and expenses under this Order shall be an administrative expense of the Debtors' estates.

11. KCC may apply its retainer to all prepetition invoices, and thereafter, KCC may hold its retainer under the Services Agreement during these chapter 11 cases as security for the payment of fees and expenses incurred under the Services Agreement.

12. The Debtors shall indemnify KCC under the terms of the Services Agreement; *provided that* KCC shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Services Agreement for services other than the services provided under the Services Agreement, unless such services and the indemnification, contribution, or reimbursement therefore are approved by this Court. Notwithstanding any provision in the Services Agreement to the contrary, the liability of KCC shall not be limited to the total amount of fees billed or received by KCC.

13. Notwithstanding anything to the contrary in the Services Agreement, the Debtors shall have no obligation to indemnify KCC, or provide contribution or reimbursement to KCC, for any claim or expense that is: (a) judicially determined (the determination having

become final) to have arisen from KCC's gross negligence, willful misconduct, or fraud; (b) for a contractual dispute in which the Debtors allege the breach of KCC's contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (c) settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which KCC should not receive indemnity, contribution, or reimbursement under the terms of the Services Agreement as modified by this Order.

      14.    If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing these cases, KCC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Services Agreement (as modified by this Order), including without limitation the advancement of defense costs, KCC must file an application therefor in this Court, and the Debtors may not pay any such amounts to KCC before, after notice and a hearing, the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by KCC for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify KCC. All parties in interest shall retain the right to object to any demand by KCC for indemnification, contribution, or reimbursement.

15. The portion of paragraph II.E of the Services Agreement addressing late charges shall be null, void, and of no further force and effect for postpetition services rendered by KCC.

16. Article VIII of the Services Agreement shall be of no force and effect absent further order of this Court.

17. In the event KCC is unable to provide the services set out in this Order, KCC will immediately notify the Clerk and Debtors' counsel and cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and Debtors' counsel.

18. The Debtors may submit a separate retention application, pursuant to section 327 of the Bankruptcy Code and/or any applicable law, for work that is to be performed by KCC but is not specifically authorized by this Order.

19. KCC shall not cease providing claims processing services during any of these chapter 11 cases for any reason, including nonpayment, without an order of this Court.

20. KCC shall comply with all relevant statutory provisions and rules of procedure, including local rules of procedure, general orders and applicable guidelines.

21. Debtors' counsel shall notify both the Clerk's Office and KCC within seven (7) days of an order of dismissal or conversion of the chapter 11 cases.

22. At the end of the chapter 11 cases or upon termination of KCC's services, the Debtors or the trustee must obtain a termination order to terminate the services of KCC, which order may be submitted under certification of counsel. KCC is responsible for archiving the claims with the Federal Archives Record Administration, if applicable.

01:17632699.4

23. In the event of any inconsistency between the Services Agreement, the Application, and this Order, this Order shall govern.

24. Notice of the Application satisfies the requirements of Bankruptcy Rule 6004(a).

25. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

26. The Debtors and KCC are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

27. Notwithstanding any term in the Services Agreement to the contrary, this Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: September 10, 2015
Wilmington, Delaware

*[signature]*
Kevin Gross
United States Bankruptcy Judge

01:17632699.4