## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HAGGEN HOLDINGS, LLC, *et al.,*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-11874 (KG)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 10** |

### ORDER, PURSUANT TO SECTIONS 105(a), 345, 363 AND 503(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2015 AND LOCAL RULE 2015-2, (A) AUTHORIZING AND APPROVING (I) CONTINUED USE OF CASH MANAGEMENT SYSTEM AND (II) USE OF PREPETITION BANK ACCOUNTS AND BUSINESS FORMS, (B) AUTHORIZING BANKS PARTICIPATING IN THE CASH MANAGEMENT SYSTEM TO HONOR CERTAIN TRANSFERS AND CHARGE CERTAIN AMOUNTS, (C) WAIVING THE REQUIREMENTS OF SECTION 345(b) ON AN INTERIM BASIS, (D) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POST-PETITION INTERCOMPANY CLAIMS AND (E) GRANTING RELATED RELIEF

Upon consideration of the motion (the "**Motion**")[2] of Haggen Holdings, LLC and

its above-captioned affiliated debtors and debtors-in-possession (collectively, the "**Debtors**") for

the entry of an order, pursuant to sections 105(a), 345, 363 and 503(b) of the Bankruptcy Code,

Bankruptcy Rule 2015 and Local Rule 2015-2, (a) approving the Debtors' continued use of (i)

their current Cash Management System and (ii) the Debtors' existing bank accounts and business

forms, including, authorizing the Debtors to open and close bank accounts; (b) authorizing, but

not directing, all banks participating in the Cash Management System to honor certain transfers

and charge bank fees and certain other amounts; (c) authorizing the Debtors' deposit practices

and waiving the requirements of section 345(b) of the Bankruptcy Code in connection therewith

on an interim basis; (d) granting administrative expense status to post-petition intercompany

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Haggen Holdings, LLC (7558), Haggen Operations Holdings, LLC (6341), Haggen Opco South, LLC (7257), Haggen Opco North, LLC (5028), Haggen Acquisition, LLC (7687), and Haggen, Inc. (4583). The mailing address for each of the Debtors is 2211 Rimland Drive, Bellingham, WA 98226.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

claims and (e) granting related relief; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

      1.      The Motion is GRANTED as set forth herein.

      2.      The Debtors are authorized in the reasonable exercise of their business judgment, to: (i) designate, maintain and continue to use, with the same account numbers, all of their Bank Accounts in existence on the Petition Date (including, without limitation, those bank accounts identified on Exhibit 1 attached hereto); (ii) use, in their present form, any and all checks and other documents related to the Bank Accounts; (iii) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors-in-possession and to maintain and continue using these accounts in the same manner and with the same account numbers, styles, and document forms as used prior to the Petition Date; (iv) implement ordinary course changes to their Cash Management System; and (v) open new bank accounts or close any of the Bank Accounts as the Debtors may deem necessary and appropriate; provided, however, that prior to opening any new bank accounts or closing any of the Bank Accounts, the Debtors shall provide notice of the Debtors' intentions with respect thereto, within three (3) days, to (i) the Office of the United

States Trustee for the District of Delaware (the "**U.S. Trustee**"); (ii) DIP Agent[3]; and (iii) counsel for any official committee appointed in these cases; provided, further, however, that the Debtors shall only open any such new bank accounts at banks that have executed a Uniform Depository Agreement (a "**UDA**") with the U.S. Trustee, or at such banks that are willing to immediately execute such an agreement.

3.    Subject to the protections provided to the Banks in Paragraph 6 of this Order, the Banks are authorized, but not directed, to continue to service and administer the Bank Accounts as accounts of the applicable Debtor as debtor-in-possession without interruption, and in the ordinary course in a manner consistent with any agreements between the Bank and the applicable Debtor that existed prior to the Petition Date, and to receive, process, honor and pay any and all checks, drafts, wires, ACH Transfers or other electronic transfer requests issued, payable through, or drawn on, or electronic transfer requests made on, the Bank Accounts after the Petition Date by the holders or makers thereof or other parties entitled to issue instructions with respect thereto, as the case may be; provided, however, that no checks issued against the Bank Accounts prior to the commencement of these chapter 11 cases shall be honored, except as otherwise authorized by an order of this Court and directed by the Debtors.

4.    Subject to the protections provided to the Banks in Paragraph 6 of this Order, except for those that comply with an order of this Court authorizing payment of certain prepetition claims, no checks, drafts, wires, or other electronic transfer requests drawn, issued, or requested on the Bank Accounts before the Petition Date but presented for payment after the Petition Date shall be honored or paid.

---

[3]  As defined in the *Debtors' Motion For Order (i) Authorizing Post-Petition Financing, (ii) Granting Liens and Providing Superpriority Administrative Expense Priority, (iii) Authorizing Use Of Cash Collateral And Providing for Adequate Protection, and (iv) Modifying the Automatic Stay, Pursuant to Sections 105, 361, 362, 363, 364 and 507(b) of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, and 9014.*

5.      The operation of the Cash Management System in accordance with the Debtors' normal and customary practice may be continued on and after the Petition Date.

6.      The Banks are authorized, but not directed, to accept and honor all representations from the Debtors as to which checks, drafts, wires or ACH Transfers should be honored or dishonored consistent with any order of this Court and governing law, whether such checks, drafts, wires or ACH Transfers are dated prior to, on, or subsequent to the Petition Date. The Banks shall not be liable to any party on account of: (i) following the Debtors' instructions or representations as to any order of this Court; (ii) the honoring of any prepetition check or item in a good faith belief that the Court has authorized such prepetition check or item to be honored; or (iii) an innocent mistake made despite implementation of reasonable item-handling procedures.

7.      Wells Fargo is authorized to debit the Debtors' accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks, items, and other payment orders drawn on the Debtors' accounts which are cashed at Wells Fargo's counters or exchanged for cashier's checks by the payees thereof prior to Wells Fargo's receipt of notice of the filing of the Debtors' chapter 11 petitions commencing these chapter 11 cases (collectively, the "**Petitions**"); (ii) all checks, automated clearing house entries, and other items deposited or credited to one of the Debtors' accounts with Wells Fargo prior to the filing of the Petitions which have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent that the Debtors were responsible for such items prior to the filing of the Petitions; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to Wells Fargo as service charges for the maintenance of the Cash Management System.

8.     The Debtors are authorized to continue to use all their checks, correspondence and Business Forms existing immediately before the Petition Date without reference to the Debtors' status as debtors-in-possession; provided, however, that upon the depletion of any pre-printed check stock and other business forms, the Debtors will obtain new check stock and business forms reflecting their status as debtors-in-possession; provided, further, however, that with respect to checks which the Debtors or their agents print themselves, the Debtors shall begin printing on such checks "Debtor-in-Possession" and, to the extent that there is sufficient space on such checks, the corresponding bankruptcy case number, within ten (10) days of the date of the entry of this Order.

9.     For the Banks at which the Debtors hold Bank Accounts that are party to a UDA with the U.S. Trustee, within fifteen (15) days of the date of entry of this Order, the Debtors shall:  (i) contact each Bank; (ii) provide such Bank with each of the Debtors' employer identification numbers; (iii) identify each of their Bank Accounts being held at such Banks as being held by a debtor-in-possession in a bankruptcy case; and (iv) provide the bankruptcy case number.

10.     With regard to Banks that are not a party to a UDA with the U.S. Trustee, within thirty (30) days from the date of the entry of this Order, the Debtors shall use their good-faith efforts to cause the bank to execute a UDA in a form prescribed by the U.S. Trustee. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a UDA in a form prescribed by the U.S. Trustee are fully reserved.

11.     The requirements of section 345(b) of the Bankruptcy Code are waived on an interim basis for a period of thirty (30) days from the Petition Date, such that the Debtors are

hereby permitted to maintain their deposits in their Bank Accounts in accordance with their existing deposit practices. This Order shall be without prejudice to the Debtors' rights to seek a further interim waiver from this Court of such requirements or to seek approval from this Court to deviate from such requirements on a final basis.

12.     The Banks are hereby authorized to debit from the Bank Accounts ordinary course of business Bank Fees and charges without further order of this Court, provided that such fees and charges are authorized under the applicable account agreement with the Debtors, and provided further that nothing set forth herein shall authorize any of the Banks to debit any claim or charges not in the ordinary course of business and not permitted under the applicable account agreements.

13.     Within three (3) business days from the date of the entry of this Order, the Debtors shall (i) serve a copy of this Order on each Bank and (ii) request that each Bank internally code each of the Bank Accounts as "debtor-in-possession" accounts.

14.     The Debtors are authorized on and after the Petition Date to engage in Intercompany Transfers in a manner consistent with their practices prior to the Petition Date; provided, however, that the Debtors may not make any intercompany transfers to non-debtor affiliates or subsidiaries absent further order of this Court. Intercompany Claims are hereby granted administrative expense status pursuant to section 503(b)(1) of the Bankruptcy Code.

15.     The Debtors shall, in the ordinary course of business, maintain accurate and detailed records of all transfers, including Intercompany Transfers, so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between pre-petition and post-petition transactions.

16.      Nothing in this Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates, (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates or (c) shall be construed as a promise to pay a claim.

17.      Notwithstanding the Debtors' authorized use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each particular Debtor, regardless of which Debtor remits payment for those disbursements.

18.      The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

19.      The requirements of Bankruptcy Rule 6003(b) are satisfied.

20.      Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

21.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:    September 10, 2015
          Wilmington, Delaware

Kevin Gross
United States Bankruptcy Judge

7