# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HAGGEN HOLDINGS, LLC, *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 15-11874 (KG)<br>)<br>) (Jointly Administered)<br>)<br>) **Ref. Docket No. 11** |

**INTERIM ORDER, PURSUANT TO SECTIONS 105(a), 363(b), 503(b), 1107(a) AND 1108 OF THE BANKRUPTCY CODE, (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS (A) ARISING UNDER THE PERISHABLE AGRICULTURAL COMMODITIES ACT AND THE PACKERS AND STOCKYARDS ACT OF 1921, (B) OF LIEN VENDORS, AND (C) OF CRITICAL VENDORS AND SERVICE PROVIDERS, (II) AUTHORIZING BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO, AND (III) GRANTING CERTAIN RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of interim and final orders, pursuant to sections 105(a), 363(b), 503(b), 1107(a) and 1108 of title 11 of the Bankruptcy Code, (i) authorizing, but not directing, the Debtors, in their discretion, to pay, in the ordinary course of business, (a) PACA/PASA Claims, (b) Lien Claims, and (c) Critical Vendor Claims, and (ii) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Haggen Holdings, LLC (7558), Haggen Operations Holdings, LLC (6341), Haggen Opco South, LLC (7257), Haggen Opco North, LLC (5028), Haggen Acquisition, LLC (7687), and Haggen, Inc. (4583). The mailing address for each of the Debtors is 2211 Rimland Drive, Bellingham, WA 98226.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

01:17643491.6

Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are authorized, but not directed, in their discretion, to pay, honor or otherwise satisfy PACA/PASA Claims in the ordinary course of their business up to an aggregate amount of $5,200,000. Any PACA/PASA Vendor which accepts payment from the Debtors in satisfaction of its valid PACA/PASA Claim will be deemed to have waived any and all claims of whatever type, kind, or priority, against the Debtors, their property, their estates, and any PACA Trust Assets or PASA Trust Assets, as applicable, but only to the extent that payment has been received by such PACA/PASA Vendor on account of its PACA/PASA Claim.

3. The Debtors are authorized, but not directed, in their discretion, to pay, honor or otherwise satisfy Lien Claims in the ordinary course of their business up to an aggregate amount of $6,000,000.

4. The Debtors are authorized, but not directed, in their discretion, to pay, honor or otherwise satisfy Critical Vendor Claims in the ordinary course of their business up to an aggregate amount of $15,000,000.

5. The Debtors are authorized, but not directed, in their discretion, to condition the payment of a Vendor Claim on the agreement of the Vendor to continue supplying goods and services to the Debtors on the Customary Trade Terms, or such other trade terms as are agreed to by the Debtors and the Vendor.

6. The Debtors are authorized, but not directed, in their discretion, to enter into Trade Agreements with the Vendors, including, without limitation, on the following terms:

a. The amount of the Vendor's estimated pre-petition claim, after accounting for any setoffs, other credits and discounts thereto, shall be as mutually determined in good faith by the Vendor and the Debtors (but such amount shall be used only for purposes of this Order and shall not be deemed a claim allowed by this Court, and the rights of all parties in interest to object to such claim shall be fully preserved until further order of this Court);

b. The amount and timing of any payment agreed to be paid in satisfaction of such estimated pre-petition claim by the Debtors, subject to the terms and conditions as set forth in this Order;

c. The Vendor's agreement to provide goods and services to the Debtors based upon the Customary Trade Terms (including, but not limited to, credit limits, pricing, cash discounts, timing of payments, allowances, rebates, normal product mix and availability and other applicable terms and programs), or such other trade terms as are agreed to by the Debtors and the Vendor, and the Debtors' agreement to pay the Vendor in accordance with such terms;

d. The Vendor's agreement not to file or otherwise assert against any of the Debtors, their estates or any of their respective assets or property (real or personal) any lien (a "**Lien**") (regardless of the statute or other legal authority upon which such Lien is asserted) related in any way to any remaining pre-petition amounts allegedly owed to the Vendor by the Debtors arising from goods and services provided to the Debtors prior to the Petition Date, and that, to the extent that the Vendor has previously obtained such a Lien, the Vendor shall immediately take all necessary actions to release such Lien;

e. The Vendor's acknowledgment that it has reviewed the terms and provisions of this Order and consents to be bound thereby;

f. The Vendor's agreement that it will not separately assert or otherwise seek payment of any reclamation claims; and

g. If a Vendor which has received payment of a pre-petition claim subsequently refuses to provide goods and services to the Debtors on Customary Trade Terms or such other trade terms as are agreed to by the Debtors and the Vendor, then, without the need for any further order of this Court, any payments received by the Vendor on account of such pre-petition claim shall be deemed to have been in payment of any then outstanding post-petition obligations owed to such Vendor, and the Debtors are authorized to seek (including through emergency relief from this Court) to recover any payments received by such Vendor on account of its pre-petition claim to the extent that the aggregate amount of such payments exceed the post-petition obligations then outstanding to such Vendor, without the right of setoff, recoupment or reclamation, and the Vendor's pre-petition claim shall be reinstated as a pre-petition claim in

01:17643491.6

these chapter 11 cases and subject to the terms of any bar date order entered in these chapter 11 cases.

7. The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Order.

8. A final hearing on the relief sought in the Motion shall be conducted on October 5, 2015 at 11:00 A.M.(ET). The deadline by which objections to entry of the Proposed Final Order must be filed is September 28, 2015 at 4:00 p.m. (ET). If no objections to entry of the Proposed Final Order are timely filed, this Court may enter the Proposed Final Order without further notice or a hearing.

9. Nothing in this Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates, (b) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates, or (c) shall be construed as a promise to pay a claim.

10. Notwithstanding anything to the contrary in this Order, any payment made or to be made under this Order, and any authorization contained in this Order, shall be subject to

01:17643491.6

the requirements imposed on the Debtors under any order(s) of this Court approving the Debtors' debtor in possession financing facility and the use of cash collateral and any budget in connection therewith.

11. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

12. The requirements of Bankruptcy Rule 6003(b) are satisfied.

13. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: September 10, 2015
       Wilmington, Delaware

                                             Kevin Gross
                                             United States Bankruptcy Judge

15. Prior to making any payments pursuant to this Order, the Debtors shall provide notice to and consult with the agent under the DIP Facility (as defined in the First Day Declaration).

01:17643491.6

5