# **EXHIBIT 1**

**Proposed Order**

01:17660717.3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HAGGEN HOLDINGS, LLC, *et al.*,[1] | ) Case No. 15-11874 (KG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Ref. Docket Nos. 12, 34 and _____** |

**ORDER (1) AUTHORIZING THE OPERATING DEBTORS TO CONTINUE
THE STORE CLOSING SALES IN ACCORDANCE WITH THE AGREEMENT
AND (2) SCHEDULING INTERIM HEARING WITH RESPECT TO EMERGENCY
MOTION FOR INTERIM AND FINAL ORDERS: (I) AUTHORIZING THE DEBTORS
TO ASSUME THE DISPOSITION AGREEMENT; (II) AUTHORIZING AND
APPROVING THE CONDUCT OF STORE CLOSING OR SIMILAR THEMED SALES,
WITH SUCH SALES TO BE FREE AND CLEAR OF ALL LIENS, CLAIMS
AND ENCUMBRANCES; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the *Emergency Motion for Interim and Final Orders: (I) Authorizing the Debtors to Assume the Consulting Agreement; (II) Authorizing and Approving the Conduct of Store Closing or Similar Themed Sales, with Such Sales to be Free and Clear of All Liens, Claims and Encumbrances; and (III) Granting Related Relief* [Docket No. 12] (the "**Motion**");[2] and a hearing (the "**First Day Hearing**") on the Motion solely as it pertains to the Debtors' request for this Court's entry of the Interim Order having been held before this Court on September 10, 2015, and for the reasons set forth on the record at the First Day Hearing, **IT IS HEREBY ORDERED THAT:**

1. On September 24, 2015 at 1:00 p.m. (prevailing Eastern Time), a hearing (the "**Interim Hearing**") shall be held before this Court to consider entry of the Interim Order.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Haggen Holdings, LLC (7558), Haggen Operations Holdings, LLC (6341), Haggen Opco South, LLC (7257), Haggen Opco North, LLC (5028), Haggen Acquisition, LLC (7687), and Haggen, Inc. (4583). The mailing address for each of the Debtors is 2211 Rimland Drive, Bellingham, WA 98226.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

01:17664696.3

All objections, if any, to the Court's entry of the Interim Order shall be in writing and filed with this Court and served on counsel for the Debtors, any duly appointed committee in these chapter 11 cases, and the Agent, so as to be received on or before September 21, 2015 at 4:00 p.m. (prevailing Eastern Time).  If no objections to this Court's entry of the Interim Order are timely filed, this Court may enter the Interim Order without further notice or a hearing.

2. The Operating Debtors and the Agent are authorized to immediately continue and conduct Store Closing Sales at the Closing Stores in accordance with the Agreement to the extent authorized by the Court at the First Day Hearing, and for the avoidance of doubt, nothing in this Order is intended or shall be deemed to approve the Sale Guidelines.

3. On or before September 14, 2015, the Debtors shall serve copies of (a) this Order, (b) the Motion and (c) the *Notice of Filing of Exhibit In Connection with Emergency Motion for Interim and Final Orders: (I) Authorizing the Debtors to Assume the Consulting Agreement; (II) Authorizing and Approving the Conduct of Store Closing or Similar Themed Sales, with Such Sales to be Free and Clear of All Liens, Claims and Encumbrances; and (III) Granting Related Relief* [Docket No. 34] via e-mail, facsimile or regular mail, on:  (i) the Attorney General's office for each state where the Store Closing Sales are being held; (ii)  the county consumer protection agency or similar agency for each county where the Store Closing Sales are being held; (iii) the division of consumer protection for each state where the Store Closing Sales are being held; (iv) the chief legal counsel for the local jurisdiction; and (v) the Debtors' landlords of the Closing Stores.

4. The Agent and the Debtors' landlords for the Closing Stores are authorized to enter into letter agreements governing the conduct of the Store Closing Sales at each such landlord's Closing Store without further order of this Court.

5. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: September _____, 2015
       Wilmington, Delaware

_____
Kevin Gross
United States Bankruptcy Judge