## EXHIBIT A

**Rejection Notice**

01:17675026.4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HAGGEN HOLDINGS, LLC, *et al.,*[1] | ) | Case No. 15-11874 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**NOTICE OF REJECTION OF EXECUTORY CONTRACT**
**AND/OR UNEXPIRED LEASE**

**PLEASE TAKE NOTICE** that, on [__], 2015, the United States Bankruptcy

Court for the District of Delaware (the "**Bankruptcy Court**") entered the order [Docket No.

[___]] (the "**Order**") on the motion, dated September 14, 2015 (the "**Motion**"),[2] of Haggen

Holdings, LLC and its above-captioned affiliated debtors and debtors in possession (collectively,

the "**Debtors**") for entry of an order, pursuant to sections 105, 365 and 554 of title 11 of the

United States Code and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure,

authorizing and approving procedures for the Debtors to reject executory contracts (the

"**Contracts**") and unexpired leases (the "**Leases**").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order,

the Bankruptcy Court among other things authorized and approved procedures (the "**Rejection**

**Procedures**") for the Debtors to reject Contracts and/or Leases.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order,

the Debtors hereby provide notice (this "**Rejection Notice**") of their intent to reject the

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Haggen Holdings, LLC (7558), Haggen Operations Holdings, LLC (6341), Haggen Opco South, LLC (7257), Haggen Opco North, LLC (5028), Haggen Acquisition, LLC (7687), and Haggen, Inc. (4583).  The mailing address for each of the Debtors is 2211 Rimland Drive, Bellingham, WA 98226.

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

01:17675026.4

Contract(s) and/or Lease(s) as set forth on Exhibit 1 attached hereto, effective as of the date set forth for each such Contract or Lease on Exhibit 1 (the "**Rejection Date**").

PLEASE TAKE FURTHER NOTICE that, should you object to the Debtors' rejection of the Contract(s) and/or Lease(s), you must file and serve a written objection (an "**Objection**") so that such objection is filed with this Court and is actually received by the following parties (collectively, the "**Objection Notice Parties**") no later than ten (10) calendar days after the date the Debtors filed this Notice of Rejection of Executory Contract and/or Unexpired Lease (the "**Response Deadline**"): (i) co-counsel to the Debtors, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038, Attn: Frank A. Merola and Sayan Bhattacharyya, and (B) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Matthew B. Lunn; (ii) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Timothy J. Fox, Jr. Esq.; (iii) counsel to the agent for the Debtors' prepetition secured revolving line of credit facility, "swing loan" facility and postpetition secured loan facility: Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19801, Attn: Regina Stango Kelbon; (iv) counsel to any committee appointed in these Chapter 11 Cases; and (v) any Counterparty to the affected Contract or Lease. Any Objection must state with specificity the ground for objecting to the proposed Contract or Lease rejection.

PLEASE TAKE FURTHER NOTICE that, absent an objection being filed by the Response Deadline in compliance with the Rejection Procedures, the rejection of such Contract(s) and/or Lease(s) shall become effective on the Rejection Date without further notice or hearing unless the Debtors withdraw this Rejection Notice on or prior to the Response Deadline.

01:17675026.4

**PLEASE TAKE FURTHER NOTICE** that, if a timely objection is filed that cannot be resolved, the Debtors shall file a notice of hearing to consider the unresolved objection.  If such objection is overruled or withdrawn, such Contract(s) and/or Lease(s) shall be rejected as of the Rejection Date or such other date as the Debtors and the counterparty to such Contract or Lease have agreed.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, if the Debtors have deposited funds with a Counterparty as a security deposit or other arrangement, such Counterparty may not setoff or otherwise use such deposit without the prior authority of the Bankruptcy Court or agreement of the Debtors.

**PLEASE TAKE FURTHER NOTICE** that, the counterparty to a Contract or Lease that is rejected pursuant to the Rejection Procedures is required to file a proof of claim for damages relating to the rejection of such Contract or Lease, if any, by the later of (i) 30 days after the Response Deadline, and (ii) any applicable claims bar date established in these Chapter 11 Cases.  If no proof of claim is timely filed, such Counterparty shall be barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with these Chapter 11 Cases.

01:17675026.4

Dated: [_____], 2015
     Wilmington, Delaware

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Matthew B. Lunn (No. 4119)
Robert F. Poppiti, Jr. (No. 5052)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1256

-and-

STROOCK & STROOCK & LAVAN LLP
Frank A. Merola (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
Matthew G. Garofalo (admitted *pro hac vice*)
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*PROPOSED COUNSEL TO THE DEBTORS
AND DEBTORS-IN-POSSESSION*

01:17675026.4

4

**EXHIBIT 1**

01:17675026.4

# EXHIBIT B

## Form Rejection Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HAGGEN HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 15-11875 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Ref. Docket No. _____** |

**ORDER APPROVING REJECTION OF EXECUTORY**
**CONTRACT AND/OR UNEXPIRED LEASE**

Pursuant to that certain *Order, Pursuant to Sections 105(a), 365(a) and 554 of the Bankruptcy Code, and Bankruptcy Rules 6006 and 9014, Authorizing and Approving Procedures for Rejection of Executory Contracts and Unexpired Leases* [Docket No. _____] (the "**Procedures Order**");[2] and upon consideration of the certification of counsel submitted by Debtors' counsel; and due and proper notice of this matter having been given; and it appearing that no other or further notice is required; it appearing that the Court has jurisdiction over this matter in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this matter is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having properly filed and served a Rejection Notice in accordance with the terms of the Procedures Order with respect to the Leases or Contracts listed on Exhibit 1 attached hereto; and no timely objections having been filed with respect to those Leases or Contracts in accordance with the

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Haggen Holdings, LLC (7558), Haggen Operations Holdings, LLC (6341), Haggen Opco South, LLC (7257), Haggen Opco North, LLC (5028), Haggen Acquisition, LLC (7687), and Haggen, Inc. (4583).  The mailing address for each of the Debtors is 2211 Rimland Drive, Bellingham, WA 98226.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Procedures Order.

01:17675026.4

Procedures Order; and it appearing that the relief requested herein is in the best interest of the Debtors, their estates, and creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Leases or Contracts listed on <u>Exhibit 1</u> are rejected effective as of the dates set forth on <u>Exhibit 1</u> (the "**Rejection Date**").

2. Any claims relating to the rejection of the Leases or Contracts listed on <u>Exhibit 1</u> must be filed on or before the later of (i) 30 days after the Rejection Date, and (ii) any applicable claims bar date established in these Chapter 11 Cases.

3. The Debtors are authorized, in their sole discretion, to abandon any personal property or furniture, fixtures and equipment of the Debtors remaining on the premises of any rejected Real Property Leases identified on <u>Exhibit 1</u> (the "**Remaining Property**"). Any such property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, where is, effective as of the Rejection Date of the underlying Real Property Lease. The counterparties to the Real Property Leases listed on <u>Exhibit 1</u> are each authorized, but not directed, to dispose of any Remaining Property that remains on the subject premises without liability to any party; <u>provided,</u> <u>however</u>, that nothing herein shall authorize any such counterparty to dispose of personal property belonging to any sublessee that currently occupies the subject premises.

4. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

01:17675026.4

3

5.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2015
          Wilmington, Delaware

_____
Kevin Gross
United States Bankruptcy Judge

01:17675026.4

3

## EXHIBIT C

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|   |   |   |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| HAGGEN HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 15-11874 (KG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Ref. Docket No. _____** |
|  | ) |  |

**ORDER, PURSUANT TO SECTIONS 105, 365(a) AND 554 OF THE
BANKRUPTCY CODE, AND BANKRUPTCY RULES 6006 AND 9014,
AUTHORIZING AND APPROVING PROCEDURES FOR REJECTION
<u>OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES</u>**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order, pursuant to

sections 105, 365 and 554 of title 11 of the United States Code (the "**Bankruptcy Code**") and

Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"),

authorizing and approving procedures for the Debtors to reject executory contracts (the

"**Contracts**") and unexpired leases (the "**Leases**"), as more fully set forth in the Motion; and

upon consideration of the Motion and all pleadings related thereto; and the Court having

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334

and the Amended Standing Order; and consideration of the Motion and the relief requested

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this

district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion

having been given under the particular circumstances; and it appearing that no other or further

notice is necessary; and it appearing that the relief requested in the Motion is in the best interests

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Haggen Holdings, LLC (7558), Haggen Operations Holdings, LLC (6341), Haggen Opco South, LLC (7257), Haggen Opco North, LLC (5028), Haggen Acquisition, LLC (7687), and Haggen, Inc. (4583).  The mailing address for each of the Debtors is 2211 Rimland Drive, Bellingham, WA 98226.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

01:17675026.4

of the Debtors, their estates, their creditors, and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all the proceedings had before the Court; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1. The Motion is GRANTED as set forth herein.

2. The following procedures (the "**Rejection Procedures**") are authorized and approved in connection with the rejection of any Contract or Lease of the Debtors during the Chapter 11 Cases as follows:

(a) Rejection Notice: The Debtors will file a notice to reject any Contract or Lease, pursuant to section 365 of the Bankruptcy Code (the "**Rejection Notice**"), which shall be substantially in the form of Exhibit A attached to the Motion.  With respect to Contracts or Leases other than Leases of real property (the "**Real Property Leases**" and Leases other than Real Property Leases, "**Personal Property Leases**"), the Rejection Notice shall set forth the following information, to the best of the Debtors' knowledge, as applicable: (i) the Contract(s) or Personal Property Lease(s) that the Debtors seek to reject; (ii) the name(s) and address(es) of the counterparties to such Contract(s) or Personal Property Lease(s) (the "**Contract  Counterparty**"); (iii) a short description of the type of Contract(s) or Personal Property Lease(s); (iv) the proposed effective date of the rejection for each such Contract(s) or Personal Property Lease(s), which date may not be before the date of filing of the Rejection Notice (the "**Contract Rejection Date**").  With respect to Real Property Leases, the Rejection Notice shall set forth the following information, to the best of the Debtors' knowledge, as applicable: (i) the street address of the applicable real property; (ii) the name and address of the landlord (the "**Landlord**" and, together with the Contract Counterparty, the "**Counterparty**"); (iii) the date on which the Debtors will vacate (or have vacated) the premises; and (iv) the proposed effective date of the rejection for each such Real Property Lease(s), which shall be the later of (x) the date of filing of the Rejection Notice and (y) the date the Debtors vacate the premises and turn over keys, key codes, and security codes, if any, to the affected Landlord (together with the Contract Rejection Date, the "**Rejection Date**").

(b)     Service of the Rejection Notice: The Debtors will cause the Rejection Notice to be served by overnight delivery upon the following parties (the "**Rejection Notice Parties**"): (i) the Counterparty to the Contract or Lease, as applicable (and its counsel, if known), at the last known address available to the Debtors; (ii) with respect to Real Property Leases, any known third party having an interest in personal property located at the leased premises; (iii) any party known to assert a lien in any property subject to the rejected Contract or Lease; (iv) the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Timothy J. Fox, Jr. Esq. (the "**U.S. Trustee**"); (v) counsel to the agent for the Debtors' prepetition secured revolving line of credit facility, "swing loan" facility and postpetition secured loan facility: Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19801, Attn: Regina Stango Kelbon; (vi) the lenders for the Debtors' prepetition secured subordinated loan, (A) Haggen Property North, LLC, 2211 Rimland Drive, Bellingham, WA 98226 and (B) Haggen Property South, LLC, 2211 Rimland Drive, Bellingham, WA 98226; and (vii) counsel to any committee appointed in these Chapter 11 Cases, advising such parties of the Debtors' intent to reject the specified Contract(s) and/or Lease(s), as well as the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).

(c)     Objection Procedures: Should a party in interest object to the proposed rejection by the Debtors of a Contract or Lease, such party must file and serve a written objection (an "**Objection**") so that such objection is filed with this Court and is actually received by the following parties (the "**Objection Notice Parties**") no later than ten (10) calendar days after the date the Rejection Notice is filed: (i) co-counsel to the Debtors, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038, Attn: Frank A. Merola and Sayan Bhattacharyya, and (B) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Matthew B. Lunn; (ii) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Timothy J. Fox, Jr. Esq.; (iii) counsel to the agent for the Debtors' prepetition secured revolving line of credit facility, "swing loan" facility and postpetition secured loan facility: Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19801, Attn: Regina Stango Kelbon; (iv) counsel to any committee appointed in these Chapter 11 Cases; and (v) any Counterparty to the affected Contract or Lease.  Each Objection must state with specificity the ground for objecting to the proposed Contract or Lease rejection.

(d)     Event of No Objection: Absent an objection being filed in

01:17675026.4

3

compliance with subparagraph (c) of this paragraph within ten (10) calendar days after the date the Rejection Notice is filed, the rejection of such Contract(s) or Lease(s) shall be effective as of the Rejection Date, without further notice or hearing unless the Debtors withdraw such Rejection Notice on or prior to the Rejection Date, and the Debtors shall be permitted to submit to the Court, under certification of counsel, an order substantially in the form of Exhibit B attached to the Motion authorizing such rejection.  Upon the Rejection Date, any personal property or furniture, fixtures and equipment of the Debtors remaining on the premises of a rejected Real Property Lease (the "**Remaining Property**") shall be deemed abandoned by the Debtors and the Landlords may dispose of any Remaining Property, in their sole discretion, free and clear of all liens, claims, encumbrances and interests, and without any liability to the Debtors and without waiver of any claim the Landlords may have against the Debtors.

(e)     Unresolved Objections: If a timely objection is filed that cannot be resolved, the Debtors shall file a notice of hearing to consider the unresolved objection.  If such objection is overruled or withdrawn, such Contract or Lease shall be rejected with the effective date of rejection to be the Rejection Date or such other dates as the Debtors and the Counterparty(s) have agreed.

(f)     Rejection Damages Proofs of Claim: Each Counterparty to a Contract and/or Lease that is rejected pursuant to the Rejection Procedures is required to file a proof of claim relating to the rejection of such Contract and/or Lease, if any, by the later of (i) 30 days after the Rejection Date, and (ii) any applicable claims bar date established in these Chapter 11 Cases.  If no proof of claim is timely filed, such Counterparty shall be barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with these Chapter 11 Cases.

(g)     Treatment of Security Deposits. If the Debtors have deposited funds with a Counterparty as a security deposit or other arrangement, such Counterparty may not setoff or otherwise use such deposit without the prior authority of this Court or agreement of the Debtors.

3.     The form of Rejection Notice and form of Rejection Order attached to the Motion as Exhibit A and Exhibit B, respectively, are hereby approved.  The Debtors are authorized and empowered to execute and deliver all instruments and documents, and take such

01:17675026.4

4

other actions as may be necessary or appropriate to implement and effectuate the Rejection Procedures.

4.    The Debtors are authorized to send the Rejection Notices to the Counterparties of the Contracts and Leases.

5.    Nothing in the Motion or Order shall be deemed to constitute the postpetition assumption or rejection of any executory contract or unexpired lease.

6.    The Debtors reserve all rights to contest any rejection claims and/or the characterization of any contract as an executory contract or lease as an unexpired lease.

7.    The Debtors do not waive any claims they may have against Counterparties regardless of whether such claims relate to the Contracts and Leases.

8.    Nothing herein shall be construed as a concession or evidence that a Contract or Lease has expired, been terminated or is otherwise not currently in full force and effect. The Debtors' rights with respect thereto are reserved, including their right to seek a later determination of such matters and to dispute the validity, status, characterization or enforceability of such Contract or Lease or any claims related thereto.

9.    Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an admission that any particular claim is of a type specified or defined hereunder; (e) a request or authorization to assume any executory contract or unexpired lease; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law, pursuant to section 365 of the Bankruptcy Code.

10.    Notwithstanding the relief granted herein and any actions taken pursuant

01:17675026.4

5

hereto, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person or entity.

11.     Approval of the Rejection Procedures and this Order will not prevent the Debtors from seeking to reject or assume any Contract or Lease by separate motion.  Moreover, approval of the Rejection Procedures and this Order is without prejudice to the Debtors' right to seek further, other or different relief regarding any Contract or Lease.

12.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated:   October _____, 2015
         Wilmington, Delaware

_____
Kevin Gross
United States Bankruptcy Judge

01:17675026.4