## EXHIBIT A

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>HAGGEN HOLDINGS, LLC, *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 15-11874 (KG)<br><br>(Jointly Administered)<br><br>**Ref. Docket Nos. 76 and \_\_\_\_** |

**ORDER, PURSUANT TO SECTIONS 105, 365(a) AND 554 OF THE
BANKRUPTCY CODE, AND BANKRUPTCY RULES 6006 AND 9014,
AUTHORIZING AND APPROVING PROCEDURES FOR REJECTION
OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order, pursuant to sections 105, 365 and 554 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing and approving procedures for the Debtors to reject executory contracts (the "**Contracts**") and unexpired leases (the "**Leases**"), as more fully set forth in the Motion; and upon consideration of the Motion and all pleadings related thereto; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Amended Standing Order; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Haggen Holdings, LLC (7558), Haggen Operations Holdings, LLC (6341), Haggen Opco South, LLC (7257), Haggen Opco North, LLC (5028), Haggen Acquisition, LLC (7687), and Haggen, Inc. (4583). The mailing address for each of the Debtors is 2211 Rimland Drive, Bellingham, WA 98226.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

01:17675026.6

of the Debtors, their estates, their creditors, and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all the proceedings had before the Court; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1. The Motion is GRANTED as set forth herein.

2. The following procedures (the "**Rejection Procedures**") are authorized and approved in connection with the rejection of any Contract or Lease of the Debtors during the Chapter 11 Cases as follows:

> (a) Rejection Notice: The Debtors will file a notice to reject any Contract or Lease, pursuant to section 365 of the Bankruptcy Code (the "**Rejection Notice**"), which shall be substantially in the form of Exhibit A attached to the Motion. With respect to Contracts or Leases other than Leases of real property (the "**Real Property Leases**" and Leases other than Real Property Leases, "**Personal Property Leases**"), the Rejection Notice shall set forth the following information, to the best of the Debtors' knowledge, as applicable: (i) the Contract(s) or Personal Property Lease(s) that the Debtors seek to reject; (ii) the name(s) and address(es) of the counterparties to such Contract(s) or Personal Property Lease(s) (the "**Contract Counterparty**"); (iii) a short description of the type of Contract(s) or Personal Property Lease(s); (iv) the proposed effective date of the rejection for each such Contract(s) or Personal Property Lease(s), which date may not be before the date of filing of the Rejection Notice (the "**Contract Rejection Date**"). With respect to Real Property Leases, the Rejection Notice shall set forth the following information, to the best of the Debtors' knowledge, as applicable: (i) the street address of the applicable real property; (ii) the name and address of the landlord (the "**Landlord**" and, together with the Contract Counterparty, the "**Counterparty**"); (iii) whether the premises are subject in whole or in part to any sublease or license granted by a Debtor and the identity of any subtenant or licensee; (iv) the date on which the Debtors will vacate (or have vacated) the premises; and (v) the proposed effective date of the rejection for each such Real Property Lease(s), which shall be the later of (x) the date of filing of the Rejection Notice and (y) the date the Debtors vacate the premises

and turn over keys, key codes, and security codes, if any, to the affected Landlord, or such other date as may be agreed in writing between the affected Landlord and the Debtors (the "**Real Property Lease Rejection Date**," and together with the Contract Rejection Date, the "**Rejection Date**"); provided, however, that the Debtors shall seek a Real Property Lease Rejection Date for a particular Real Property Lease that is earlier than the Objection Deadline (as defined below) only if the Rejection Notice provides that the Debtors shall not withdraw the Rejection Notice with respect to such Real Property Lease absent the consent of the Counterparty to such lease.  The Debtors shall serve a copy of the proposed order, substantially in the form of Exhibit B attached to the Motion, authorizing such rejection (the "**Rejection Order**") together with the Rejection Notice.

(b) Service of the Rejection Notice: The Debtors will cause the Rejection Notice to be served by overnight delivery upon the following parties (the "**Rejection Notice Parties**"): (i) the Counterparty to the Contract or Lease, as applicable (and its counsel, if known), at the notice address set forth in the Contract or Lease; (ii) with respect to Real Property Leases, any known third party having an interest in personal property located at the leased premises; (iii) any party known to assert a lien in any property subject to the rejected Contract or Lease; (iv) the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Timothy J. Fox, Jr. Esq. (the "**U.S. Trustee**"); (v) counsel to the agent for the Debtors' prepetition secured revolving line of credit facility, "swing loan" facility and postpetition secured loan facility: Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19801, Attn: Regina Stango Kelbon; (vi) the lenders for the Debtors' prepetition secured subordinated loan, (A) Haggen Property North, LLC, 2211 Rimland Drive, Bellingham, WA 98226 and (B) Haggen Property South, LLC, 2211 Rimland Drive, Bellingham, WA 98226; and (vii) counsel to the official committee of unsecured creditors (the "**Committee**"): Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, Delaware, 19801, Attn: Bradford Sandler and Robert Feinstein, advising such parties of the Debtors' intent to reject the specified Contract(s) and/or Lease(s), as well as the deadlines and procedures for filing Objections (as defined below) to the Rejection Notice (as set forth below).

(c) Objection Procedures: Should a party in interest object to the proposed rejection by the Debtors of a Contract or Lease, such party must file and serve a written objection (an "**Objection**") so that such Objection is filed with this Court and is actually received by the following parties (the "**Objection Notice Parties**") no later

    than seven (7) business days after the date the Rejection Notice is filed (the "**Objection Deadline**"): (i) co-counsel to the Debtors, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038, Attn: Frank A. Merola and Sayan Bhattacharyya, and (B) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Matthew B. Lunn; (ii) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Timothy J. Fox, Jr. Esq.; (iii) counsel to the agent for the Debtors' prepetition secured revolving line of credit facility, "swing loan" facility and postpetition secured loan facility: Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19801, Attn: Regina Stango Kelbon; (iv) counsel to the Committee: Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, Delaware, 19801, Attn: Bradford Sandler and Robert Feinstein; and (v) any Counterparty to the affected Contract or Lease. Each Objection must state with specificity the ground for objecting to the proposed Contract or Lease rejection. In the event that an Objection is filed with respect to the Real Property Lease Rejection Date for a particular Real Property Lease, all rights of the objecting party, the Debtors and their estates, and other parties in interest with respect thereto shall be reserved, and nothing herein is intended or shall be deemed to impair, prejudice, waive or otherwise affects such rights.

(d) Event of No Objection: Absent an Objection being filed in compliance with subparagraph (c) of this paragraph within seven (7) business days after the date the Rejection Notice is filed, the rejection of such Contract(s) or Lease(s) shall be effective as of the Rejection Date, without further notice or hearing unless the Debtors withdraw such Rejection Notice on or prior to the Rejection Date, and the Debtors shall be permitted to submit to the Court, under certification of counsel, the proposed Rejection Order authorizing such rejection; provided, however, that, absent the consent of the Counterparty to such lease, the Debtors shall not withdraw the Rejection Notice with respect to a Real Property Lease if the notice sought a Real Property Lease Rejection Date for such lease that is earlier than the Objection Deadline. Upon the Rejection Date, any personal property or furniture, fixtures and equipment of the Debtors remaining on the premises of a rejected Real Property Lease (other than hazardous or toxic materials) (the "**Remaining Property**") shall be deemed abandoned by the Debtors, and the Landlords may dispose of any Remaining Property, in their sole discretion, free and clear of all liens, claims, encumbrances and interests, and without any liability to the Debtors and without waiver of any claim the Landlords may have against the Debtors and, to the extent applicable, the automatic stay

is modified to allow such disposition. The Landlords reserve any and all rights to assert claims for the costs of disposing of the Remaining Property and the Debtors, the Committee and other parties in interest reserve any and all rights to object to any such claims.

(e) <u>Unresolved Objections:</u> If a timely Objection is filed that cannot be resolved, the Debtors shall file a notice of hearing to consider the unresolved Objection and shall provide at least seven (7) days' notice of such hearing to the objecting party and the Objection Notice Parties. If such Objection is overruled or withdrawn, such Contract or Lease shall be rejected with the effective date of rejection to be the Rejection Date or such other date as agreed to by the Debtors and the Counterparty(s) or ordered by the Court.

(f) <u>Rejection Damages Proofs of Claim:</u> Each Counterparty to a Contract and/or Lease that is rejected pursuant to the Rejection Procedures is required to file a proof of claim relating to the rejection of such Contract and/or Lease, if any, by the later of (i) 30 days after the Rejection Date, and (ii) any applicable claims bar date established in these Chapter 11 Cases. If no proof of claim is timely filed, such Counterparty shall be barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with these Chapter 11 Cases.

(g) <u>Treatment of Security Deposits.</u> If the Debtors have deposited funds with a Counterparty as a security deposit or other arrangement, such Counterparty may not setoff or otherwise use such deposit without the prior authority of this Court or agreement of the Debtors.

3. The form of Rejection Notice and form of Rejection Order attached to the Motion as <u>Exhibit A</u> and <u>Exhibit B</u>, respectively, are hereby approved. The Debtors are authorized and empowered to execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate to implement and effectuate the Rejection Procedures.

4. The Debtors are authorized to send the Rejection Notices to the Counterparties to the Contracts and Leases.

5. Nothing in the Motion or Order shall be deemed to constitute the

01:17675026.6

5

postpetition assumption or rejection of any executory contract or unexpired lease.

6. The Debtors reserve all rights to contest any rejection claims and/or the characterization of any contract as an executory contract or lease as an unexpired lease.

7. The Debtors do not waive any claims they may have against Counterparties regardless of whether such claims relate to the Contracts and Leases.

8. Nothing herein shall be construed as a concession or evidence that a Contract or Lease has expired, been terminated or is otherwise not currently in full force and effect. The Debtors' rights with respect thereto are reserved, including their right to seek a later determination of such matters and to dispute the validity, status, characterization or enforceability of such Contract or Lease or any claims related thereto.

9. Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors and their estates; (b) a waiver of the rights of the Debtors and their estates to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an admission that any particular claim is of a type specified or defined hereunder; (e) a request or authorization to assume any executory contract or unexpired lease; or (f) a waiver of the rights of the Debtors and their estates under the Bankruptcy Code or any other applicable law, pursuant to section 365 of the Bankruptcy Code.

10. Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person or entity.

11. Approval of the Rejection Procedures and this Order will not prevent the Debtors from seeking to reject or assume any Contract or Lease by separate motion. Moreover,

01:17675026.6

6

approval of the Rejection Procedures and this Order is without prejudice to the Debtors' right to seek further, other or different relief regarding any Contract or Lease.

        12.     The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

        13.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated:  October 5, 2015
         Wilmington, Delaware

                                      Kevin Gross
                                      United States Bankruptcy Judge

7

# **EXHIBIT B**

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| HAGGEN HOLDINGS, LLC, *et al.*,[1] | ) ) | Case No. 15-11874 (KG) |
| Debtors. | ) ) ) ) | (Jointly Administered)  Ref. Docket ~~No~~Nos. ~~–~~76 and _____ |

**ORDER, PURSUANT TO SECTIONS 105, 365(a) AND 554 OF THE BANKRUPTCY CODE, AND BANKRUPTCY RULES 6006 AND 9014, AUTHORIZING AND APPROVING PROCEDURES FOR REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order, pursuant to sections 105, 365 and 554 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing and approving procedures for the Debtors to reject executory contracts (the "**Contracts**") and unexpired leases (the "**Leases**"), as more fully set forth in the Motion; and upon consideration of the Motion and all pleadings related thereto; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Amended Standing Order; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Haggen Holdings, LLC (7558), Haggen Operations Holdings, LLC (6341), Haggen Opco South, LLC (7257), Haggen Opco North, LLC (5028), Haggen Acquisition, LLC (7687), and Haggen, Inc. (4583). The mailing address for each of the Debtors is 2211 Rimland Drive, Bellingham, WA 98226.[⊥]

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

01:17675026.6

of the Debtors, their estates, their creditors, and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all the proceedings had before the Court; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1. The Motion is GRANTED as set forth herein.

2. The following procedures (the "**Rejection Procedures**") are authorized and approved in connection with the rejection of any Contract or Lease of the Debtors during the Chapter 11 Cases as follows:

> (a) Rejection Notice: The Debtors will file a notice to reject any Contract or Lease, pursuant to section 365 of the Bankruptcy Code (the "**Rejection Notice**"), which shall be substantially in the form of Exhibit A attached to the Motion.  With respect to Contracts or Leases other than Leases of real property (the "**Real Property Leases**" and Leases other than Real Property Leases, "**Personal Property Leases**"), the Rejection Notice shall set forth the following information, to the best of the Debtors' knowledge, as applicable: (i) the Contract(s) or Personal Property Lease(s) that the Debtors seek to reject; (ii) the name(s) and address(es) of the counterparties to such Contract(s) or Personal Property Lease(s) (the "**Contract Counterparty**"); (iii) a short description of the type of Contract(s) or Personal Property Lease(s); (iv) the proposed effective date of the rejection for each such Contract(s) or Personal Property Lease(s), which date may not be before the date of filing of the Rejection Notice (the "**Contract Rejection Date**").  With respect to Real Property Leases, the Rejection Notice shall set forth the following information, to the best of the Debtors' knowledge, as applicable: (i) the street address of the applicable real property; (ii) the name and address of the landlord (the "**Landlord**" and, together with the Contract Counterparty, the "**Counterparty**"); (iii) whether the premises are subject in whole or in part to any sublease or license granted by a Debtor and the identity of any subtenant or licensee; (iv) the date on which the Debtors will vacate (or have vacated) the premises; and (ivv) the proposed effective date of the rejection for each such Real Property Lease(s), which shall be the later of (x) the date of filing of the Rejection Notice and (y) the date the Debtors vacate the

    premises and turn over keys, key codes, and security codes, if any, to the affected Landlord ~~(~~, or such other date as may be agreed in writing between the affected Landlord and the Debtors (the "**Real Property Lease Rejection Date**," and together with the Contract Rejection Date, the "**Rejection Date**"); provided, however, that the Debtors shall seek a Real Property Lease Rejection Date for a particular Real Property Lease that is earlier than the Objection Deadline (as defined below) only if the Rejection Notice provides that the Debtors shall not withdraw the Rejection Notice with respect to such Real Property Lease absent the consent of the Counterparty to such lease.  The Debtors shall serve a copy of the proposed order, substantially in the form of Exhibit B attached to the Motion, authorizing such rejection (the "**Rejection Order**") together with the Rejection Notice.

(b)  Service of the Rejection Notice: The Debtors will cause the Rejection Notice to be served by overnight delivery upon the following parties (the "**Rejection Notice Parties**"): (i) the Counterparty to the Contract or Lease, as applicable (and its counsel, if known), at the ~~last known~~notice address ~~available to~~set forth in the ~~Debtors~~Contract or Lease; (ii) with respect to Real Property Leases, any known third party having an interest in personal property located at the leased premises; (iii) any party known to assert a lien in any property subject to the rejected Contract or Lease; (iv) the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Timothy J. Fox, Jr. Esq. (the "**U.S. Trustee**"); (v) counsel to the agent for the Debtors' prepetition secured revolving line of credit facility, "swing loan" facility and postpetition secured loan facility: Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19801, Attn: Regina Stango Kelbon; (vi) the lenders for the Debtors' prepetition secured subordinated loan, (A) Haggen Property North, LLC, 2211 Rimland Drive, Bellingham, WA 98226 and (B) Haggen Property South, LLC, 2211 Rimland Drive, Bellingham, WA 98226; and (vii) counsel to ~~any committee appointed in these Chapter 11 Cases~~the official committee of unsecured creditors (the "**Committee**"): Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, Delaware, 19801, Attn: Bradford Sandler and Robert Feinstein, advising such parties of the Debtors' intent to reject the specified Contract(s) and/or Lease(s), as well as the deadlines and procedures for filing ~~objections~~Objections (as defined below) to the Rejection Notice (as set forth below).

(c)  Objection Procedures: Should a party in interest object to the proposed rejection by the Debtors of a Contract or Lease, such party must file and serve a written objection (an "**Objection**") so

that such ~~objection~~Objection is filed with this Court and is actually received by the following parties (the "**Objection Notice Parties**") no later than ~~ten~~seven (~~10~~7) ~~calendar~~business days after the date the Rejection Notice is filed (the "**Objection Deadline**"): (i) co-counsel to the Debtors, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038, Attn: Frank A. Merola and Sayan Bhattacharyya, and (B) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Matthew B. Lunn; (ii) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Timothy J. Fox, Jr. Esq.; (iii) counsel to the agent for the Debtors' prepetition secured revolving line of credit facility, "swing loan" facility and postpetition secured loan facility: Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19801, Attn: Regina Stango Kelbon; (iv) counsel to ~~any committee appointed in these Chapter 11 Cases~~the Committee: Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, Delaware, 19801, Attn: Bradford Sandler and Robert Feinstein; and (v) any Counterparty to the affected Contract or Lease.  Each Objection must state with specificity the ground for objecting to the proposed Contract or Lease rejection.  In the event that an Objection is filed with respect to the Real Property Lease Rejection Date for a particular Real Property Lease, all rights of the objecting party, the Debtors and their estates, and other parties in interest with respect thereto shall be reserved, and nothing herein is intended or shall be deemed to impair, prejudice, waive or otherwise affects such rights.

(d)     Event of No Objection: Absent an ~~objection~~Objection being filed in compliance with subparagraph (c) of this paragraph within ~~ten~~seven (~~10~~7) ~~calendar~~business days after the date the Rejection Notice is filed, the rejection of such Contract(s) or Lease(s) shall be effective as of the Rejection Date, without further notice or hearing unless the Debtors withdraw such Rejection Notice on or prior to the Rejection Date, and the Debtors shall be permitted to submit to the Court, under certification of counsel, ~~an order substantially in the form of Exhibit B attached to the Motion~~the proposed Rejection Order authorizing such rejection; provided, however, that, absent the consent of the Counterparty to such lease, the Debtors shall not withdraw the Rejection Notice with respect to a Real Property Lease if the notice sought a Real Property Lease Rejection Date for such lease that is earlier than the Objection Deadline.  Upon the Rejection Date, any personal property or furniture, fixtures and equipment of the Debtors remaining on the premises of a rejected Real Property Lease (other than hazardous or toxic materials) (the "**Remaining Property**") shall be deemed abandoned by the Debtors, and the Landlords may

        dispose of any Remaining Property, in their sole discretion, free and clear of all liens, claims, encumbrances and interests, and without any liability to the Debtors and without waiver of any claim the Landlords may have against the Debtors and, to the extent applicable, the automatic stay is modified to allow such disposition. The Landlords reserve any and all rights to assert claims for the costs of disposing of the Remaining Property and the Debtors, the Committee and other parties in interest reserve any and all rights to object to any such claims.

(e) <u>Unresolved Objections:</u> If a timely ~~objection~~Objection is filed that cannot be resolved, the Debtors shall file a notice of hearing to consider the unresolved ~~objection. If such objection~~Objection and shall provide at least seven (7) days' notice of such hearing to the objecting party and the Objection Notice Parties. If such Objection is overruled or withdrawn, such Contract or Lease shall be rejected with the effective date of rejection to be the Rejection Date or such other ~~dates~~date as agreed to by the Debtors and the Counterparty(s) ~~have agreed~~or ordered by the Court.

(f) <u>Rejection Damages Proofs of Claim:</u> Each Counterparty to a Contract and/or Lease that is rejected pursuant to the Rejection Procedures is required to file a proof of claim relating to the rejection of such Contract and/or Lease, if any, by the later of (i) 30 days after the Rejection Date, and (ii) any applicable claims bar date established in these Chapter 11 Cases. If no proof of claim is timely filed, such Counterparty shall be barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with these Chapter 11 Cases.

(g) <u>Treatment of Security Deposits.</u> If the Debtors have deposited funds with a Counterparty as a security deposit or other arrangement, such Counterparty may not setoff or otherwise use such deposit without the prior authority of this Court or agreement of the Debtors.

3. The form of Rejection Notice and form of Rejection Order attached to the Motion as <u>Exhibit A</u> and <u>Exhibit B</u>, respectively, are hereby approved. The Debtors are authorized and empowered to execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate to implement and effectuate the Rejection Procedures.

01:17675026.6

5

4. The Debtors are authorized to send the Rejection Notices to the Counterparties ~~of~~to the Contracts and Leases.

5. Nothing in the Motion or Order shall be deemed to constitute the postpetition assumption or rejection of any executory contract or unexpired lease.

6. The Debtors reserve all rights to contest any rejection claims and/or the characterization of any contract as an executory contract or lease as an unexpired lease.

7. The Debtors do not waive any claims they may have against Counterparties regardless of whether such claims relate to the Contracts and Leases.

8. Nothing herein shall be construed as a concession or evidence that a Contract or Lease has expired, been terminated or is otherwise not currently in full force and effect. The Debtors' rights with respect thereto are reserved, including their right to seek a later determination of such matters and to dispute the validity, status, characterization or enforceability of such Contract or Lease or any claims related thereto.

9. Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors and their estates; (b) a waiver of the rights of the Debtors~~' right~~ and their estates to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an admission that any particular claim is of a type specified or defined hereunder; (e) a request or authorization to assume any executory contract or unexpired lease; or (f) a waiver of the rights of the Debtors~~' rights~~ and their estates under the Bankruptcy Code or any other applicable law, pursuant to section 365 of the Bankruptcy Code.

10. Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance

the status of, any claim held by any person or entity.

11. Approval of the Rejection Procedures and this Order will not prevent the Debtors from seeking to reject or assume any Contract or Lease by separate motion. Moreover, approval of the Rejection Procedures and this Order is without prejudice to the Debtors' right to seek further, other or different relief regarding any Contract or Lease.

12. The Debtors are authorized ~~and empowered~~ to take all actions necessary to implement the relief granted in this Order.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: October ~~____~~,5, 2015
         Wilmington, Delaware

_____
Kevin Gross
United States Bankruptcy Judge

01:17675026.6