## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| HAGGEN HOLDINGS, LLC, et al.,[1] | Case No. 15-11874 (KG) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket Nos. 94, 312, & 313 |

**ORDER, PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), FED. R. BANKR. P. 2014 AND 5002, AND DEL. BANKR. L.R. 2014-1 AND 2016-2(h), (I) AUTHORIZING THE EMPLOYMENT AND RETENTION OF SAGENT ADVISORS, LLC AS INVESTMENT BANKER FOR HAGGEN, INC. *NUNC PRO TUNC* TO THE PETITION DATE, AND (II) MODIFYING CERTAIN INFORMATION REQUIREMENTS OF DEL. BANKR. L.R. 2016-2**

Upon consideration of the motion (the "**Application**")[2] of the Debtors for the entry of an order, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 5002, and Local Rules 2014-1 and 2016-2(h), (i) authorizing the employment and retention of Sagent as the investment banker to Haggen, *nunc pro tunc* to the Petition Date, and (ii) modifying certain information requirements of Local Rule 2016-2, as more fully set forth in the Application; and upon consideration of the Moses Declaration, the First Day Declaration, and the *Supplemental Declaration of Scott Moses in Support of the Application of the Debtors, Pursuant to 11 U.S.C. §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014 and 5002, and Del. Bankr. L.R. 2014-1 and 2016-2(h), for Entry of an Order (I) Authorizing the Employment and Retention of Sagent Advisors, LLC as Investment Banker for Haggen, Inc.,* Nunc Pro Tunc *to the Petition*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Haggen Holdings, LLC (7558), Haggen Operations Holdings, LLC (6341), Haggen Opco South, LLC (7257), Haggen Opco North, LLC (5028), Haggen Acquisition, LLC (7687), and Haggen, Inc. (4583). The mailing address for each of the Debtors is 2211 Rimland Drive, Bellingham, WA 98226.

[2] Capitalized terms used herein, but not defined, have the meaning given to them in the Application.

*Date, and (II) Modifying Certain Information Requirements of Del. Bankr. L.R. 2016-2* [Docket No. 312]; and due and proper notice of the Application having been given; and it appearing that no other or further notice of the Application is required; and it appearing that the Court has jurisdiction to consider the Application in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court finding that Sagent does not hold or represent interests adverse to the Debtors and is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and the relief requested in the Application being in the best interests of the Debtors and their estates and creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

    1.    The Application is GRANTED as set forth herein.

    2.    The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, effective *nunc pro tunc* to the Petition Date, to employ and retain Sagent as their investment banker in these chapter 11 cases in accordance with the terms and conditions set forth in the Application and the Engagement Agreement, subject to the terms of this Order.

    3.    Sagent shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Engagement Agreement, subject to Sagent filing interim and final fee applications seeking approval of the payment of its fees and expenses, pursuant to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines and such orders as this Court may direct,

including, without limitation, any order of this Court establishing procedures for interim compensation and reimbursement of professionals retained in these chapter 11 cases.

4. Notwithstanding paragraph 3 of this Order and any provision to the contrary in the Application or the Engagement Agreement, the U.S. Trustee shall have the right to object to Sagent's request for compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code.

5. The Indemnification Provisions set forth in the Engagement Agreement are approved, subject during the pendency of these chapter 11 cases to the following:

    a. Sagent shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

    b. Haggen shall have no obligation to indemnify Sagent, or provide contribution or reimbursement to Sagent, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Sagent's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which Haggen alleges the breach of Sagent's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to In re United Artists Theatre Company, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to Sagent's gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by this Court, after notice and a hearing to be a claim or expense for which Sagent should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by the Proposed Order; and

    c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, Sagent believes that it is entitled to the payment of any amounts by Haggen on account of Haggen's

01:17674749.10

2

indemnification, contribution, and/or reimbursement obligations under the Engagement Agreement (as modified by this Application), including without limitation the advancement of defense costs, Sagent must file an application therefore in this Court, and Haggen may not pay any such amounts to Sagent before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Sagent for indemnification, contribution, or reimbursement, and not a provision limiting the duration of Haggen's obligation to indemnify Sagent. All parties in interest shall retain the right to object to any demand by Sagent for indemnification, contribution or reimbursement.

6. Notwithstanding anything to the contrary in the Prior Engagement Agreements or the Engagement Agreement, (i) any claim for indemnification and/or contribution from the Debtors asserted by Sagent for prepetition services it provided pursuant to the Prior Engagement Agreements shall be deemed to be a claim asserted pursuant to the Prior Engagement Agreements and no provision of the Engagement Agreement, including without limitation section 11 or Schedule I, shall apply to any such claim and (ii) any claim for indemnification and/or contribution from the Debtors asserted by Sagent for prepetition services it provided pursuant to the Prior Engagement Agreements shall constitute a general unsecured claim, subject to the rights of any party in interest to object to such claim(s), which rights are hereby preserved.

7. To the extent requested in the Application, Sagent is granted a waiver of the information requirements relating to compensation requests set forth in Local Rule 2016-2(d), including that Sagent is authorized to maintain time records in half-hour (0.5) increments setting forth, in a summary format, a description of the services rendered by each professional and the amount of time spent on each date by each such individual in rendering services on behalf of Haggen.

01:17674749.10

3

8.   The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

9.   Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

10.   This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: October 8, 2015
Wilmington, Delaware

_____
Kevin Gross
United States Bankruptcy Judge