IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | Chapter 11 |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 15-11874 (KG) |
| HAGGEN HOLDINGS, LLC, *et al.*,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | **Ref. Docket Nos. 262, 494 and** _____ |

ORDER AUTHORIZING THE DEBTORS TO ENTER INTO AND
PERFORM UNDER (I) LEASE TERMINATION AGREEMENT
WITH REGENCY CENTERS, L.P. AND (II) SETTLEMENT
AGREEMENT WITH RJS INVESTMENT GROUP AND
REGENCY CENTERS, L.P.

Upon consideration of the *Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363, 365, 503 and 507 for Approval of: (I) (A) Global Bidding Procedures, (B) Bid Protections, (C) Form and Manner of Notice of Sale Transactions and Sale Hearing, and (D) Assumption and Assignment Procedures; and (II) (A) Purchase Agreements, (B) Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, and (C) Assumption and Assignment of Certain Executory Contracts and Leases* [Docket No. 262] (the "**Motion**"),[2] seeking, *inter alia*, an order authorizing and approving the sale (the "**Sale**") of the Debtors' unexpired, nonresidential real property leases; and upon consideration of the related certification of counsel (the "**Certification of Counsel**") submitted by counsel for the Debtors; and the Court having jurisdiction to consider the Motion and the relief requested therein and the Certification of Counsel in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Haggen Holdings, LLC (7558), Haggen Operations Holdings, LLC (6341), Haggen Opco South, LLC (7257), Haggen Opco North, LLC (5028), Haggen Acquisition, LLC (7687), and Haggen, Inc. (4583). The mailing address for each of the Debtors is 2211 Rimland Drive, Bellingham, WA 98226.

[2] Capitalized terms used but not defined herein shall have the meanings given them in the Motion.

01:18046368.2

consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having entered an order approving the global bidding procedures and granting certain related relief [Docket No. 494] (the "**Global Bidding Procedures Order**") at the hearing held on October 19, 2015 (the "**Bidding Procedures Hearing**"); and an auction (the "**Auction**") having been conducted on November 9, 10 and 11, 2015 in accordance with the Global Bidding Procedures Order; and as provided for in the Settlement Agreement (as defined below), Regency Centers, L.P. ("**Landlord**") having been deemed the successful bidder for the real property lease (the "**Lease**") for the premises located at 14387 Pomerdo, Poway, CA (the "**Premises**"), as further identified in the lease termination agreement, a copy of which is attached hereto as **Exhibit A** (the "**Lease Termination Agreement**"); and the Court having reviewed that certain Settlement Agreement made as of December 4, 2015, by and between (i) Haggen Holdings, LLC, Haggen Opco South, LLC, Haggen Opco North, LLC and Haggen Acquisition, LLC, (ii) RJS Investment Group, and (iii) the Landlord, a copy of which is attached hereto as **Exhibit B** (the "**Settlement Agreement**"); and the Court having reviewed and considered the Motion, the Certification of Counsel, the Lease Termination Agreement, the Global Bidding Procedures Order, the Settlement Agreement and all objections filed in accordance with the Global Bidding Procedures Order; and upon all of the proceedings before the Court and all objections and responses to the relief requested in the Motion and the Settlement Agreement having been heard and overruled, continued or resolved on the terms set forth in this Order; and it appearing that due notice of the Motion, the Lease Termination Agreement, the Global Bidding Procedures Hearing, the Global Bidding Procedures Order, the Auction, the Settlement Agreement and the relief provided for herein having been provided; and it appearing that no

other or further notice of the relief provided for herein need be provided; and the Court having found and determined that the relief sought in the Motion and the terms and conditions of the Settlement Agreement are in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion and the circumstances of these bankruptcy cases establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

A. Good and sufficient notice of the Sale or other conveyance of the Lease and a reasonable opportunity to object or be heard with respect to the Sale or other conveyance of the Lease has been afforded to all interested persons and entities, and such notice as evidenced by the affidavits of service filed with the Court is sufficient, reasonable and accurate. Under the circumstances of these bankruptcy cases, good and sufficient notice of the Settlement Agreement and a reasonable opportunity to object or be heard with respect to the Settlement Agreement has been afforded.

B. This Order, the termination of the Lease, the surrender of the Premises to Landlord in accordance with the terms of the Lease Termination Agreement, and the approval of the Settlement Agreement, are supported by good business reasons and will serve the best interests of the Debtors, their estates, and their creditors by maximizing the value obtained from the Lease. The relief requested in the Motion and provided for herein is within the reasonable business judgment of the Debtors, and is in the best interest of the Debtors, their estates, their creditors, and other parties in interest.

C. In light of the circumstances of these bankruptcy cases, the Sale or other conveyance of the Lease has been adequately marketed and the Termination Payment (as defined

in the Lease Termination Agreement) constitutes the highest or best offer for the Lease, and provides fair and reasonable consideration to the Debtors for the Lease.

D. Landlord has acted in good-faith and is a good-faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections and immunities afforded thereby. The negotiation and execution of the Lease Termination Agreement was in good faith and was an arm's-length transaction. Neither Landlord nor the Debtors have engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code or cause the application of, or implicate, section 363(n) of the Bankruptcy Code to the Lease Termination Agreement, or to otherwise prevent the consummation of the surrender of the Premises to Landlord in accordance therewith. In the absence of a stay pending appeal, Landlord will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Lease Termination Agreement following entry of this Order.

E. The termination of the Lease and the surrender of the Premises pursuant to the Lease Termination Agreement will be a legal, valid, and effective conveyance of the Lease and the Premises to Landlord, and will vest Landlord with all right, title, and interest in and to the Lease and of the Debtors in and to the Premises, free and clear of all liens, claims, interests, and encumbrances of any kind or nature ("**Encumbrances**") in accordance with section 363(f) of the Bankruptcy Code because one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.

F. PNC Bank, National Association, in its capacity as agent and lender under the Debtors' prepetition facility and the postpetition financing ("**PNC**"), has consented to the termination of the Lease and the surrender of the Premises pursuant to the Lease Termination

Agreement free and clear of any Encumbrances of PNC against the Lease and the Premises; *provided* that payment of the Termination Payment (as defined in the Lease Termination Agreement) is deposited by wire transfer into the master concentration account held by Haggen Operations Holdings, LLC, ending in 1634, at PNC (the "**Concentration Account**") to be applied to the Obligations (as defined in the order approving the Debtors' postpetition financing on an interim basis [Docket. No. 55] (the "**Interim DIP Order**")) in accordance with the terms of the Interim DIP Order and the order approving such postpetition financing on a final basis [Docket No. 449] (together with the Interim DIP Order, the "**DIP Orders**"); *provided, further*, that the Termination Payment is without any setoff or deduction of any kind other than as set forth in the Lease Termination Agreement.

**IT IS HEREBY ORDERED THAT:**

1. With respect to the Lease, the Motion is granted as set forth herein.

2. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized to enter into the Lease Termination Agreement, and all of the terms and conditions thereof and consummation of all of the transactions contemplated therein, including the termination of the Lease and the surrender of the Premises, are approved.

3. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized to enter into the Settlement Agreement and the Settlement Agreement is approved, and the terms and conditions of the Settlement Agreement (including without limitation the releases set forth therein) are incorporated into this Order as if fully set forth herein.

4. The Debtors are authorized to take such actions as are reasonable and necessary to implement the Lease Termination Agreement and the Settlement Agreement and

perform their obligations thereunder, including, without limitation, to make any and all payments provided for in the Settlement Agreement without the need for further notice to, or action of, this Court.

5. With respect to the Lease Termination Agreement, any objections to the Motion or the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled on the merits and denied with prejudice. With respect to the Lease Termination Agreement, all persons and entities given notice of the Motion that failed to timely object thereto are deemed to consent to the relief sought therein. Any objections to the Settlement Agreement that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled on the merits and denied with prejudice.

6. The termination of the Lease and the surrender of the Premises by the Debtors to Landlord is a legal, valid, and effective conveyance of the Lease and the Premises to Landlord and shall vest Landlord with all right, title, and interest in and to the Lease and of the Debtors in and to the Premises pursuant to section 363(f) of the Bankruptcy Code, free and clear of any and all Encumbrances, with all such Encumbrances to attach to the proceeds of the conveyance to the same extent and with the same validity and priority, and the same defenses, as they presently exist, subject to the terms and conditions of this Order. Any entities holding any such interests are enjoined from asserting such interest against Landlord, its successors or assigns, or the Lease or the Premises.

7. Landlord has acted in good-faith and is a good-faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections and immunities afforded thereby. The negotiation and execution of the Lease Termination

Agreement was in good faith and was an arm's-length transaction. Neither Landlord nor the Debtors have engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code or cause the application of, or implicate, section 363(n) of the Bankruptcy Code to the Lease Termination Agreement, or to otherwise prevent the consummation of the surrender of the Premises to Landlord in accordance therewith. In the absence of a stay pending appeal, Landlord will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Lease Termination Agreement following entry of this Order.

8.  At the Closing (as defined in the Lease Termination Agreement), the Debtors shall pay the Termination Payment by wire transfer into the Concentration Account to be applied to the Obligations (as defined in the DIP Orders) in accordance with the terms of the DIP Orders, without any setoff or deduction of any kind other than as set forth in the Lease Termination Agreement.

9.  Upon consummation of the Sale set forth in the Lease Termination Agreement, if any person or entity that has filed financing statements, mortgages, mechanics' liens, *lis pendens*, or other documents or agreements evidencing or otherwise asserting an Encumbrance against the Lease or the Debtors' interest in the Premises shall not have delivered to the Debtors prior to closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of any such Encumbrance (unless otherwise assumed under, or permitted by, the Lease Termination Agreement), or otherwise, then (a) the Debtors are hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to any such Encumbrance and (b) Landlord is hereby authorized to file, register, or otherwise record a certified copy of this

Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all such Encumbrances of any kind or nature (except as otherwise assumed under, or permitted by, the Lease Termination Agreement); *provided*, that, notwithstanding anything in this Order or the Lease Termination Agreement to the contrary, the provisions of this Order shall be self-executing, and neither the Debtors nor Landlord shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Order. For the avoidance of doubt, upon consummation of the Sale as set forth in the Lease Termination Agreement, Landlord is authorized to file termination statements, lien terminations, or other amendments in any required jurisdiction to remove and record notice filings or financing statements recorded to attach, perfect, or otherwise notice any lien or encumbrance that is extinguished or otherwise released pursuant to this Order under section 363 and the related provisions of the Bankruptcy Code.

10. The requirements set forth in Bankruptcy Rule 6004 and Local Bankruptcy Rules 6004-1 and 9013-1, to the extent applicable, have been satisfied or otherwise deemed waived.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

*Remainder of page intentionally left blank*

12. As provided by Bankruptcy Rules 7062 and 9014, the terms and conditions of this Order shall be effective immediately upon entry and shall not be subject to the stay provisions contained in Bankruptcy Rule 6004(h) or any similar rule that would delay the effectiveness of this Order.

Dated: December 9, 2015
Wilmington, Delaware

_____
Kevin Gross
United States Bankruptcy Judge