## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| HAGGEN HOLDINGS, LLC, *et al.,*[1] | Case No. 15-11874 (KG) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 374** |

### NOTICE OF FILING OF AMENDED SCHEDULES OF
### ASSETS AND LIABILITIES FOR HAGGEN HOLDINGS, LLC

**PLEASE TAKE NOTICE THAT** pursuant to Rule 1009(a) of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby amend the Schedules of Assets and Liabilities (the "**Schedules**") of Debtor Haggen Holdings, LLC as set forth on Exhibit 1 hereto (the "**Amended Schedules**"). The Amended Schedules supersede and replace in their entirety the Schedules previously filed with the Court [Docket No. 374].

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Haggen Holdings, LLC (7558), Haggen Operations Holdings, LLC (6341), Haggen Opco South, LLC (7257), Haggen Opco North, LLC (5028), Haggen Acquisition, LLC (7687), and Haggen, Inc. (4583).  The mailing address for each of the Debtors is 2211 Rimland Drive, Bellingham, WA 98226.

Dated: December 10, 2015
    Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Ian J. Bambrick*
Matthew B. Lunn (No. 4119)
Robert F. Poppiti, Jr. (No. 5052)
Ian J. Bambrick (No. 5455)
Ashley E. Jacobs (No. 5635)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1256

-and-

STROOCK & STROOCK & LAVAN LLP
Frank A. Merola
Sayan Bhattacharyya
Elizabeth Taveras
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*Counsel to the Debtors and Debtors-In-Possession*

## **EXHIBIT 1**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 15-11874(KG) |
| HAGGEN HOLDINGS, LLC, *et al.,*[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING THE DEBTORS' AMENDED SCHEDULES OF ASSETS AND LIABILITIES AND AMENDED STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors and debtors in possession (each, a "**Debtor**," and collectively, the "**Debtors**") are filing their respective amended Schedules of Assets and Liabilities (collectively, the "**Amended Schedules**") and amended Statements of Financial Affairs (collectively, the "**Amended Statements**," and together with the Amended Schedules, collectively, the "**Amended Schedules and Statements**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**").[2]  The Debtors, which were assisted by their professional advisors, prepared the Amended Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

These *Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Amended Schedules of Assets and Liabilities and Statements of Financial Affairs* (collectively, the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Amended Schedules and Statements.  These Global Notes should be referred to, and reviewed in connection with, any review of the Amended Schedules and Statements.[3]

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Haggen Holdings, LLC (7558), Haggen Operations Holdings, LLC (6341), Haggen Opco South, LLC (7257), Haggen Opco North, LLC (5028), Haggen Acquisition, LLC (7687), and Haggen, Inc. (4583).  The mailing address for each of the Debtors is 2211 Rimland Drive, Bellingham, WA 98226.

[2]  For ease of reference, the Debtors are filing their Schedules of Assets and Liabilities and Statements of Financial Affairs, as amended, in their entirety even though not every schedule or statement has been modified.  However, in order to differentiate the schedules and statements filed herewith from those previously filed, each schedule and statement will be referred to herein as amended even if no modification has been made to a specific schedule or statement.  Further, information added to a schedule or statement is denoted as being an addition therein.

[3]  These Global Notes are in addition to any specific notes that may be contained in each of the Amended Schedules or Amended Statements.  The fact that the Debtors have prepared a general note herein with respect to any of the Amended Schedules and Amended Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of such general note to any of the Debtors' remaining Amended Schedules and Amended Statements, as appropriate.

The Amended Schedules and Statements have been prepared based on information provided by the Debtors' management and are unaudited and subject to potential adjustment. In preparing the Amended Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. The Debtors have used commercially reasonable efforts to ensure the accuracy and completeness of such financial information; however, subsequent information or discovery may result in material changes to the Amended Schedules and Statements and inadvertent errors, omissions or inaccuracies may exist. The Debtors and their estates reserve all rights to amend or supplement their Amended Schedules and Statements.

**Reservation of Rights**. Nothing contained in the Amended Schedules and Statements or these Global Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including, but not limited to, any issues involving objections to claims, setoff or recoupment, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts, leases and claims, assumption or rejection of contracts and leases and/or causes of action arising under the Bankruptcy Code or any other applicable laws to recover assets or avoid transfers.

**Description of the Cases and "As of" Information Date**. On September 8, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 10, 2015, the Court entered an order [Docket No. 45] jointly administering the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b). All financial information for the Debtors in the Amended Schedules and Statements and these Global Notes is provided as of the Petition Date unless otherwise indicated herein or in the Amended Schedules and Statements.

**Basis of Presentation**. The Amended Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("**GAAP**"), nor are they intended to fully reconcile to any financial statements prepared by the Debtors. Therefore, combining the assets and liabilities set forth in the Amended Schedules and Statements could result in amounts that could be substantially different from any financial information regarding the Debtors prepared on a consolidated basis under GAAP. Unlike any consolidated financial statements, the Amended Schedules and Statements, except where otherwise indicated herein or in the Amended Schedules and Statements, reflect the assets and liabilities of each Debtor on a non-consolidated basis, where possible.

**Recharacterization**. Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Amended Schedules and Statements, the Debtors may nevertheless seek to recharacterize, reclassify, recategorize, redesignate, add, or delete items included in the Amended Schedules and Statements, and the Debtors and their estates reserve all rights in this regard.

**Consolidated Entity Accounts Payable and Disbursement Systems**. The Debtors maintain a centralized cash management system (the "**Cash Management System**"). The Debtors maintain

the Cash Management System to collect, concentrate, and disburse funds generated from their operations.  A more complete description of the Debtors' Cash Management System is set forth in the *Motion of the Debtors for Entry of an Order, Pursuant to Sections 105(a), 345, 363 and 503(b) of the Bankruptcy Code, Bankruptcy Rule 2015 and Local Rule 2015-2, (A) Authorizing and Approving (I) Continued Use of Cash Management System and (II) Use of Prepetition Bank Accounts and Business Forms, (B) Authorizing Banks Participating in the Cash Management System to Honor Certain Transfers and Charge Certain Amounts, (C) Waiving the Requirements of Section 345(b) on an Interim Basis, (D) Granting Administrative Expense Status to Post-Petition Intercompany Claims and (E) Granting Related Relief* [Docket No. 10] (the "**Cash Management Motion**") filed on the Petition Date.

**Insiders**.  For purposes of the Amended Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) of the Bankruptcy Code as (a) current or former directors, officers or persons in control of a Debtor, (b) relatives of current or former directors, officers, or persons in control of a Debtor, (c) a partnership in which a Debtor is a general partner or (d) an affiliate of a Debtor.  Except as otherwise disclosed herein or in the Amended Statements, payments to insiders listed in (a) through (d) above are set forth on Amended Statement 3(c).  Persons listed as "insiders" have been included for informational purposes only, and such listing is not intended to be, nor should it be construed as, a legal characterization of such person as an insider, and does not act as an admission of any fact, claim, right or defense, and all such rights, claims, and defenses with respect thereto are hereby expressly reserved.  Further, the Debtors and their estates do not take any position with respect to:  (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Summary of Significant Reporting Policies**.  The following is a summary of certain significant reporting policies:

    a.    **Current Market Value—Net Book Value**.  In many instances, current market valuations are neither maintained by, nor readily available to, the Debtors.  It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtors' property interests that are not maintained or readily available.  Accordingly, unless otherwise indicated herein or in the Amended Schedules and Statements, the Amended Schedules and Statements reflect the net book values, rather than current market values, of the Debtors' assets as of the Petition Date (unless another date is indicated herein or in the Amended Schedules and Statements) and may not reflect the net realizable value.

    b.    **First Day Orders**.  Pursuant to various "first day" orders and any supplements or amendments to such orders entered by the Court (each, a "**First Day Order**," and collectively, the "**First Day Orders**"), the Debtors and their estates are authorized to pay certain pre-petition claims, including, without limitation, certain claims related to employee wages

and benefits, claims for taxes and fees, claims of vendors, claims related to customer programs, and claims related to insurance programs. Except to the extent that these parties have claims in excess of the authority granted to the Debtors under the First Day Orders, in certain instances, the Debtors may have not included certain claims of this nature in the Amended Schedules and Statements.

c.   **Setoffs**.   To the extent the Debtors have incurred or effectuated any ordinary course setoffs with third parties (including, without limitation, customers and vendors) prior to the Petition Date, or are subject to the occurrence of, or maintain the right to effectuate, ordinary course setoffs on account of activities occurring prior to the Petition Date, such setoffs are excluded from the Debtors' Amended Schedules and Statements. The Debtors and their estates reserve all of their rights with respect to any such setoffs.

d.   **Credits and Adjustments**.   Claims of creditors are listed in the amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors. The Debtors and their estates reserve all of their rights with regard to such credits, allowances and other adjustments, including, without limitation, the right to assert claims objections, setoffs and recoupments with respect to the same.

e.   **Accounts Receivable**.   The accounts receivable information listed on Amended Schedule B includes both billed and unbilled receivables, and is net of allowance for doubtful accounts.

f.   **Leases**.   In the ordinary course of business, the Debtors may lease certain real property, fixtures and equipment from certain third-party lessors for use in the daily operation of their business.   Nothing in the Amended Schedules and Statements is, or shall be construed as, an admission as to the determination of the legal status of any lease (including, without limitation, whether any lease is a true lease or a financing arrangement, and whether such lease is unexpired), and the Debtors and their estates reserve all rights with respect to such issues.

g.   **Entity Classification Issues**.   The Debtors have endeavored in good faith to identify the assets owned by each Debtor, the liabilities owed by each Debtor, and the Debtor that is a counterparty to executory contacts and unexpired leases.   While the Amended Schedules reflect the results of this effort, several factors may impact the ability of the Debtors to precisely assign assets, liabilities, and executory contacts and unexpired leases to particular Debtor entities, including, but not limited to:   (a) certain assets and executory contacts and unexpired leases may be primarily used by a Debtor other than the entity that holds title to such assets or is a party to such executory contact and unexpired lease according to the Debtors'

books and records; (b) the Debtor entity that owns or holds title to certain assets or is a party to certain executory contacts and unexpired leases may not be ascertainable given the consolidated manner in which the Debtors have operated their business; (c) certain liabilities may have been nominally incurred by one Debtor, yet such liabilities may have actually been incurred by, or the invoices related to such liabilities may have been issued to or in the name of, another Debtor; and (d) certain creditors of the Debtors may have treated one or more of the Debtors as a consolidated entity rather than as differentiated entities.  Specifically, in instances where a creditor classification between Debtors Haggen Opco North, LLC and Haggen Opco South, LLC is unclear, liabilities have been reported at Debtor Haggen Operations Holdings, LLC.

h.  **Executory Contracts and Unexpired Leases**.  The Debtors have not set forth executory contracts and unexpired leases as assets in the Amended Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates.  Rather, the Debtors' executory contracts and unexpired leases have been set forth solely on Amended Schedule G.  The Debtors' rejection of executory contracts and unexpired leases may result in the assertion of rejection damages claims; however, the Amended Schedules and Statements do not reflect any claims for rejection damages.  The Debtors and their estates reserve any and all rights with respect to the assertion of any such claims.

**Intercompany Claims**.  For certain reporting and internal accounting purposes, the Debtors record certain intercompany receivables and payables.  Receivables and payables among the Debtors are reported as assets on Amended Schedule B or liabilities on Amended Schedule F as appropriate (collectively, the "**Intercompany Claims**").  While the Debtors have used commercially reasonable efforts to ensure that the proper intercompany balance is attributed to each legal entity, the Debtors and their estates reserve all rights to amend the Intercompany Claims in the Amended Schedules and Statements, including, without limitation, to change the characterization, classification, categorization or designation of such claims, including, but not limited to, the right to assert that any or all Intercompany Claims are, in fact, consolidated or otherwise properly assets or liabilities of a different Debtor entity.  Intercompany payable and receivable balances are reflective of the book values of such items as of the closing of the Debtors' sixth fiscal period, which was August 13, 2015 (the "**Sixth Period Closing**").  These balances may not reflect off-balance sheet adjustments or material changes that have occurred from such date through the Petition Date.

**Unknown or Undetermined Amounts**.  Where a description of an amount is left blank or listed as "unknown" or "undetermined," such response is not intended to reflect upon the materiality of such amount.

**Liabilities**.  At the time of the filing of the Amended Schedules and Statements, the Debtors are continuing to reconcile certain accounts payable liabilities.  The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information available at the time of the filing of the Amended Schedules and Statements.  As additional information

becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.  Accordingly, the Debtors and their estates reserve all rights to amend, supplement, or otherwise modify the Amended Schedules and Statements as is necessary or appropriate.

The liabilities listed on the Amended Schedules do not reflect any analysis of any claims under section 503(b)(9) of the Bankruptcy Code or PACA and PASA (as defined at Docket No. 11). Accordingly, the Debtors and their estates reserve all rights to dispute or challenge the validity of any claims asserted under section 503(b)(9) of the Bankruptcy Code, PACA, or PASA or the characterization of the structure of any transaction, document or instrument related to any such claim.

**Estimates**.    To timely close the books and records of the Debtors and to prepare such information on a legal entity basis, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses.  The Debtors and their estates reserve all rights to amend the reported amounts of assets, liabilities, revenue and expenses to reflect changes in those estimates and assumptions.

**Classifications**.  Listing a claim (a) on Amended Schedule D as "secured," (b) on Amended Schedule E as "unsecured priority," or (c) on Amended Schedule F as "unsecured non-priority," or listing a contract or lease on Amended Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors or their estates of the legal rights of any claimant, or a waiver of the rights of the Debtors or their estates to recharacterize or reclassify any claim or contract.

**Claims Description**.  Any failure to designate a claim on a given Debtor's Amended Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor and its estate that such amount is not "disputed," "contingent" or "unliquidated."  The Debtors and their estates reserve all rights to dispute, or to assert any offsets or defenses to, any claim reflected on their Amended Schedules on any grounds, including, without limitation, amount, liability, validity, priority or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."  Listing a claim on the Amended Schedules does not constitute an admission of liability by the Debtors and their estates, and the Debtors and their estates reserve all rights to amend the Amended Schedules.

**Guaranties and Other Secondary Liability Claims**.  Guaranties and other secondary liability claims (collectively, the "**Guaranties**") with respect to the Debtors' contracts and leases may not be included on Amended Schedule H, and the Debtors believe that certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and similar agreements may exist.  Therefore, the Debtors and their estates reserve all rights to amend the Amended Schedules to the extent additional Guaranties are identified.

## NOTES FOR AMENDED SCHEDULES

**Amended Schedule B—Personal Property**.  Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their respective causes of action or potential causes of action against third parties as assets in their respective Amended Schedules

and Statements, including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws to recover assets or avoid transfers. The Debtors and their estates reserve all of their rights with respect to any claims and causes of action that they may have, and neither these Global Notes nor the Amended Schedules and Statements shall be deemed a waiver of any such claims and causes of actions, or in any way waive, prejudice, impair or otherwise affect the assertion of such claims and causes of action.

Patents, trademarks, and other intellectual property is listed on Amended Schedule B22 as an unknown or undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from the net book value.

Any leasehold improvements and equipment identified on Amended Schedule B29 are listed net of any depreciation.

Ownership interests in businesses, partnerships, and joint ventures (including any subsidiaries) have been listed in Amended Schedules B13 and B14 at net book value. The fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from the listed net book value.

Since the deposit provided for under that certain *Final Order, Pursuant to Sections 105(a) and 366 of the Bankruptcy Code, (I) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Utility Services, (II) Deeming Utility Companies Adequately Assured of Future Payment, and (III) Establishing Procedures for Determining Additional Adequate Assurance of Payment* [Docket No. 275] did not exist as of the Petition Date, the Debtors have not accounted for it on Amended Schedule B.

**Amended Schedule D—Creditors Holding Secured Claims**. Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Amended Schedule D of any of the Debtors. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken. Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the secured nature of any such claim or the characterization of the structure of any transaction, document or instrument related to any such claim. The descriptions provided in Amended Schedule D are intended only to be a summary.

The Debtors have not included on Amended Schedule D all parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtors, inchoate statutory lien rights, or real property lessors, utility companies and other parties that may hold security deposits.

By listing a party on Amended Schedule D based on a UCC-1 filing, the Debtors and their estates are not conceding that such party actually holds a perfected, unavoidable security interest

in the asset that is the subject of such filing, and reserve all rights as set forth in these Global Notes.

Certain of the amounts listed for parties on Amended Schedule D may not be reflective of any accrued and unpaid interest, prepayment premiums, and other similar fees or expenses that such parties may be entitled to.

**Amended Schedule E—Creditors Holding Unsecured Priority Claims**.  The Debtors have not listed on Amended Schedule E any tax and priority employee wage and benefit claims for which the Debtors have been granted authority (but not direction) to pay pursuant to a First Day Order. The Debtors believe that such claims have been, or will be, satisfied in the ordinary course of business during these chapter 11 cases pursuant to the authority granted in the relevant First Day Orders.  The Debtors and their estates reserve all rights to dispute or challenge whether creditors listed on Amended Schedule E are entitled to priority claims.

At the time of the filing of the Amended Schedules and Statements, the Debtors are not able to liquidate individual employee claims for paid time off ("**PTO**").  As a result, no such claims have been listed in the Amended Schedules.  The Debtors will supplement the Amended Schedules at a later date for PTO liability as is necessary or appropriate.

**Amended Schedule F—Creditors Holding Unsecured Non-Priority Claims**.    Certain creditors listed on Amended Schedule F may owe amounts to the Debtors; as such, the Debtors and their estates may have valid setoff and recoupment rights with respect to such amounts, which rights are not reflected on Amended Schedule F.  Also, the amounts listed on Amended Schedule F reflect known prepetition claims as of Petition Date.  Such amounts do not reflect any rights of setoff or recoupment that may be asserted by any creditors listed on Amended Schedule F, and the Debtors and their estates reserve all rights to challenge any setoff and recoupment rights that may be asserted against them.  The Debtors and their estates reserve all rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be perfected by a creditor listed on Amended Schedule F.

As noted above, certain claims listed on Amended Schedule F may be entitled to priority under section 503(b)(9) of the Bankruptcy Code, PACA or PASA, and the Debtors and their estates reserve all rights with respect to any such claims.

Amended Schedule F contains certain information regarding pending litigation involving the Debtors.  The amounts for these potential claims are listed as unknown or undetermined, contingent, unliquidated and disputed in the Amended Schedules.

The Debtors have used commercially reasonable efforts to include all creditors on Amended Schedule F; however, the Debtors believe that there are instances in which vendors have yet to provide proper invoices for prepetition goods or services.  While the Debtors maintain general accruals to account for these liabilities in accordance with GAAP, these amounts are estimates and not tracked on a vendor by vendor basis, and as such may not have been included on Amended Schedule F.

01:17985970.2

The Debtors may not have listed on Amended Schedule F certain (but not all) unsecured non-priority employee wage or benefit claims, claims related to customer programs, claims related to vendors, or claims related to the Debtors' insurance programs for which the Debtors have been granted authority (but not direction) to pay pursuant to a First Day Order. The Debtors believe that such claims have been, or will be, satisfied in the ordinary course of business during these chapter 11 cases pursuant to the authority granted in the relevant First Day Orders. The Debtors and their estates reserve their rights to dispute or challenge whether creditors listed on Amended Schedule F are entitled to priority claims.

**Amended Schedule G—Executory Contracts and Unexpired Leases**. Although commercially reasonable efforts have been made to ensure the accuracy of Amended Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions or over-inclusion may have occurred in preparing Amended Schedule G. In the ordinary course of business, the Debtors enter into various agreements with their customers and vendors. The Debtors may have entered into various other types of agreements in the ordinary course of their business, such as indemnity agreements, supplemental agreements, letter agreements, and confidentiality agreements that may not be set forth in Amended Schedule G. Omission of a contract, lease or other agreement from Amended Schedule G does not constitute an admission that such omitted contract, lease or agreement is not an executory contract or unexpired lease. Amended Schedule G may be amended at any time to add any omitted executory contracts, unexpired leases and other agreements to which the Debtors are a party, including, without limitation, to add any executory contracts, unexpired leases and other agreements that the Debtors, due to the voluminous number of such contracts, leases and agreements, were unable to list on Amended Schedule G at this time. Likewise, the listing of an agreement on Amended Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, or that such agreement was in effect or unexpired on the Petition Date or is valid or enforceable. The agreements listed on Amended Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements that may not be listed on Amended Schedule G.

Any and all rights, claims and causes of action of the Debtors and their estates with respect to the agreements listed on Amended Schedule G are hereby reserved and preserved. The Debtors and their estates hereby reserve all of their rights to: (a) dispute the validity, status, or enforceability of any agreements set forth on Amended Schedule G; (b) dispute or challenge the characterization of the structure of any transaction, document or instrument related to a creditor's claim, including, but not limited to, the agreements listed on Amended Schedule G; and (c) amend or supplement Amended Schedule G, as necessary, including, without limitation, to modify which Debtor entity is a counterparty to the agreement.

## NOTES FOR AMENDED STATEMENTS

**Amended Statement 3b**. Amended Statement 3b includes any disbursement or other transfer made by that particular Debtor, except for those made to insiders, employees, and bankruptcy professionals. The amounts listed in Amended Statement 3b reflect that Debtor's disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for

multiple invoices, only one entry has been listed on Amended Statement 3b. All disbursements listed on Amended Statement 3b were made by that particular Debtor.

**Amended Statement 3(c) and 23**. As previously set forth herein and in more detail in the Cash Management Motion, the Debtors maintain a centralized cash management system. As a result, during the year preceding the Petition Date, certain payments may have been made to insiders of each of the Debtors by one or more of the other Debtors, and some of these payments may have been for the benefit of another Debtor. These payments are listed on Amended Statement 3(c) and 23 for the Debtor making the payment, even if the payment was made to or for the benefit of an insider of another Debtor. To ascertain information relating to all payments that were made to insiders, Amended Statement 3(c) and 23 for all of the Debtors should be consulted. Individual payments to Debtor affiliates are not reflected in Amended Statement 3(c) due to their complexity and voluminous nature. Current inter-company payables and receivables can be found on Amended Schedules B and F, and represent the aggregate of transfers among affiliate entities as of the Sixth Period Closing.

**Amended Statement 4(a)**. The Debtors and their estates reserve all rights, claims and defenses with respect to any and all listed lawsuits and administrative proceedings (or potential lawsuits and administrative proceedings). The listing of any such suits and proceedings shall not constitute an admission by the Debtors and their estates of any liabilities or that the actions or proceedings were correctly filed against the Debtors. The Debtors and their estates reserve all rights to assert that the Debtors are not an appropriate party to such actions or proceedings. The Debtors may not have included on Amended Statement 4(a) certain parties that may have asserted informal workers' compensation claims or similar claims that were resolved or otherwise addressed without formal litigation or an administrative hearing or similar proceeding having been commenced.

**Amended Statement 9**. Debtor Haggen Operations Holdings LLC made payments on behalf of all of the Debtors to various professionals for restructuring services. The payments listed in Amended Statement 9 are generally only for restructuring-related services. The Debtors may have made other payments to the listed professionals for non-bankruptcy related services, but these payments are not listed in Amended Statement 9.

B6 Summary (Official Form 6 - Summary) (12/14)

# United States Bankruptcy Court

District Of Delaware

In re   Haggen Holdings, LLC_____ ,          Case No. 15-11874 (KG)_____
                          Debtor

                                                            Chapter 11_____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $            0.00 | | |
| B - Personal Property | Yes* | 6 | $   303,719,412.55 + Undetermined Amounts | | |
| C - Property Claimed as Exempt | No | | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $            0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $            0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes* | 2 | | $   39,979,589.68 + Undetermined Amounts | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | | | | $   N/A |
| J - Current Expenditures of Individual Debtors(s) | No | | | | $   N/A |
| **TOTAL** | | 14 | $   303,719,412.55 + Undetermined Amounts | $   39,979,589.68 + Undetermined Amounts | |

* Indicates a schedule that has been amended.

B6A (Official Form 6A) (12/07)

In re   **Haggen Holdings, LLC**                                      ,              Case No.   15-11874 (KG)
                        **Debtor**                                                                                            **(If known)**

# SCHEDULE A – REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | | |
| | | Total ▶ | $ 0.00 | |

(Report also on Summary of Schedules.)

In re  Haggen Holdings, LLC                                    ,          Case No.  15-11874 (KG)
_____
        **Debtor**                                                                    **(If known)**

# SCHEDULE B – PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian," Do not disclose the child's name.  See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or coopratives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | See attached rider | | Undetermined |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |

*Haggen Holding, LLC Schedule B - Personal Property has been amended in its entirety.

B6B (Official Form 6B) (12/07) – Cont.

In re  Haggen Holdings, LLC                                    ,          Case No. 15-11874 (KG)
                        **Debtor**                                                              **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | *Amended - See attached rider | | $269,217,537.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | Intercompany Receivable due from Haggen Operations Holdings, LLC | | $34,501,875.55 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Pending Litigation - Haggen Holdings, LLC v. Albertson's LLC and Albertson's Holdings LLC | | Undetermined |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |

*Haggen Holding, LLC Schedule B - Personal Property has been amended in its entirety.

**B6B (Official Form 6B) (12/07) – Cont.**    **Amended**

In re  Haggen Holdings, LLC                              ,        Case No. 15-11874 (KG)
                    **Debtor**                                                    **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

_____2_____ continuation sheets attached        Total ▶   $ 303,719,412.55

+ Undetermined Amounts

(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

*Haggen Holding, LLC Schedule B - Personal Property has been amended in its entirety.

In re: Haggen Holdings, LLC                                    Case No. 15-11874 (KG)

## SCHEDULE B PERSONAL PROPERTY
### Rider B.9 - Interests In Insurance Policies

| Insurance Company | Type of Policy | Policy Number | Surrender or Refund Value |
|---|---|---|---|
| AIG SPECIALTY INS CO | Directors & Officers / Employment Practices Liability / Fiduciary Liability | 01-614-48-77 | Undetermined |
| AIG SPECIALTY INS CO | Network Security/Privacy | 3206661 | Undetermined |
| ALLIED WORLD ASSURANCE COMPANY | Property | 030943581A | Undetermined |
| ALLIED WORLD NATIONAL ASSURANCE COMPANY | Excess | 0306-4555 | Undetermined |
| ALLIED WORLD NATIONAL ASSURANCE COMPANY | Pollution Legal Liability | 0309-4354 | Undetermined |
| ALTERRA EXCESS AND SURPLUS INSURANCE | Property | MKLS11XP002872 | Undetermined |
| AMERICAN BANKERS INSURANCE CO | Flood | AF50620477 | Undetermined |
| AMERICAN BANKERS INSURANCE CO | Flood | 9718926 | Undetermined |
| AMERICAN BANKERS INSURANCE CO | Flood | 9718977 | Undetermined |
| AMERICAN BANKERS INSURANCE CO | Flood | 87055517052015 | Undetermined |
| AMERICAN BANKERS INSURANCE CO | Flood | 87055553802015 | Undetermined |
| ASPEN SPECIALTY INSURANCE COMPANY | Property | PRAF4UG15 | Undetermined |
| CHUBB CUSTOM INSURANCE CO | Property | 4473438300 | Undetermined |
| COLONY INSURANCE COMPANY | Property | XP262606 | Undetermined |
| COLUMBIA CASUALTY CO | Pharmacy Liability | HMA 4032224458-0 | Undetermined |
| ENDURANCE AMERICAN SPECIALTY | Property | CPN10006455400 | Undetermined |
| GEMINI INS CO | Side A Directors & Officers | 18014856 | Undetermined |
| GENERAL SECURITY INDEMNITY COMPANY | Property | T0234451501743 | Undetermined |
| GREAT AMERICAN FIDELITY INSURANCE | Property | CPP461467200 | Undetermined |
| GREENWICH INSURANCE CO | General/Products Liabilty | RGE3000708 | Undetermined |
| GREENWICH INSURANCE CO | Liquor Liability (Part Of Gl) | RGE3000708 | Undetermined |
| GREENWICH INSURANCE CO | Automobile | RAG9437737 | Undetermined |
| HOUSTON CASUALTY CO | Excess Directors & Officers | 14-MG-15-A12278 | Undetermined |
| HUDSON SPECIALTY INSURANCE COMPANY | Property | HCS101110 | Undetermined |
| HUDSON SPECIALTY INSURANCE COMPANY | Property | HCS101111 | Undetermined |
| LANDMARK AMERICAN INSURANCE COMPANY | Property | LHD391029 | Undetermined |
| LIBERTY INS UNDERWRITERS INC | Excess Directors & Officers | DONYAA318D001 | Undetermined |
| NATIONAL UNION FIRE INS CO OF PITTSBURGH | Crime | 01-593-23-77 | Undetermined |
| SAFETY NATIONAL CASUALTY CORP | Workers Compensation Bond | SIB2995WA | Undetermined |
| SAFETY NATIONAL CASUALTY CORPORATION | Excess Workers Compensation (State Of WA) | AGC4052642 | Undetermined |
| SCOTTSDALE INSURANCE COMPANY | Property | AJS0000173 | Undetermined |
| SOMPO JAPAN INSURANCE COMPANY | Property | PEP48175A0 | Undetermined |

**In re: Haggen Holdings, LLC**                                                    **Case No. 15-11874 (KG)**

### SCHEDULE B PERSONAL PROPERTY
### Rider B.9 - Interests In Insurance Policies

| Insurance Company | Type of Policy | Policy Number | Surrender or Refund Value |
|---|---|---|---|
| STARR INDEMNITY & LIAB CO | Excess Directors & Officers | SISIXFL21208615 | Undetermined |
| STARR SURPLUS LINES INSURANCE COMPANY | Property | SLSTPTY10713915 | Undetermined |
| WESTCHESTER FIRE INS CO | Excess Directors & Officers/Employment Practices Liability | G27559980 001 | Undetermined |
| WRIGHT NATIONAL  FLOOD | Flood | 461150684675 | Undetermined |
| WRIGHT NATIONAL  FLOOD | Flood | 46115064246004 | Undetermined |
| XL INSURANCE AMERICA, INC | Equipment Breakdown | US00070229PR15A | Undetermined |
| XL INSURANCE AMERICA, INC | Workers Compensation (All Other States Except Wa) | RWD3000708 | Undetermined |
| XL INSURANCE AMERICA, INC | Umbrella | US00070232LI15A | Undetermined |
| LLOYDS OF LONDON | Network Security/Privacy | W17CDB150101 | Undetermined |

TOTAL    Undetermined

**In re: Haggen Holdings, LLC**                                   **Case No. 15-11874 (KG)**

## SCHEDULE B PERSONAL PROPERTY
### Rider B.13 - Stock And Interests In Incorporated And Unincorporated Businesses

| Entity Name | Interest Of The Debtor | Net Book Value |
|---|---|---|
| Haggen Acquisition, LLC | 100% | $ (4,225,097) |
| Haggen Fuel Holdings, LLC | 100% | $ 5,599,543 |
| Haggen Opco North, LLC[3] | 100% | $ 17,504,606 |
| Haggen Opco South, LLC[3] | 100% | $ (13,799,948) |
| Haggen Operations Holdings, LLC | 100% | $ 95,334,154 |
| Haggen Property Holdings II, LLC | 100% | $ 24,054,460 |
| Haggen Property Holdings III, LLC | 100% | $ 12,400,232 |
| Haggen Property Holdings, LLC | 100% | $ 44,980,040 |
| Haggen Property North, LLC[1] | 100% | $ 49,834,708 |
| Haggen Property South, LLC[1] | 100% | $ 32,999,158 |
| Haggen SLB, LLC[2] | 100% | $ (26) |
| Haggen, Inc.[2] | 100% | $ 4,535,707 |

Total  $      269,217,537

The valuation information provided herein is based on the recorded subsidiary net book value as of August 13, 2015 (book value of assets less book value of liabilities) and is as represented in the Periodic Report of Debtor Pursuant to Bankruptcy Rule 2015.3, Docket no. 336 filed 10/8/2015.  The Debtors do not maintain fair market value or other bases of valuation for these entities.  Because these entitles do not operate on a stand-alone basis, the actual valuation of the entities may be materially different than the value recorded on a net book value basis.

(1)  Haggen Holdings, LLC is the ultimate parent company; Haggen Property Holdings, LLC is the direct parent company

(2)  Haggen Holdings, LLC is the ultimate parent company; Haggen Acquisition, LLC is the direct parent company

(3)  Haggen Holdings, LLC is the ultimate parent company; Haggen Operations Holdings, LLC is the direct parent company

In re   Haggen Holdings, LLC      ,     Case No. 15-11874 (KG)
      Debtor                                   (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

       State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

       List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

       If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

       If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

       Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

     [x]     Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| _0_ continuation sheets attached | | | Subtotal ▶ (Total of this page) | | | | $ 0.00 | $0.00 |
| | | | Total ▶ (Use only on last page) | | | | $ 0.00 | $0.00 |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

B6E (Official Form 6E) (04/13)

In re   Haggen Holdings, LLC_____,          Case No. 15-11874 (KG)_____
                 **Debtor**                                                    **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

[x]   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

[ ]    **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

[ ]    **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

[ ]    **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ]    **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

**B6E (Official Form 6E) (04/13) – Cont.**

In re  **Haggen Holdings, LLC** _____ ,         Case No. **15-11874 (KG)** _____
_____Debtor_____                      **(if known)**

☐    **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐    **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐    **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐    **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐    **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

\* Amounts are subject to adjustment on 4/01/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment**.**

**_0_  continuation sheets attached**

In re    Haggen Holdings, LLC                              ,        Case No. 15-11874 (KG)
_____
                    **Debtor**                                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>*AKERMAN LLP<br>PO BOX 4906<br>ORLANDO, FL 32802 | | | Trade Payable | X | | | $948,350.89 |
| ACCOUNT NO.<br><br>ALBERTSON'S LLC AND ALBERTSON'S HOLDINGS LLC<br>C/O GEOFFREY GRIVNER<br>BUCHANAN INGERSOL & ROONEY PC<br>919 NORTH MARKET STREET, SUITE 1500<br>WILMINGTON, DE 19801 | | | Potential Legal Claim | X | X | X | Undetermined |

|  |  |
|---|---|
| Subtotal ▶ | $ 948,350.89 |

  1  continuation sheets attached

|  |  |
|---|---|
| Total ▶ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

*Indicates an added claim to the current Schedule Amendments

B6F (Official Form 6F) (12/07) – Cont.

In re  **Haggen Holdings, LLC**                    ,          Case No.   **15-11874 (KG)**
_____
　　　　　　**Debtor**                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> ALBERTSON'S LLC AND ALBERTSON'S HOLDINGS LLC C/O GEOFFREY GRIVNER BUCHANAN INGERSOL & ROONEY PC 919 NORTH MARKET STREET, SUITE 1500 WILMINGTON, DE 19801 | | | Potential Legal Claim | X | X | X | Undetermined |
| ACCOUNT NO. <br><br> HAGGEN OPERATIONS HOLDINGS, LLC 2211 RIMLAND DRIVE BELLINGHAM, WA 98226 | | | Intercompany Payable Due to Haggen Operations Holdings, LLC | | | | $6,852,170.97 |
| ACCOUNT NO. <br><br> HAGGEN PROPERTY HOLDINGS II, LLC 2211 RIMLAND DRIVE BELLINGHAM, WA 98226 | | | Intercompany Payable Due to Haggen Property Holdings II, LLC | | | | $23,829,982.61 |
| ACCOUNT NO. <br><br> HAGGEN PROPERTY HOLDINGS, LLC 2211 RIMLAND DRIVE BELLINGHAM, WA 98226 | | | Intercompany Payable Due to Haggen Property Holdings, LLC | | | | $8,349,085.21 |
| ACCOUNT NO. <br><br><br> | | | | | | | |

Sheet no. _1_of_1_continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶   $ 39,031,238.79

Total ▶   $ 39,979,589.68
(Use only on last page of the completed Schedule F.)   + Undetermined
(Report also on Summary of Schedules and, if applicable, on the Statistical   Amounts
Summary of Certain Liabilities and Related Data.)

*Indicates an added claim to the current Schedule Amendments

B6G (Official Form 6G) (12/07)

In re   **Haggen Holdings, LLC** _____ ,          Case No.   **15-11874 (KG)** _____
               **Debtor**                                                                                    **(if known)**

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

   Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

[x]  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

**B6H (Official Form 6H) (12/07)**

In re   **Haggen Holdings, LLC**                                                    ,    Case No.   **15-11874 (KG)**
                          **Debtor**                                                                        **(if known)**

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

[ x ]   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

B6 Declaration (Official Form 6 - Declaration) (12/07)

**AMENDED**

In Re : Haggen Holdings, LLC                                    Case No. 15-11874 (KG)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____        Signature: _____
                                                                                        Debtor

Date _____        Signature: _____
                                                                                (Joint Debtor, if any)

[If joint case, both spouses must sign.]

........................................................................................................................................................

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____        _____
Printed or Typed Name and Title, if any,                        Social Security No.
of Bankruptcy Petition Preparer                                      *( Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

X _____        _____
Signature of Bankruptcy Petition Preparer                        Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

........................................................................................................................................................

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the <u>Chief Financial Officer</u> [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership] of the <u>Corporation</u> [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date_____12/10/2015_____        Signature:  \s\ Blake Barnett _____

                                                                   Blake Barnett _____
                                                                   [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

........................................................................................................................................................

*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.*