IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HAGGEN HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 15-11874 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Ref. Docket Nos. 853, 930, and 999 |

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP AS DELAWARE SPECIAL LITIGATION COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE *NUNC PRO TUNC* TO PETITION DATE

Upon the application (the "**Application**")[2] of the above captioned Debtors for the entry of an order authorizing the Debtors to employ and retain Morris, Nichols, Arsht & Tunnell LLP ("**MNAT**") as their special litigation counsel effective *nunc pro tunc* to the Petition Date pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtors have provided appropriate notice of the Application and the opportunity for a hearing on the Application under the circumstances and no other or further notice need be provided; and the Court having reviewed the Application and the Hurd Declaration; the Court being satisfied based on the representations made in the Application and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Haggen Holdings, LLC (7558), Haggen Operations Holdings, LLC (6341), Haggen Opco South, LLC (7257), Haggen Opco North, LLC (5028), Haggen Acquisition, LLC (7687), and Haggen, Inc. (4583). The mailing address for each of the Debtors is 2211 Rimland Drive, Bellingham, WA 98226.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

the Hurd Declaration; and the Court finding that MNAT does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters for which they are being retained; and it appearing that the relief requested in the Application and provided for herein is in the best interest of the Debtors, their estates, and creditors; and after due deliberation and sufficient cause appearing therefor; and the Court having found that the Debtors provided adequate and appropriate notice of the Application under the circumstances and that no other further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing held before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore; and good, adequate and sufficient cause has been shown to justify the immediate entry of this order; and after due deliberation and sufficient cause appearing therefor:

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. In accordance with section 327(e) of the Bankruptcy Code, the Debtors are authorized to employ and retain MNAT as their attorneys in accordance with the terms and conditions set forth in the Application and the Hurd Declaration effective *nunc pro tunc* to the Petition Date.

3. MNAT shall be entitled to compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local

Rules, the Revised UST Guidelines and any other applicable procedures and orders of the Court, including, without limitation, any order of this Court establishing procedures for interim compensation and reimbursement of professionals retained in these Chapter 11 Cases.

4. MNAT shall file the budgets approved by the Debtors for the applicable billing period with each monthly fee application.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application and the Hurd Declaration.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: December 14, 2015
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE