IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HAGGEN HOLDINGS, LLC, et al.[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-11874 (KG)<br><br>(Jointly Administered)<br><br>Objection Deadline: March 11, 2016 at 4:00 p.m. (ET)<br>Hearing Date: March 29, 2016 at 10:00 a.m. (ET) |

**APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER, PURSUANT TO 11 U.S.C. §§ 328, AND 1103, FED. R. BANKR. P. 2014, AND LOCAL RULE 2014-1, AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF GIULIANO, MILLER & COMPANY, LLC AS TAX ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO FEBRUARY 1, 2016**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (the "Debtors") submits this application (the "Application") for authority to employ and retain Giuliano, Miller & Company, LLC ("GMC") as tax advisors to the Committee in connection with the Debtors' chapter 11 cases (the "Cases"), *nunc pro tunc* to February 1, 2016, pursuant to sections 328 and 1103 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of the relief sought in the Application, the Committee submits the declaration of Donna M. Miller (the "Miller Declaration"), attached hereto as Exhibit A and incorporated herein by reference. In support of this Application, the Committee respectfully submits as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Haggen Holdings, LLC (7558); Haggen Operations Holdings, LLC (6341), Haggen Opco South, LLC (7257), Haggen Opco North, LLC (5028), Haggen Acquisition, LLC (7687), and Haggen, Inc. (4583). The mailing address for each of the Debtors is 2211 Rimland Drive, Bellingham, WA 98226.

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

**Background**

4. On September 8, 2015 (the "Petition Date"), the Debtors filed voluntary petitions with this Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Cases.

5. On September 21, 2015, the United States Trustee for Region 3 (the "U.S. Trustee") appointed the Committee to represent the interests of all unsecured creditors in these Cases pursuant to section 1102 of the Bankruptcy Code. The members appointed to the Committee are: (i) Unified Grocers, Inc., (ii) PepsiCo, Inc., (iii) Starbucks, (iv) Santa Monica Seafood, (v) United Food and Commercial Workers International, (vi) Valassis Communications, Inc., Valassis Direct Mail, Inc., and (vi) Spirit SPE HG 2015-1, LLC; c/o Spirit SPE Manager, LLC. The *Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 126] was filed on September 21, 2015.

6.  On November 10, 2015, the Court entered the *Order Authorizing and Approving the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to September 21, 2015* [Docket No. 670].

7.  Prior to the Petition Date, Debtor Haggen Holdings, LLC ("Haggen") executed an asset purchase agreement, dated December 10, 2014, with Albertson's LLC ("Albertson's"), pursuant to which Haggen purchased 146 stores from Albertson's (the "Albertson's Acquisition") for the total purchase price of $454 million. The Debtors have provided the Committee with a report prepared on December 4, 2015 by KPMG regarding the determination of the taxable gain from the disposition of such properties (the "KPMG Report").

8.  On February 1, 2016, the Committee retained GMC, subject to Court approval, as its tax advisors for the purpose of analyzing the determination of taxable gain from the disposition of property in connection with the Albertson's Acquisition. GMC's retention is requested as of February 1, 2016, as that is the date the Committee first requested GMC to render tax advisory services on behalf of the Committee, and GMC has been actively advising the Committee since that date.

**Relief Requested**

9.  By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as <u>Exhibit B</u>, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Committee to employ and retain GMC as its tax advisors in these Cases. The Committee seeks to retain GMC *nunc pro tunc* to February 1, 2016 because GMC began providing services to the Committee as of such date. The Committee believes that such *nunc pro tunc* retention is appropriate in these Cases because the Committee required the services of GMC prior to such

time as a retention application could be submitted to the Court due to the exigencies of these Cases, and GMC has been providing services to the Committee since February 1, 2016.

10. The Committee believes that it is necessary to employ GMC as its tax advisor and potential testifying expert to assist with the discrete issue of analyzing the KPMG Report and conducting an independent evaluation on behalf of the Committee with respect to determining the taxable gain from the disposition of property in connection with the Albertson's Acquisition and its effect on the Debtors' estates, including the impact on potential recoveries to general unsecured creditors. The services to be rendered by GMC to the Committee will also include preparing expert reports and, if necessary, providing expert testimony at trial, regarding such issues. Importantly, the services to be provided by GMC are limited in scope, and are separate and distinct from the services Zolfo Cooper, the Committee's financial advisor, is providing.

### Services to be Rendered

11. The services GMC may be required to render for the Committee include, without limitation, the following:

> a. Review, analyze and advise the Committee and its professionals with respect to the KPMG Report and conduct an independenat analysis of, and advise the Committee with respect to, the determination of taxable gain from the disposition of property in connection with the Albertson's Acquisition;
>
> b. Assist counsel in preparing for any depositions and testimony, prepare an expert report and/or testify as to its findings regarding the determination of taxable gain from the disposition of property in connection with the Albertson's Acquisition; and
>
> c. Render other such services and assistance regarding any issues associated with determining the taxable gain from the disposition of property in connection with the Albertson's Transaction as the Committee and its professionals may deem necessary with respect to which the Committee is not otherwise receiving advice and

assistance from Zolfo Cooper or the other Committee professionals.

**No Adverse Interest and Disclosure of Connections**

12.     Section 1103(a) of the Bankruptcy Code provides that the Committee may employ accountants and other professional persons to represent or assist the Committee in carrying out its duties.  Pursuant to section 1103(b) of the Bankruptcy Code, an attorney or accountant employed to represent the Committee may not represent any other entity havingan adverse interest in connection with these Cases only if such accountants and professional persons are disinterested as defined in section 101(14) of the Bankruptcy Code and do not hold or represent an interest adverse to the estates.

13.     Section 328(a) of the Bankruptcy Code empowers the Committee to employ, subject to Court approval, professional persons to perform services for it under any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

14.     GMC has advised the Committee that GMC neither (i) holds an adverse interest in connection with the Debtors' Cases, nor (ii) represents any other entity having an adverse interest in connection with the Debtors' Cases.

15.     The Committee has selected GMC because of its experience and knowledge and believes that GMC has no disqualifying conflicts of interest.  GMC has advised the Committee that it may have previously represented, may currently represent, and may in the future represent, in matters unrelated to the Debtors' Cases, entities that are claimants of the Debtors or other parties in interest in these Cases.  GMC has not and will not represent any such party, or any of their affiliates or subsidiaries, in relation to the Committee, the Debtors, or these Cases.  The Committee believes GMC is qualified to represent the Committee in these Cases.

**Professional Compensation**

16. The Committee requests that GMC be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that GMC incurs, in accordance with the ordinary and customary rates that are in effect on the date the services are rendered.

17. GMC has advised the Committee that GMC's current hourly rates are as follows:

| | | |
|---|---|---|
| a. | Senior Member | $625.00 |
| b. | Managers | $450.00 - $475.00 |
| c. | Senior Staff | $375.00 - $395.00 |
| d. | Staff | $250.00 - $295.00 |
| d. | Paraprofessional | $160.00 - $180.00 |

The Committee submits that GMC's customary hourly rates are reasonable.

18. No previous application for relief sought herein has been made to this or any other Court.

**Notice**

19. The Committee has provided notice of this Application to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors; (c) counsel to the Prepetition Secured Lenders and the DIP Lenders; and (d) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Committee submits that no other or further notice is necessary or required.

WHEREFORE, the Committee respectfully requests that this Court enter an order, substantially in the form of the order attached hereto as Exhibit B, authorizing the retention of Giuliano, Miller & Company, LLC as tax advisors to the Committee, *nunc pro tunc* to February 1, 2016 in connection with these Cases and grant such other and further relief as is just or proper.

Dated: February 11, 2016

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HAGGEN HOLDINGS, LLC, ET AL.

*/s/ M.M.K.*
Unified Grocers, Inc.
By: Mary M. Kasper

Solely in Unified Grocers, Inc.'s capacity as Co-Chair of the Official Committee of Unsecured Creditors of Haggen Holdings, LLC, *et al.*

and

_____
United Food and Commercial Workers International (UFCW)
By: James E. Blau

Solely in UFCW's capacity as Co-Chair of the Official Committee of Unsecured Creditors of Haggen Holdings, LLC, *et al.*

WHEREFORE, the Committee respectfully requests that this Court enter an order, substantially in the form of the order attached hereto as <u>Exhibit B</u>, authorizing the retention of Giuliano, Miller & Company, LLC as tax advisors to the Committee, *nunc pro tunc* to February 1, 2016 in connection with these Cases and grant such other and further relief as is just or proper.

Dated: February ____, 2016

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HAGGEN HOLDINGS, LLC, ET AL.

_____
Unified Grocers, Inc.
By: Mary M. Kasper

Solely in Unified Grocers, Inc.'s capacity as Co-Chair of the Official Committee of Unsecured Creditors of Haggen Holdings, LLC, *et al.*

and

_____
United Food and Commercial Workers International (UFCW)
By: James E. Blau

Solely in UFCW's capacity as Co-Chair of the Official Committee of Unsecured Creditors of Haggen Holdings, LLC, *et al.*