IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| HH LIQUIDATION, LLC, *et al.*[1] | Case No. 15-11874 (KG) |
| Debtors. | (Jointly Administered) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS on behalf of the bankruptcy estate of HH LIQUIDATION, LLC, et al., | Adv. Proc. No. 17-_____ (KG) |
| Plaintiff, | |
| v. | |
| PEPPERIDGE FARM, INCORPORATED, | |
| Defendant. | |

**COMPLAINT FOR AVOIDANCE AND RECOVERY
OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 & 550**

Plaintiff, the Official Committee of Unsecured Creditors on behalf of the bankruptcy estates of HH Liquidation, LLC and its affiliated debtors (the "Plaintiff" or "Committee"), for its *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550* (the "Complaint") against Pepperidge Farm, Incorporated (the "Defendant"), alleges as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: HH Liquidation, LLC (f/k/a Haggen Holdings, LLC) (7558), HH Operations, LLC (f/k/a Haggen Operations Holdings, LLC) (6341), HH Opco South, LLC (f/k/a Haggen Opco South, LLC) (7257), HH Opco North, LLC (f/k/a Haggen Opco North, LLC) (5028), HH Acquisition, LLC (f/k/a Haggen Acquisition, LLC) (7687), and HH Legacy, Inc. (f/k/a Haggen, Inc.) (4583). The mailing address for each of the Debtors is 26895 Aliso Creek Road, Suite B-1003, Aliso Viejo, California 92656.

DOCS_DE:215223.1 33152/004

**Nature of the Action**

1. The Plaintiff brings this action against the Defendant to avoid and recover preferential transfers that occurred during the 90-day period prior to commencement of the above-captioned bankruptcy cases.

**The Parties**

2. On September 21, 2015, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee appointed the Committee, the members of which are (i) Unified Grocers, Inc., (ii) PepsiCo, Inc., (iii) Starbucks, (iv) Santa Monica Seafood, (v) United Food and Commercial Workers International, (vi) Valassis Communications, Inc./Valassis Direct Mail, Inc., and (vii) Spirit SPE HG 2015-1, LLC, c/o Spirit SPE Manager, LLC.

3. Upon information and belief, the Defendant is a corporation formed under the laws of the State of Connecticut, with its principal place of business at 595 Westport Avenue, Norwalk, Connecticut.

**Jurisdiction and Venue**

4. This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Committee confirms its consent pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of final orders or judgments by the Court to the extent that it is later

determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure and is a core proceeding under 28 U.S.C. §157(b).

6. Venue herein is proper pursuant to 28 U.S.C. §§ 1409(a) and 1409(c).

7. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 547 and 550.

## Case Background

8. On September 8, 2015 (the "Petition Date"), each of the above-captioned Debtors (the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases. The Debtors' chapter 11 cases are jointly administered under Case No. 15-11874 (KG).

9. Pursuant to its August 18, 2017 *Order Approving Stipulation and Order Authorizing Official Committee of Unsecured Creditors to Assert Avoidance Actions* [Dkt No. 2915], the Court granted authority for the Committee to prosecute and settle avoidance actions on behalf of the Debtors' estates, with any settlements subject to Court approval.

## Facts

10. The Debtors are six affiliated companies that operate grocery stores throughout the West Coast through three Debtor entities: Haggen, Inc., Haggen Opco North, LLC, and Haggen Opco South, LLC. The Debtors are also affiliated with seven other non-debtor

entities, including the Haggen Property Holdings, LLC affiliates.  Comvest Group Holdings LLC owns the majority of the equity interests in the combined Haggen enterprise.

11. Prior to the Petition Date, either or both of Debtors Haggen Operations Holdings, LLC ("Opco") or Haggen, Inc. made payments to Defendant for goods and/or services provided to the Debtors pursuant to invoices or statements submitted by Defendant to the Debtors, including but not limited to the transactions between the parties identified on Exhibit A attached hereto.  Payments by Opco were related to goods or services provided to stores acquired by the Debtors in the Pacific Southwest, while payments by Haggen, Inc. were related to goods or services provided to the Debtors' Pacific Northwest "legacy" stores.

12. During the ninety days prior to the Petition Date, the Debtors made payments to or for the benefit of the Defendant, including those identified on Exhibit A attached hereto (collectively, the "Transfers") and incorporated herein by this reference.  Exhibit A sets forth the details of each of the Transfers, including the identity of the transferor Debtor, check or payment number, payment date, clear date and payment amount.  The aggregate amount of these Transfers is not less than $473,673.05; by this action, the Committee intends to pursue all amounts paid by the Debtors to Defendant during the ninety days prior to the Petition Date.

13. Plaintiff understands that agreements between the Debtors and purchasers of certain store leases and other assets may have included a release of preferential transfer avoidance claims potentially arising out of payments for goods and services purchased by the applicable stores.  Plaintiff has been unable to obtain detailed information by which to identify the potentially affected payments and underlying invoices.  Thus, while this action includes all transfers to Defendant during the preference period, Plaintiff will work with the Defendant to

identify any transactions that may have been released from avoidance as a result of the above-mentioned store lease sales and will amend this complaint or otherwise reach agreement as to a reduced demand, if applicable.

14. Although it is possible that some Transfers might be subject in whole or in part to defenses under 11 U.S.C. § 547(c), Defendant bears the burden of proof pursuant to 11 U.S.C. § 547(g) to establish any defenses under 11 U.S.C. § 547(c). Plaintiff will work with Defendant to review and reconcile information and analyze any asserted defenses with the goal of informal resolution, if possible.

### First Claim for Relief

### (Avoidance of Preferential Transfers—11 U.S.C. § 547)

15. The Plaintiff repeats and realleges the allegations in each of paragraphs above, as though fully set forth at length.

16. Within the ninety days prior to the Petition Date, the identified Debtor made the Transfers to Defendant in the total amount of $473,673.05, as more specifically described in Exhibit A.

17. Each of the Transfers to the Defendant was a transfer of property of the identified Debtor.

18. Each of the Transfers to the Defendant was made to or for the benefit of the Defendant.

19. The Defendant was a creditor of the identified Debtor (within the meaning of 11 U.S.C. § 101(10)) at the time each of the Transfers was made or, alternately, received the Transfers for the benefit of a creditor or creditors of the identified Debtor.

20. Each of the Transfers to the Defendant was made on account of an antecedent debt owed by the Debtors to the Defendant before the Transfer was made.

21. Each of the Transfers was made while the identified Debtor was insolvent. The identified Debtor is presumed to be insolvent during the 90 days preceding the Petition Date pursuant to 11 U.S.C. § 547(f).

22. Each of the Transfers enabled the Defendant to receive more than the Defendant would have received if (i) the transfers and/or payments had not been made, and (ii) the Defendant received payment on account of the debt paid by each of the Transfers to the extent provided by the Bankruptcy Code.

23. As of the date hereof, the Defendant has not returned any of the Transfers to the Plaintiff.

24. The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided.

## Second Claim for Relief

### (Recovery of Property—11 U.S.C. § 550)

25. The Plaintiff repeats and realleges the allegations in each of the paragraphs above, as though fully set forth at length.

26. Pursuant to 11 U.S.C. § 550(a), to the extent that a transfer is avoided under 11 U.S.C. § 547, the Plaintiff may recover, for the benefit of the estate, the property transferred or the value thereof from (a) the initial transferee of the transfer or the entity for whose benefit the transfer was made or (b) any immediate or mediate transferee of the initial transferee.

27. The Defendant is either the (a) initial transferee of the Transfers, the entity for whose benefit the Transfers were made, or (b) an immediate or mediate transferee of the initial transferee.

28. Subject to the Defendant's potential defenses, the Plaintiff is entitled to recover the value of the Transfers pursuant to 11 U.S.C. § 550(a).

**WHEREFORE,** the Plaintiff prays for judgment as follows:

29. For a determination that each of the Transfers is avoidable as a preferential transfer under 11 U.S.C. § 547, and that the Plaintiff is entitled to recover the Transfers in the total amount of $473,673.05 under 11 U.S.C. § 550;

30. For costs of suit incurred herein, including, without limitation, attorneys' fees;

31. For pre- and post-judgment interest on the judgment amount to the fullest extent allowed by applicable law; and

32. For such other and further relief as the Court may deem just and proper.

Dated:  September 8, 2017           PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Bradford J. Sandler*
Bradford J. Sandler (DE Bar No. 4142)
Andrew W. Caine (CA Bar No. 110345)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
Email:    bsandler@pszjlaw.com
          acaine@pszjlaw.com
          pkeane@pszjlaw.com

*Counsel to Plaintiff, the Official Committee of Unsecured Creditors*