```
                    UNITED STATES BANKRUPTCY COURT
                        DISTRICT OF DELAWARE

                                        .  Chapter 11
                                        .
IN RE:                                  .
                                        .  Case No. 15-11874 (KG)
HH LIQUIDATION, LLC, et al,             .
                                        .
                                        .  Courtroom No. 3
                                        .  824 Market Street
                       Debtors.         .  Wilmington, Delaware 19801
                                        .
. . . . . . . . . . . . . . . . . . . . .  Friday, October 13, 2017
OFFICIAL COMMITTEE OF UNSECURED         .
CREDITORS OF HH LIQUIDATION,            .  Adv. Proc. 16-51204
                                        .
              v.                        .
                                        .
COMVEST GROUP HOLDINGS, LLC,            .
et al.                                  .
. . . . . . . . . . . . . . . . . . . . .

                 TRANSCRIPT OF TELEPHONIC CONFERENCE
                  BEFORE THE HONORABLE KEVIN GROSS
                    UNITED STATES BANKRUPTCY JUDGE


APPEARANCES VIA TELEPHONE:

For the Debtors:            Matthew Lunn, Esq.
                            Ian J. Bambrick, Esq.
                            YOUNG, CONAWAY, STARGATT
                             & TAYLOR, LLP

                            Frank Merola, Esq.
                            STROOCK & STROOCK & LAVAN, LLP

(Appearances Continued)

Audio Operator:             Electronically Recorded
                            by Ginger Mace, ECRO

Transcription Company:      Reliable
                            1007 N. Orange Street
                            Wilmington, Delaware 19801
                            (302)654-8080
                            Email:  gmatthews@reliable-co.com


Proceedings recorded by electronic sound recording, transcript
produced by transcription service.
```

```
APPEARANCES VIA TELEPHONE:   (Continued)

For the Official Committee
of Unsecured Creditors:      Colin R. Robinson, Esq.
                             John A. Morris, Esq.
                             Maria A. Bove, Esq.
                             Robert J. Feinstein, Esq.
                             Bradford Sandler, Esq.
                             PACHULSKI, STANG, ZIEHL
                              & JONES, LLP

For the Defendants:          Kevin J. Mangan, Esq.
                             Philip J. Mohr, Esq.
                             WOMBLE, CARLYLE, SANDRIDGE
                              & RICE, LLP

                             Richard U.S. Howell, Esq.
                             Jeffrey Lula, Esq.
                             KIRKLAND & ELLIS, LLP

For PepsiCo:                 Jeremy C. Kleinman, Esq.
                             FRANK GECKER, LLP

For United Grocers:          Ryan A. Miller, Esq.
                             Alison Keefe, Esq.
                             SKADDEN, ARPS, SLATE, MEAGHER
                              & FLOM, LLP

For Albertsons Companies:    Michael M. Dingel, Esq.
                             ALBERTSONS COMPANIES, LLC

For Spirit:                  Craig S. Ganz, Esq.
                             BALLARD SPAHR, LLP

For City Bank:               Thaddeus D. Wilson, Esq.
                             KING & SPALDING, LLP
```

INDEX

                                                                Page

COLLOQUY RE:   CONFIDENTIALITY ISSUES                              4

1       (Proceedings commence at 12:59 p.m.)

2       THE COURT:  Counsel, good afternoon.  Judge Gross is

3  on the telephone, and we are having a -- I think a discussion

4  regarding the confidential nature of materials that may be

5  introduced at trial, if I'm not mistaken.

6       MR. MANGAN:  That's correct, Your Honor.  This is

7  Kevin Mangan of Womble Carlyle.

8       THE COURT:  Yes.

9       MR. MANGAN:  Thank you for agreeing to have this short

10  telephonic conference with the Court.

11       With me today I have Jeff Lula of Kirkland & Ellis,

12  and my partner Phil Mohr is also on the line.

13       THE COURT:  Wonderful.  Hello, gentlemen.

14       MR. ROBINSON:  Your Honor?

15       THE COURT:  Yes.

16       MR. ROBINSON:  It's Colin Robinson, Pachulski, Stang,

17  Ziehl & Jones.  On the line with me today is John Morris, who

18  will be speaking to you on behalf of the plaintiffs with regard

19  to the confidentiality issues.

20       THE COURT:  All right.  Thank you, Mr. Robinson.

21       Hello, Mr. Morris.

22       MR. MORRIS:  Good afternoon, Your Honor.  I'm here

23  also with my partner Alan Kornfeld.

24       THE COURT:  All right.

25       MR. MORRIS:  There's two -- we're grateful for the

1  short notice and allowing us to be heard.  There's really just
2  two items we wanted to address.  And gratefully, they are
3  substantially smaller than we anticipated just a day or two
4  ago.
5          The first is just a question of logistics.  We've all
6  been working hard to try to finalize the sets of exhibits, the
7  objections, the deposition designations, and the like.  I
8  think, as soon as this call is over, or shortly thereafter, the
9  plaintiffs will deliver to chambers all of the deliverables
10 that we intended to provide.
11         Now, as Your Honor won't be surprised to hear, there
12 are still, at the real margins, certain issues that are still
13 being ironed out, and they may continue through the weekend.
14 We're talking about a very, very modest number of, perhaps,
15 objections or redactions to certain documents.  But with the
16 Court's permission and indulgence, we'll get you everything
17 very shortly, and if we have to supplement it on Monday
18 morning, we'll do that.
19         THE COURT:  That's fine, Mr. Morris.
20         MR. MORRIS:  Okay.  So, with respect to the issue of
21 confidentiality, earlier this week, we exchanged exhibit lists
22 and I think we were all pretty careful to make sure that we
23 noted those exhibits that had been marked as confidential,
24 pursuant to this Court's confidentiality order.
25         And over the last few days, we provided written notice

1  to, not only the parties, but to all of the non-parties that
2  produced documents on a confidential basis.  We asked them if
3  they could either withdraw the designation, provide portions of
4  redacted copies, or participate in this teleconference now.
5  And we gave notice to all of the interested parties.  And I
6  don't know if there's anybody on the line who is representing
7  anyone, other than the plaintiff or any of the defendants.  If
8  so, I would request that you identify yourself.
9           MR. MEROLA:  Good morning.  This is Frank --
10          MR. GANZ:  This sounds like a good time here.  It's
11 Craig Ganz on behalf of Spirit SPE HG 2015-1, LLC.  Good
12 morning.
13          THE COURT:  All right.
14          MR. MEROLA:  And Frank Merola --
15          MR. GANZ:  Actually --
16          MR. MEROLA:  -- on behalf of --
17          MR. GANZ:  -- I should say good afternoon.
18          MR. MEROLA:  I'm sorry.  Good afternoon.  Frank Merola
19 of Stroock & Stroock & Lavan, on behalf of the debtors and
20 debtors-in-possession.
21          THE COURT:  All right.
22          MR. LUNN:  And Matt Lunn from Young Conaway, on behalf
23 of the debtors.
24          THE COURT:  All right.
25          MR. KLEINMAN:  Good afternoon, Your Honor.

1             THE COURT:  Good afternoon.

2             MR. KLEINMAN:  Jeremy Kleinman from the law firm of

3   Frank Gecker, representing PepsiCo, Inc.

4             THE COURT:  All right.

5             MR. MORRIS:  So, Your Honor, we were --

6             MR. DINGEL:  I apologize.  Good afternoon, Your Honor.

7   this is Mike Dingel.  I'm in-house counsel, representing

8   Albertsons.

9             THE COURT:  All right.  Anyone else?

10      (No verbal response)

11            THE COURT:  All right.  That's it.

12            MR. MORRIS:  All right.  So that's really the issue,

13  Your Honor, is there are several interested parties on the

14  call, who have either designated deposition testimony or

15  certain documents as either confidential or attorneys' eyes

16  only, advisors' eyes only, under the Court's order of

17  confidentiality.  And I guess I would defer to the Court, as to

18  if the Court would like to hear from each of the interested

19  parties at this point.

20            THE COURT:  Yes, I would.  I'd like to know if they

21  continue to maintain the confidential nature of the documents.

22            MR. MEROLA:  Your Honor, Frank Merola on behalf of the

23  debtors and debtors-in-possession.  The debtors have withdrawn

24  their confidentiality objections to any of their documents.

25  The only issue is some of those confidentiality designations

1    were mutual, with the other party to the document, so we can't

2    withdraw the other party's confidentiality designation.

3              THE COURT:  Right.  Okay.  Who else would like to be

4    heard?

5              MR. KLEINMAN:  Your Honor, Jeremy Kleinman on behalf

6    of Pepsi.  We had, you know, produced a number of documents,

7    really relying on the protections of the Court, provided in its

8    protective order, and which we've made substantial efforts to

9    identify those documents in which we could relax the

10   protections required.

11             But with respect to the remaining documents, Mr. Mohr

12   and I have had conversations to try to find a work-around, as

13   it were.  But the documents in question really show the manner

14   in which PepsiCo manages its risk with its customers, and with

15   thousands of customers across the country, everything from gas

16   stations to movie theaters to Target to even in clothing

17   stores, our products are available for sale.  And they have a

18   strong interest in protecting this information from public

19   disclosure.

20             Obviously, Pepsi is not a party to this litigation

21   directly, and did -- you know, complied with the subpoenas and

22   didn't seek to fight the subpoenas based on the assurances

23   provided by the protective order, including Paragraph 17, which

24   sets forth a very specific process that the parties would need

25   to undertake before any of these issues even come before Your

1  Honor.  And that was not -- has not yet been performed here.

2         And so, you know, Pepsi absolutely wishes to stand by

3  its designations to the extent necessary, and asks, you know,

4  if the documents are to be used, that they be submitted to the

5  Court in camera or under seal, and that there not be public

6  reference to them.

7         And I've done limited research in the 48 hours since

8  this issue was, you know, brought to us.  And it -- although

9  it's unpublished, Judge Walrath's opinion in the <u>American</u>

10 <u>Business Financial Services, Inc.</u> case talks specifically about

11 protecting documents that contain confidential business

12 information, including the method by which, in this case,

13 Greenwich assessed credit risk, in determining whether to

14 provide financing.  And we feel that, for the reasons in that

15 opinion, and frankly, for the reasons the protective order was

16 granted in the first place, that our confidential business

17 records should continue to enjoy all the protections provided.

18         THE COURT:  All right.  Let me ask Mr. Morris.  Mr.

19 Morris, are you planning to introduce any of those documents

20 into evidence?

21         MR. MORRIS:  No, Your Honor.  In fact, we fully

22 support Pepsi in its efforts to maintain these documents in

23 confidence.  But these -- Mr. Kleinman said Mr. Mohr, M-o-h-r,

24 Phil Mohr, who's at Womble Carlyle; he's counsel for the

25 defendants.  So these are really the defendants' documents.

1  But the plaintiffs, the committee, has no objection to
2  providing Pepsi with whatever protection it believes it needs
3  and the Court finds to be reasonable.
4          THE COURT: All right. How about you, Mr. Mohr or Mr.
5  Lula?
6          MR. MOHR: Good afternoon, Judge. Philip Mohr here,
7  on behalf of the defendants. I don't mean to talk past Your
8  Honor, but if I could, just for a moment, Judge, ask Mr.
9  Kleinman if he has seen the email that I replied to, where he
10 had a proposal red-lined out on resolving this issue, and if he
11 has seen where I have -- what I understood to be his proposal
12 to resolve it. And I had written back to say that we have --
13 we had accepted it.
14         I don't want to take up, unnecessarily, the Court's
15 time. I'm just not sure that email got to him before he went
16 on the call, but -- so if I could just pose that to the Court,
17 and maybe Mr. Kleinman can respond.
18         THE COURT: That's fine, Mr. Mohr.
19         MR. KLEINMAN: Certainly.
20         THE COURT: Yes.
21         MR. KLEINMAN: Your Honor, I did receive Mr. Mohr's
22 email, and I'm still awaiting final approval from my client and
23 -- to determine whether they would like additional statements
24 in -- the proposed solution is a stipulation or an affidavit,
25 something that would just, essentially, protect the

1    confidential business information contained in the documents,

2    and yet, at the same time, convey the facts that are

3    represented in some of those documents that the defendants wish

4    to bring to the Court's attention.

5            The one issue that Mr. Mohr and I are not able to

6    resolve completely on our own, obviously, is what the Court

7    would do with respect to those documents, in terms of any

8    reference to them in any sort of opinion, or if the Court

9    insisted on included them in the publicly available record.

10   Obviously, in that regard, it was why we felt necessary to

11   communicate the basis for our position, and our hopes that the

12   Court would be willing to facilitate the continued protection

13   of those documents --

14           THE COURT:  Well, I am --

15           MR. KLEINMAN:  -- from public disclosure.

16           THE COURT:  -- certainly very sensitive to the

17   confidentiality of documents.  I don't necessarily wish to

18   close the courtroom, but perhaps there's a way around that, in

19   the way the documents are referred to, but I don't know until

20   we get there, I don't think.  Mr. Mohr, is that the case?

21           MR. MOHR:  Yes.  Well, Judge, I won't dive into the

22   merits of the individual documents.  I -- what I would say is

23   where we sort of -- where I understand that we are right now is

24   the proposal was, if we could reach an agreement on this

25   stipulation, then the documents themselves would be placed

1  under seal.  We would have no problem, we would not object to
2  it.
3          And to the extent that we included it in any of our
4  written references to any of the written papers, the findings
5  of facts or conclusions of law, that we would redact that
6  portion from our brief or from our proposal, so that there
7  would be no, you know, written reference at all that anyone
8  could see when they pull it up.
9          Now what Your Honor does with it, you know, I --
10 obviously, we can't even suggest anything, so -- but that was
11 how we were -- we -- that is the offer that is currently being
12 discussed right now.  And I would think that would address a
13 lot of the issues of Pepsi.  But again, I'm not sure where
14 Pepsi is exactly standing on that, if that answers Your Honor's
15 question.
16         THE COURT:  Well, it does, from your standpoint, Mr.
17 Mohr, I appreciate that.  And I would be sensitive to it, in
18 the opinion.  I don't know that I would have to make direct
19 reference; I could probably make oblique references to the
20 document, if necessary, or documents.
21         But let -- Mr. Kleinman, does this work for you, or do
22 you need to get back to Mr. Mohr at some point this afternoon?
23         MR. KLEINMAN:  Your Honor, subject to just the --
24 really, if my client has any additional information it would
25 wish to include in the stipulation, it certainly works for us.

1  And we appreciate both Mr. Mohr's efforts -- Mr. Morris'
2  efforts in addressing it, from the committee's standpoint, you
3  know, previously, and obviously, the Court's efforts, as well.
4        THE COURT:  All right.  All right.  I think we can
5  work with this.
6        Who else wishes to be heard about their documents?
7        UNIDENTIFIED:  Good afternoon --
8        MR. DINGEL:  Your Honor, this is Mike Dingel with
9  Albertsons.  Albertsons produced many documents, a lot of them
10 under a confidential designation.  I was approached earlier
11 this week by both the committee and Comvest to de-designate a
12 number of documents, with one exception.  Albertsons has agreed
13 to de-designate those documents, so they're no longer marked
14 with a confidential privilege.
15       The one exception is defendant's exhibit 0052.  That
16 is a draft of the asset purchase agreement between Albertsons
17 and Haggen.  I mentioned to both counsel, for both parties,
18 that Albertsons was fine de-designating that document.  But
19 there, potentially, are interests by Comvest and the debtors in
20 that document because they may claim it to be confidential.  I
21 now understand Comvest has agreed to not consider it
22 confidential.
23       I haven't heard -- I didn't hear, before this hearing,
24 about the debtors.  Based on what Mr. Merola had mentioned, it
25 sounds like they are not claiming confidentiality with their

1          documents.

2                   THE COURT:  That's what it sounded like to me.  But

3          Mr. Merola, do you want to confirm that?

4                   MR. MEROLA:  That's correct.  For purposes of this

5          trial, Your Honor, the debtor is not asserting confidentiality

6          on those documents.

7                   THE COURT:  Okay.  All right.  So --

8                   MR. DINGEL:  Okay.  So it sounds like we're in

9          agreement that DX-0052 will be de-designated, from Albertsons'

10         perspective.

11                  THE COURT:  All right.  Well, I appreciate your help.

12                  MR. DINGEL:  So we're all good.

13                  THE COURT:  Thank you.  Thank you very much.

14                  Who else?

15                  MR. GANZ:  Your Honor, Craig Ganz on behalf of Spirit.

16                  THE COURT:  Yes.  Good afternoon.

17                  MR. GANZ:  Like the rest of the third parties here, we

18         were approached, as well, in relation to a de-designation of

19         multiple exhibits that the parties wanted to use, that we had

20         previously deemed confidential.  I have worked with Mr. Morris,

21         on behalf of the UCC, and we are at a point where they are no

22         longer using two of the documents, which were credit memos, so

23         that eliminates that issue.  And the remaining documents that

24         they expressed that they intended to us, Spirit was okay with

25         de-designating those as confidential.  So that ends any sort of

1  issue with the committee.

2         Moving on to the Comvest issues.  Comvest expressed
3  that they wanted to continue to use both of the credit memos.
4  The credit memos are, for the most part, identical.  One is
5  executed; one is unexecuted.  We continued to express concern
6  about the use of those credit memos, as those are highly
7  confidential and, in a sense, have certain, what we would deem
8  trade secrets associated with them, in their format and use.

9         I had conversations specifically with Comvest's, I
10 believe, expert, or counsel working with the expert, who was
11 kind enough to provide me with a highlighted copy of the credit
12 memos, to show me which exact portions they wanted to use.
13 After a review of those portions, we had determined that we are
14 willing to remove the confidential designation.

15        And we, I believe, have come to an agreement.  The
16 remainder of the document will be redacted.  And just so
17 everyone is clear, I just wanted to make sure that I have
18 confirmation from Comvest in that regard.

19        THE COURT:  All right.  Who will confirm for Comvest?
20        MR. LULA:  Your Honor, this is Jeffrey Lula on behalf
21 of defendants.  I had the conversation with Mr. Ganz about
22 this.  And I believe we have an agreement on the credit
23 memoranda.  We were able to give to him the portions that we
24 intended to use at trial.  He was able to, as he said, confirm
25 with his client that that was not confidential.  For the

1   purposes of the trial, the rest of the credit memoranda will be
2   redacted.
3            And similar to what Mr. Mohr said with Pepsi, we're
4   happy to have the actual credit memoranda be placed under seal,
5   so that, in case, as part of findings of fact or Your Honor's
6   order, we would have -- you would have the benefit of the
7   entire credit memoranda, but under seal, and we would have the
8   opportunity to redact out any sentences that are outside of the
9   highlighting.
10           But you know, for the purposes of the immediate trial
11  that will be open to the public, I believe we have an agreement
12  with Spirit and Mr. Ganz, such that that will not be an issue.
13           THE COURT:  Well --
14           MR. GANZ:  That's correct.
15           THE COURT:  That's fine, then.  That's certainly
16  acceptable to me, to the Court.
17           MR. GANZ:  Yeah, no.  That's absolutely fine.  And the
18  next progression of having the entire document under seal would
19  be equally preferable, so that's fine.
20           THE COURT:  Okay.  All right.  Good.  I think that
21  covered everybody on the phone, but let me just ask.  Is there
22  anyone else who wishes to be heard here?
23     (No verbal response)
24           THE COURT:  All right.  I hear no one speaking up.  So
25  I think we've certainly dealt with the confidential nature of

1   documents and introducing them at trial and having an open
2   courtroom.
3           Is there anything else we could cover in this
4   telephone call?
5           MR. MORRIS:  For the committee, Your Honor, John
6   Morris.  I don't believe so.  I think we're in a pretty good
7   position.  To the extent that there are any developments, in
8   terms of redactions or removal of exhibits or anything of that
9   nature, I'm sure, if it takes a moment or two at the beginning
10  of Monday's session, we'll do it, get it out of the way.  And
11  my hope is that we can begin pretty promptly at 9.
12          THE COURT:  All right.  That's certainly fine with the
13  Court.
14          Anything else then?
15          MR. MOHR:  Judge, Phil Mohr on behalf of the
16  defendants.  We don't have anything else.  Thank you, Your
17  Honor, for your time again.
18          THE COURT:  Well, thank you all.  I'm glad this went
19  as well as it did.  And I know you'll have a busy weekend, as
20  will I.  And I will see you Monday morning.  Have a good --
21          COUNSEL:  Thank you.  Thank you, Your Honor.
22          THE COURT:  Have a good weekend.  Good bye now.
23      (Proceedings concluded at 1:18 p.m.)
24                                  *****

```
1                         CERTIFICATION
2           I certify that the foregoing is a correct transcript
3    from the electronic sound recording of the proceedings in the
4    above-entitled matter to the best of my knowledge and ability.
5
6
7
8    /s/ Coleen Rand                          October 14, 2017
9    Coleen Rand
10   Certified Court Transcriptionist
11   For Reliable
```