**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HH Liquidation, LLC, *et al.*,[1] | ) | Case No. 15-11874 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Ref. Docket No. 3887** |

**DECLARATION OF MATTHEW HENRY IN SUPPORT OF
CONFIRMATION OF PLAN OF LIQUIDATION FOR HH LIQUIDATION, LLC
PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

I, Matthew Henry, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a Senior Director with Alvarez & Marsal North America, LLC (together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors, "**A&M**"), a global restructuring advisory firm. I have more than 10 years of corporate restructuring experience advising companies in distressed and bankruptcy situations. I have worked with clients across a wide range of industries, including retail, wholesale, manufacturing, media, energy, and real estate. I received my MBA from the W.P. Carey School of Business at Arizona State University and my bachelor's degree in finance from the University of Nevada.

2. On September 8, 2015, HH Liquidation, LLC (the "**Debtor**") and its affiliated debtors and debtors-in-possession (collectively, the "**Debtors**") each filed a voluntary petition

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: HH Liquidation, LLC (f/k/a Haggen Holdings, LLC) (7558), HH Operations, LLC (f/k/a Haggen Operations Holdings, LLC) (6341), HH Opco South, LLC (f/k/a Haggen Opco South, LLC) (7257), HH Opco North, LLC (f/k/a Haggen Opco North, LLC) (5028), HH Acquisition, LLC (f/k/a Haggen Acquisition, LLC) (7687), and HH Legacy, Inc. (f/k/a Haggen, Inc.) (4583). The mailing address for each of the Debtors is 26895 Aliso Creek Road, Suite B-1003, Aliso Viejo, California 92656.

for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, thereby commencing the above-captioned chapter 11 cases.

3. I submit this declaration (the "**Declaration**") in support of confirmation of the *Plan of Liquidation for HH Liquidation, LLC Pursuant to Chapter 11 of the Bankruptcy Code*, dated August 24, 2018, and attached as Exhibit 1 to the Disclosure Statement (including all exhibits thereto, and as may be amended, modified, or supplemented from time to time, the "**Plan**").[2]

4. Except as otherwise indicated, all facts set forth in this Declaration are based on: (a) my personal knowledge or my discussions with other professional advisors or representatives of the Debtors; (b) my review of relevant documents; (c) my experience with and knowledge of the Debtors' business and financial condition; and (d) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel to the Debtors. If I were called upon to testify, I could, and would, testify competently to the facts set forth herein.

**A.    Background**

5. A&M was retained by the Debtors prior to the Petition Date. Since its retention, A&M has provided general restructuring and financial advice to the Debtors, including the evaluation of the Debtors' business plan and strategic alternatives, support for cash flow forecasting, assistance with communications with constituents, preparation for first day motion relief and subsequent bankruptcy reporting, and assistance with operational implementation of store closures and asset sales. During the course of this engagement, A&M has worked closely with the Debtors' management and other retained professionals (including at the Debtors' offices

---

[2] Capitalized terms used but not otherwise defined herein have the meaning given to them in the Plan.

in California and Washington), and became well-acquainted with the Debtors' business operations and capital structure. Additionally, I am familiar with the Plan and the liquidation analysis included as Exhibit 3 of the Disclosure Statement (the "**Liquidation Analysis**"), which Liquidation Analysis A&M had principal responsibility for reviewing and preparing. A&M is being compensated for its work on the Debtors' restructuring as set forth in the engagement letter attached as Exhibit C to A&M's retention application [Docket No. 166], which was approved by the Bankruptcy Court [Docket No. 406].

**B.     The Plan Is in the Best Interests of Creditors (Section 1129(a)(7))**

6.     Based on the Liquidation Analysis, the Plan is in the best interests of creditors because each Class of Claims and Equity Interests to which such test applies has (a) voted to accept the Plan or (b) will receive a recovery under the Plan that is not less than the recovery that such Class would be expected to receive in a hypothetical chapter 7 liquidation scenario.

7.     More specifically, I understand that the best interest of creditors test does not apply to Class 1 (Priority Non-Tax Claims), Class 2 (Secured Claims), Class 3 (Albertsons Settlement Claim), Class 5 (General Unsecured Claims) and Class 6 (Intercompany Claims) because such Classes are Unimpaired under the Plan.

8.     Therefore, it is my understanding that, in order to satisfy the best interests test, the Debtor must demonstrate that Holders in (a) Impaired Class 4 (SLB Unsecured Claims), which will receive a 90% recovery under the Plan, (b) Impaired Class 7 (Class A Equity Interests), which are expected to receive a 25% recovery under the Plan, and (c) Impaired Class 8 (Other Equity Interests), which are expected to receive no recovery under the Plan, have either (x) voted to accept the Plan or (y) will receive an amount under the Plan as of the Effective Date that is not

less than the amount that such Holders would receive in a hypothetical chapter 7 liquidation as of such date.

9. I have been informed that each Holder of a Claim and Equity Interest in Class 4 and Class 7, as applicable, has voted to accept the Plan, leaving Class 8 as the only Impaired Class deemed to have rejected the Plan. Thus, based on the Liquidation Analysis, the best interests of creditors test has been satisfied with respect to Class 4 and Class 7.

10. Moreover, as set forth in the Liquidation Analysis, Holders in Class 8 are expected to receive no recovery under a hypothetical chapter 7 liquidation. Given that the recovery expected to be available to Holders in Class 8 under the Plan (0%) is not less than the recovery expected to be available to such Holders in a chapter 7 liquidation (0%), the best interests of creditors test is satisfied with respect to Class 8 as well.

C.  **Feasibility of the Plan (Section 1129(a)(11))**

11. Based on the Liquidation Analysis, the Plan is feasible and not likely to be followed by a liquidation or need for further financial reorganization of the Plan Debtor (unless such liquidation or reorganization is proposed in the Plan) in the foreseeable future. Based on A&M's analysis, the Plan Debtor expects to have sufficient Cash on hand as of the Effective Date to fund the payments to Holders of all Allowed Claims and Allowed Equity Interests on the Effective Date (or when they are otherwise required to be paid under the Plan), pursuant to the terms of the Plan, and to satisfy all other obligations under the Plan.

12. In particular, the Plan provides that the Plan Administrator shall establish the Reserves (consisting of the Administrative Claims Reserve, the Disputed Claims Reserve and the Operating Reserve) and the Professional Fee Claims Escrow, each in accordance with the terms

of the Plan and the Plan Administration Agreement, thereby ensuring sufficient funding to satisfy the Plan Debtor's obligations under the Plan.

13. Furthermore, as reflected in the Liquidation Analysis, Holders of Class 7 Class A Equity Interests are expected to receive an estimated recovery in excess of $21.0 million of value under the Plan. This projected recovery amount is in compliance with the Global Settlement Agreement, which requires an initial Plan distribution to such Holders of no less than $21.0 million on or as soon as reasonably practicable after the Effective Date.

14. Accordingly, the Plan is a feasible plan of liquidation, with a reasonable likelihood of success, and is not likely to be followed by a liquidation or need for further financial reorganization of the Plan Debtor (unless such liquidation or reorganization is proposed in the Plan) in the foreseeable future.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Executed on November 12, 2018

*/s/ Matthew Henry*
Matthew Henry
Senior Director
Alvarez & Marsal North America, LLC