**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
|  | ) | Case No. 15-11874 (KG) |
| HH LIQUIDATION, LLC, et al.,[1] | ) |  |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |
|  | ) | **Ref. Docket No. 3807** |
|  | ) |  |

**ORDER, PURSUANT TO SECTION 105(a) OF**
**THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019,**
**APPROVING THE GLOBAL SETTLEMENT AGREEMENT BETWEEN**
**HOLDCO, THE OPCO DEBTORS, THE COMMITTEE, THE COMVEST ENTITIES,**
**THE PROPCO ENTITIES, SLB, THE INDIVIDUAL DEFENDANTS AND THE**
**CONSENTING 503(b)(9) CLAIMANTS**

Upon consideration of the motion [Docket No. 3807] (the "**Motion**")[2] of the

Debtors for the entry of an order, pursuant to section 105(a) of the Bankruptcy Code and

Bankruptcy Rule 9019, authorizing and approving the Global Settlement Agreement between

Holdco, the Opco Debtors, the Committee, the Comvest Entities, the Propco Entities, SLB, the

Individual Defendants, and the Consenting 503(b)(9) Claimants; and upon consideration of all

pleadings related thereto including the Beilinson Declaration; and it appearing that the Court has

jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the

Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given, and it

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: HH Liquidation, LLC (f/k/a Haggen Holdings, LLC) (7558), HH Operations, LLC (f/k/a Haggen Operations Holdings, LLC) (6341), HH Opco South, LLC (f/k/a Haggen Opco South, LLC) (7257), HH Opco North, LLC (f/k/a Haggen Opco North, LLC) (5028), HH Acquisition, LLC (f/k/a Haggen Acquisition, LLC) (7687), and HH Legacy, Inc. (f/k/a Haggen, Inc.) (4583). The mailing address for each of the Debtors is 26895 Aliso Creek Road, Suite B-1003, Aliso Viejo, CA 92656.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

01:23567628.3

appearing that no other or further notice of the Motion is required; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having found and determined that the Global Settlement Agreement was negotiated in good faith and at arm's length between the Settlement Parties; and the settlement and compromises and releases set forth in the Global Settlement Agreement being fair and reasonable to, and in the best interests of, the Debtors' estates; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors and is an appropriate exercise of the Debtors' business judgment; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED as set forth herein.

2.      Any objections to the Motion or the Global Settlement Agreement not previously withdrawn, waived, or settled and all reservations of rights included therein, are hereby overruled with prejudice.

3.      Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, the Global Settlement Agreement (including any exhibits included therewith), attached hereto as **Exhibit 1**, is hereby APPROVED in its entirety, and all of its terms are incorporated herein by reference as if fully set forth herein.

4.      The amounts of the 503(b)(9) Claims and such other claims identified on the 503(b)(9) Schedule, attached hereto as **Schedule 1** and deemed to be fully incorporated into the Global Settlement Agreement, are hereby MODIFIED to the amounts indicated in the column titled "Reduced 503(b)(9) Claim Amount" in the 503(b)(9) Schedule. The entry of this Order shall not prevent: (a) other holders of 503(b)(9) Claims (or other claims against the Opco

Debtors) from subsequently electing to become Consenting 503(b)(9) Claimants and agreeing to Reduced 503(b)(9) Claim Amounts on account of their 503(b)(9) Claims (or to such other reduced amounts on account of their other claims); or (b) any Consenting 503(b)(9) Claimant from either (i) acquiring additional 503(b)(9) Claims (or other claims) and agreeing to Reduced 503(b)(9) Claim Amounts on account of such subsequently acquired 503(b)(9) Claims (or to such other reduced amounts on account of their other subsequently acquired claims); or (ii) agreeing, in writing and in their sole and absolute discretion, to accept a distribution of less than the applicable Reduced 503(b)(9) Claim Amount (or such other reduced claim amount). Distributions on account of the Reduced 503(b)(9) Claim Amounts (and such other reduced claim amounts) set forth on the 503(b)(9) Schedule shall be subject to entry of the Structured Dismissal Order.

5.     The Settlement Parties are authorized and directed to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate, complete, execute and implement the Global Settlement Agreement in accordance with the terms and conditions thereof.

6.     The releases set forth in Section 10 of the Global Settlement Agreement are hereby approved in all respects, and section 1542 of the California Civil Code and any similarly worded statute of any other state, to the extent applicable, is waived for each and every Settlement Party granting a release set forth in Section 10 of the of the Global Settlement Agreement.

7.      This Order shall constitute findings of fact and conclusions of law and, notwithstanding the possible applicability of any provision of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to Global Settlement Agreement, this Order, and the implementation thereof.

Dated:   November 14, 2018
             Wilmington, Delaware

_____
The Honorable Kevin Gross
United States Bankruptcy Judge