# EXHIBIT 1

**Global Settlement Agreement**

Execution Version

## GLOBAL SETTLEMENT AGREEMENT

This GLOBAL SETTLEMENT AGREEMENT, dated as of August 23, 2018 (as amended, supplemented, amended and restated or otherwise modified from time to time, this "Agreement"), is entered into by and between (i) HH Liquidation, LLC (f/k/a Haggen Holdings, LLC) (the "Debtor"); (ii) HH Operations, LLC (f/k/a Haggen Operations Holdings, LLC), HH Opco South, LLC (f/k/a Haggen Opco South, LLC), HH Opco North, LLC (f/k/a Haggen Opco North, LLC), HH Acquisition, LLC (f/k/a Haggen Acquisition, LLC), and HH Legacy, Inc. (f/k/a Haggen, Inc.) (collectively, the "Opco Debtors"); (iii) the official committee of unsecured creditors appointed in the Bankruptcy Cases (as defined below) (the "Committee"); (iv) Comvest Group Holdings, LP, Comvest Advisors, LLC, Comvest Investment Partners III, LP, Comvest Investment Partners IV, LP, Comvest Investment Partners IV-A, LP, Comvest Haggen Holdings III, LLC, and Comvest Haggen Holdings IV, LLC (collectively, the "Comvest Entities"); (v) HH Property Holdings, LLC (f/k/a Haggen Property Holdings, LLC), HH Property Holdings II, LLC (f/k/a Haggen Property Holdings II, LLC), HH Property Holdings III, LLC (f/k/a Haggen Property Holdings III, LLC), HH Property South, LLC (f/k/a Haggen Property South, LLC), and HH Property North, LLC (f/k/a Haggen Property North, LLC) (collectively, the "Propco Entities"); (vi) HH SLB, LLC (f/k/a Haggen SLB, LLC) ("SLB"); (vii) John Caple, Cecilio Rodriguez, Michael Niegsch, John Clougher, Blake Barnett, William Shaner and Derrick Anderson (collectively, the "Individual Defendants"); and (viii) each of the Consenting 503(b)(9) Claimants (as defined below, and together with the Debtor, the Opco Debtors, the Committee, the Comvest Entities, the Propco Entities, SLB and the Individual Defendants, the "Parties").

## RECITALS

A.    On September 8, 2015, the Debtor and the Opco Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which chapter 11 cases are being jointly administered under the caption *In re: HH Liquidation, LLC, et al.*, Case No. 15-11874 (KG) (the "Bankruptcy Cases") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

B.    On September 21, 2015, the United States Trustee for the District of Delaware appointed the Committee in the Bankruptcy Cases [Docket No. 126].

C.    One or more of the Comvest Entities is the equity sponsor and ultimate owner of the Debtors, the Propco Entities and SLB.

D.    The Propco Entities are non-debtor affiliates of the Debtor and its direct and indirect subsidiaries. The Propco Entities assert a secured claim against certain of the Opco Debtors arising under the prepetition credit facility provided under that certain *Term Loan and Security Agreement*, dated as of August 21, 2015 (as may have been amended, supplemented, amended and restated or otherwise modified from time to time, the "Propco Credit Agreement"), by and among Haggen, Inc., Haggen Opco South, LLC and Haggen Opco North, as borrowers, Haggen Property North, LLC and Haggen Property South, LLC, as lenders, and Haggen Property North, LLC, as agent (such claim, the "Propco Secured Claim").

E.    Certain holders of claims against the Opco Debtors, including claims under section 503(b)(9) of the Bankruptcy Code (collectively, the "503(b)(9) Claims"), each filed proofs of claim against one or more of the Opco Debtors (or notices of transfer/assignment of such proofs of claim).   Such holders have executed an Election to Participate in Global Settlement Agreement substantially in the form attached hereto as Exhibit A (each, an "Election") pursuant to which they have agreed to reduce their respective 503(b)(9) Claims and such other claims as specified therein (such holders, collectively, the "Consenting 503(b)(9) Claimants").

F.    The Bankruptcy Cases were commenced for the purpose of allowing the Opco Debtors to preserve as much of their business as possible as a going concern and to maximize the value of their assets through either one or more sale transactions and/or a chapter 11 plan.  The Opco Debtors successfully consummated sales constituting substantially all of their assets, which resulted in the payment in full of their prepetition and postpetition credit facilities.

G.    Following the consummation of such asset sales, the Committee was granted standing to pursue certain alleged claims and elected to commence litigation against certain of the Comvest Entities, the Propco Entities, SLB and the Individual Defendants (collectively, the "Defendants"), alleging, among other things, that the Defendants made actual and constructive fraudulent transfers and breached their fiduciary duties, and that the Propco Secured Claims should be equitably subordinated or otherwise recharacterized, Adv. No. 16-51204 (KG) (together with the Appeal (as defined below) and any subsequent appeal related to the claims asserted in the Appeal, the "Committee Litigation").  After a five (5)-day evidentiary trial, the submission of post-trial briefs and closing arguments, on January 22, 2018, the Bankruptcy Court issued an opinion finding for the Defendants with respect to each count and denying all of the relief requested by the Committee [Adv. Pro. Docket Nos. 191, 194].  On February 5, 2018, the Committee filed an appeal to the Bankruptcy Court's ruling on the Committee Litigation in the United States District Court for the District of Delaware (the "District Court"), Case No. 18-00204-RGA (the "Appeal").

H.    The Opco Debtors do not have sufficient assets to satisfy all valid and undisputed administrative, priority and secured claims (including the Propco Secured Claim) against the Opco Debtors.  Thus, the Opco Debtors are currently administratively insolvent.

I.    In light of the Opco Debtors' administrative insolvency and the status of the Committee Litigation, the Debtor and Opco Debtors (through their independent director) and the other Parties desire to fully and finally compromise and settle all of the claims, disputes and matters in controversy between them, including, without limitation, relating to (i) the claims asserted in the Committee Litigation, (ii) the 503(b)(9) Claims and other specified claims asserted by the Consenting 503(b)(9) Claimants, and (iii) the Propco Secured Claim, in order to facilitate a path for the Debtor and the Opco Debtors to exit chapter 11 and provide a distribution to certain of their respective creditors, as set forth in this Agreement.

In consideration of the foregoing and the mutual covenants and agreements set forth in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

LA 52182485

## AGREEMENT

1.    <u>Compromise of the Propco Secured Claim</u>.

On the Plan Effective Date (as defined below) or as soon thereafter as reasonably practicable, the Opco Debtors shall pay (such payment, the "<u>Propco Payment</u>") the holders of the Propco Secured Claim an amount equal to the difference between:  (a) the aggregate amount of all cash on hand in the Opco Debtors' estates as of the Plan Effective Date, *less* (b) the aggregate amount of cash necessary to satisfy in full all valid and undisputed administrative, priority and secured claims against the Opco Debtors (which valid and undisputed claims shall be set forth on <u>Schedule 1</u> attached to the Structured Dismissal Order (as defined below) and which claims may have been modified pursuant to the terms of this Agreement and the Elections), other than the Propco Secured Claim (such claims, the "<u>Opco Debtor SAP Claims</u>").  On the Plan Effective Date, the Propco Secured Claim shall irrevocably and unconditionally be transferred by the Propco Entities (including all voting and distribution rights with respect thereto) to the Debtor. The Propco Entities and the Comvest Entities, certain of which are the controlling interest holders of the Propco Entities, hereby irrevocably and unconditionally waive, generally release and forever discharge the Opco Debtors from any amounts due or arising under the Propco Secured Claim, the Propco Credit Agreement or any other documents relating thereto, other than the Propco Payment.

2.    <u>Minimum Equity Distribution Amount</u>.

As consideration for the waiver, release and discharge of the Opco Debtors from any amounts due or arising under the Propco Secured Claim, the Propco Credit Agreement or any other documents relating thereto, other than the Propco Payment, as set forth in Section 1 hereof, unless the holders of the Class A Equity Interests (as defined in the Plan), in their sole and absolute discretion, agree in writing to a lower amount, the initial distribution that such holders will receive under the Plan (as defined below) on or as soon as reasonably practicable after the Plan Effective Date on account of their equity interests in the Debtor shall be no less than $21.0 million in the aggregate (the "<u>Minimum Equity Distribution Amount</u>").

3.    <u>Compromise of Certain 503(b)(9) Claims</u>.

In an effort to satisfy the Minimum Equity Distribution Amount, each Consenting 503(b)(9) Claimant stipulates and agrees that its 503(b)(9) Claim shall be allowed in the reduced amount (each, a "<u>Reduced 503(b)(9) Claim Amount</u>") set forth in the 503(b)(9) Schedule (as defined below).  Each Consenting 503(b)(9) Claimant hereby irrevocably and unconditionally waives, generally releases and forever discharges the Opco Debtors from any amounts due or arising under its 503(b)(9) Claim, other than the distribution to be made to the Consenting 503(b)(9) Claimant in the applicable Reduced 503(b)(9) Claim Amount.  In conjunction with obtaining the Approval Order, the Debtor shall file a schedule (the "<u>503(b)(9) Schedule</u>") of all Consenting 503(b)(9) Claimants and their respective Reduced 503(b)(9) Claim Amounts and such other reduced claim amounts specifically identified in their Elections; *provided, however,* that the filing of the 503(b)(9) Schedule and the entry of the Approval Order shall not prevent: (a) other holders of claims against the Opco Debtors from subsequently electing to become Consenting 503(b)(9) Claimants and agreeing to Reduced 503(b)(9) Claim Amounts on account

3

of their 503(b)(9) Claims or such other reduced amounts on account of their other claims; or (b) any Consenting 503(b)(9) Claimant from either (x) acquiring additional 503(b)(9) Claims or other claims and agreeing to Reduced 503(b)(9) Claim Amounts on account of such subsequently acquired 503(b)(9) Claims or such other reduced amounts on account of their other subsequently acquired claims; or (y) agreeing, in writing and in their sole and absolute discretion, to accept a distribution of less than the applicable Reduced 503(b)(9) Claim Amount or such other reduced claim amount.

    4.    <u>Structured Dismissal of Opco Debtors' Bankruptcy Cases</u>.

In order to conclude the Bankruptcy Cases of the Opco Debtors as efficiently and expeditiously as possible, no later than ten (10) days following the execution of this Agreement by all of the Parties, the Opco Debtors shall file a motion seeking entry of an order substantially in the form attached hereto as <u>Exhibit B</u> (the "<u>Structured Dismissal Order</u>") that (a) shall approve the amount of the Opco Debtor SAP Claims, which claims shall be set forth on <u>Schedule 1</u> attached to the Structured Dismissal Order, and the Propco Secured Claim, and (b) shall authorize and permit, among other things, the (x) distributions on the Plan Effective Date, or as soon thereafter as reasonably practicable, on account of (i) the Opco Debtor SAP Claims (including the 503(b)(9) Claims of the Consenting 503(b)(9) Claimants in the Reduced 503(b)(9) Claim Amounts) and (ii) the Propco Secured Claim in the amount of the Propco Payment, and (y) wind down and dissolution of the Opco Debtors' estates. The Structured Dismissal Order shall provide that the Plan Administrator as defined in, and appointed under, the Plan shall have the power and authority to take any action necessary to implement the terms of this <u>Section 4</u>.

    5.    <u>Standstill; Dismissal of Committee Litigation</u>.

    (a)    Upon execution of this Agreement by all of the Parties, the parties to the Committee Litigation shall inform the District Court of the Parties' entry into this Agreement and jointly request a stay or adjournment of the Appeal to allow the Parties to effectuate the terms of this Agreement. During the period from the date on which this Agreement is executed until the earlier of the Plan Effective Date and the termination of this Agreement in accordance with Section 9 hereof, the parties to the Committee Litigation shall forbear the continuation of the Committee Litigation.

    (b)    No later than five (5) business days after the Plan Effective Date, the Committee shall file a stipulation dismissing, with prejudice, the Committee Litigation, which stipulation shall be in form and substance reasonably acceptable to the Parties.

    6.    <u>Debtor's Plan</u>.

No later than ten (10) days following the execution of this Agreement by all of the Parties, the Debtor shall file a chapter 11 plan of liquidation (as may be amended, supplemented, amended and restated or otherwise modified from time to time, the "<u>Plan</u>") and a related disclosure statement that shall provide for distributions to the holders of allowed claims against and equity interests in the Debtor, including the Minimum Equity Distribution Amount to the

holders of Class A Equity Interests, and include such other provisions as are reasonable and necessary to obtain confirmation of the Plan by the Bankruptcy Court and to implement the Plan.

      7.    Approval Order.

No later than ten (10) days following the execution of this Agreement by all of the Parties, the Debtor and the Opco Debtors shall file a motion with the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure seeking entry of an order that, among other things, approves the terms of this Agreement, including, but not limited to, the Reduced 503(b)(9) Claim Amounts, the Minimum Equity Distribution Amount and the Propco Payment, and authorizes the Debtor's and the Opco Debtors' entry into this Agreement (such order, the "Approval Order").

      8.    Effectiveness.

Except as otherwise provided in this Section 8, this Agreement shall become immediately effective and binding upon the Parties and their respective successors, endorsees, transferees, heirs, beneficiaries and assigns on the date (the "Agreement Effective Date") on which the Approval Order becomes a final, non-appealable order; *provided*, that the Debtors shall seek a waiver of the 14-day stay provided under Rule 6004(h) of the Bankruptcy Rules and shall otherwise oppose any motion for a stay pending appeal. Notwithstanding anything to the contrary contained herein, Section 5(a) of this Agreement shall be immediately binding upon execution of this Agreement by all of the Parties without a need for any further action on the part of (or notice provided to) any person.

      9.    Termination; Effect of Termination.

      (a)    This Agreement may be terminated by mutual written agreement among the Parties.

      (b)    Unless earlier terminated in accordance with the terms of this Agreement, this Agreement shall terminate automatically and immediately, without a need for any further action on the part of (or notice provided to) any person, to the extent each of the following shall not have occurred on or prior to December 31, 2018:

      (i)    the entry of the Approval Order, and such order shall have become a final order that has not been stayed or modified or vacated on appeal;

      (ii)    the entry of the Structured Dismissal Order, and such order shall have become a final order that has not been stayed or modified or vacated on appeal;

      (iii)    the payment by the Opco Debtors of the Propco Payment;

      (iv)    the payment by the Opco Debtors of the Opco Debtor SAP Claims in the amounts set forth in Schedule 1 of the Structured Dismissal Order;

(v)   the entry of an order by the Bankruptcy Court confirming the Debtor's Plan, and such order shall have become a final order that has not been stayed or modified or vacated on appeal; and

(vi)   the effective date the Plan (as specified therein) (such date, the "Plan Effective Date").

(c)   In the event of a termination of this Agreement in accordance with this Section 9, the provisions of this Agreement shall immediately become void and of no further force or effect (other than in respect of any liability of any Party for any breach of this Agreement prior to such termination, which shall in each case expressly survive any such termination), and each of the Parties shall be returned to their respective rights and remedies as they existed prior to execution of this Agreement.

10.   Mutual Release and Waiver.

(a) Upon the Plan Effective Date, and except as limited by the last sentence of this Section 10(a), each Party, and each of its current, former or future subsidiaries, parents, representatives, affiliates, predecessors, agents, attorneys, financial advisors, successors, assigns, shareholders, members, officers, directors, and employees, and its heirs, administrators, personal representatives and trustees, and any person claiming by, through or under any of them (collectively, the "Releasing Parties"), do hereby forever RELEASE, WAIVE AND DISCHARGE each of the other Parties, and each of their respective current, former or future subsidiaries, parents, representatives, affiliates, predecessors, agents, attorneys, financial advisors, successors, assigns, shareholders, members, officers, directors, and employees, and its heirs, administrators, personal representatives and trustees, and any person claiming by, through or under any of them (collectively, the "Released Parties"), from any and all legal and equitable claims, counterclaims, demands, damages, debts, agreements, covenants, suits, contracts, obligations, liabilities, accounts, offsets, rights, redemption rights, actions and causes of action against the Released Parties, of any kind or nature, whether known, unknown or hereafter becoming known, liquidated or unliquidated, asserted or unasserted, direct or indirect, contingent or fixed, which the Releasing Parties now have, ever had or may have against any or all of the Released Parties whatsoever arising from or related to the Bankruptcy Cases or the Committee Litigation, including, without limitation, (i) any claims and causes of action that are the subject of the Committee Litigation, (ii) any 503(b)(9) Claims of the Consenting 503(b)(9) Claimants and (iii) any claims arising out of or related to prepetition contracts, agreements or arrangements between the Debtor and/or Opco Debtors and the Consenting 503(b)(9) Claimants (collectively, the "Released Claims"). The Released Claims released herein shall include, but not be limited to, any Released Claims that the Releasing Parties have asserted, or could have asserted, against the Released Parties. Notwithstanding any of the foregoing, nothing herein shall be construed or deemed as a release of (a) the Released Parties' obligations arising under this Agreement or (b) any valid and undisputed claim that any Individual Defendant has or may have against the Debtor or the Opco Debtors, nor shall this Section 10(a) be construed or deemed to be a release of any claims of whatever nature that the Releasing Parties have or may have against persons or

6

entities other than the Released Parties and/or concerning matters other than the Released Claims.

(b) Each Party hereby expressly waives any rights it may have under California Civil Code Section 1542, which provides that: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

11.    <u>Notices</u>.

All notices, requests and demands to or upon the respective Parties shall be in writing and shall be (a) sent by certified mail, return receipt requested, postage prepaid or (b) by email, addressed as follows, or to such other address as may hereafter be designated in writing by the applicable Party, and shall be deemed received when delivered to the designated address:

If to the Debtor or the Opco Debtors:

Marc Beilinson
2315 Ocean Front Walk
Venice, CA  90291
Email:        mbeilinson@beilinsonpartners.com
Telephone: (310) 772-2388

with a copy, which shall not constitute notice, to:

Stroock & Stroock & Lavan LLP
2029 Century Park East
Los Angeles, CA 90067
Attention:   Frank Merola, Esq.
Email:        fmerola@stroock.com
Telephone: (310) 556-5800

with a copy, which shall not constitute notice, to:

Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
Attention:   Odelia Yott, Esq.
Email:        oyott@stroock.com
Telephone: (212) 806-6188

LA 52182485

If to the Propco Entities or SLB:

> Comvest Partners
> 525 Okeechobee Blvd.
> Suite 1050
> West Palm Beach, FL 33401
> Attention:   Cecilio Rodriguez
> Email:  C.Rodriguez@comvest.com
> Telephone: (561) 727-2010

> with a copy, which shall not constitute notice, to:

> Womble Bond Dickinson (US) LLP
> 222 Delaware Avenue
> Suite 1501
> Wilmington, DE 19801
> Attention:   Kevin J. Mangan, Esq.
> Email:      Kevin.Mangan@wbd-us.com
> Telephone: (302) 252-4361

> with a copy, which shall not constitute notice, to:

> Womble Bond Dickinson (US) LLP
> 300 North Greene Street
> Suite 1900
> Greensboro, NC 27401
> Attention:   Philip J. Mohr, Esq.
> Email:      philip.mohr@wbd-us.com
> Telephone: (336) 721-3577

If to the Committee:

> Pachulski Stang Ziehl & Jones LLP
> 919 North Market Street
> 17th Floor
> Wilmington, DE  19801
> Attention:   Bradford J. Sandler, Esq.
> Email:      bsandler@pszjlaw.com
> Telephone: (302) 652-4100

> Pachulski Stang Ziehl & Jones LLP
> 780 Third Avenue
> 34th Floor
> New York, NY 10017
> Attention:   Robert J. Feinstein, Esq.
> Email:      rfeinstein@pszjlaw.com

8

Telephone: (212) 561-7700

If to the Comvest Entities:

> Comvest Partners
> 525 Okeechobee Blvd.
> Suite 1050
> West Palm Beach, FL 33401
> Attention: Michael Altschuler
> Email: M.Altschuler@comvest.com
> Telephone: (561) 727-2060
>
> with a copy, which shall not constitute notice, to:
>
> Kirkland & Ellis LLP
> 300 North LaSalle
> Chicago, IL 60654
> Attention: Richard U. S. Howell, Esq.
> Email:       richard.howell@kirkland.com
> Telephone: (312) 862-7092

If to an Individual Defendant, to the address(es) or email address(es) for such Individual Defendant set forth on its signature page hereto.

If to a Consenting 503(b)(9) Claimant, to the address(es) or email address(es) for such Consenting 503(b)(9) Claimant set forth on its signature page to its Election.

    12.    Modification and Waiver.

No modification or waiver of any of the provisions of this Agreement shall be valid and enforceable unless such modification or waiver is in writing and signed by the affected Party and, unless otherwise stated therein, no such modification or waiver shall constitute a modification or waiver of any other provision hereof (whether or not similar) or constitute a continuing waiver.

    13.    Authority; Binding Effect.

Subject to Bankruptcy Court approval, each Party has the full power, right, and authority to enter into this Agreement, to perform, observe and comply with all of such Party's agreements and obligations hereunder, and to consummate the transactions contemplated hereby. Such Party has taken all action required to be taken by it with respect to the execution and delivery of this Agreement. Upon the Agreement Effective Date, the terms, provisions, covenants, and agreements contained in this Agreement shall bind each of the Parties and the respective successors, assigns, and heirs, as applicable, of each of the Parties.

9

14.   Assignment; No Third Party Beneficiaries.

Neither this Agreement nor any of the rights, interests, or obligations hereunder shall be assigned by any Party (whether by operation of law or otherwise) without the prior written consent of the other Party.  This Agreement is for the sole benefit of the Parties to this Agreement and their successors and assigns and, nothing in this Agreement, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Agreement.

15.   Complete Agreement.

THIS AGREEMENT CONTAINS THE ENTIRE AGREEMENT AND UNDERSTANDING AMONG THE PARTIES CONCERNING THE SETTLEMENT OF THE SUBJECT MATTER DESCRIBED HEREIN AND SUPERSEDES AND REPLACES ALL PRIOR NEGOTIATIONS, REPRESENTATIONS, UNDERSTANDINGS, PROPOSED AGREEMENTS AND AGREEMENTS, WRITTEN OR ORAL, CONCERNING THE SETTLEMENT OF THE SUBJECT MATTER DESCRIBED HEREIN.

16.   Construction of Agreement.

This Agreement was the result of voluntary negotiations and preparation by and among the Parties and their respective attorneys.  This Agreement and the consideration given herein are the result of a compromise between the Parties and shall not be considered an admission of wrongdoing, liability, fault or responsibility by any Party to another, and any such liability is expressly denied and disclaimed.  The Parties expressly acknowledge and agree that this Agreement shall not be deemed prepared or drafted by one party or another, or their attorneys, and will be construed accordingly.

17.   Headings.

The headings in this Agreement are intended solely for convenience of reference and shall be given no effect in the construction or interpretation of this Agreement.

18.   Governing Law and Jurisdiction.

THIS AGREEMENT SHALL BE GOVERNED BY, AND CONSTRUED AND ENFORCED, IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, WITHOUT REGARD TO CONFLICTS OF LAWS PROVISIONS THEREIN. EXCLUSIVE JURISDICTION OF ALL DISPUTES REGARDING THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY SHALL BE IN THE BANKRUPTCY COURT.  EACH PARTY EXPRESSLY SUBMITS TO THE JURISDICTION OF AND VENUE IN THE BANKRUPTCY COURT FOR ANY AND ALL CLAIMS, DISPUTES, OR LITIGATION RELATING TO, AND ARISING OUT OF THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY, AND CONSENTS TO THE BANKRUPTCY COURT'S ENTRY OF FINAL JUDGMENT REGARDING ALL SUCH CLAIMS, DISPUTES, AND LITIGATION.

10

19.     Waiver of Jury Trial.

EACH OF THE PARTIES TO THIS AGREEMENT HEREBY IRREVOCABLY WAIVES ANY AND ALL RIGHT TO A TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.  EACH PARTY MAKES THIS WAIVER VOLUNTARILY AND SUCH PARTY HAS BEEN INDUCED TO ENTER INTO THIS AGREEMENT BY, AMONG OTHER THINGS, THE MUTUAL RELEASES CONTAINED IN SECTION 10 HEREOF.

20.     Further Assurances.

The Parties agree to execute, acknowledge and deliver to the other Parties such other documents, instruments and certificates, and will take such other actions, as any other Party may reasonably request in order to consummate the transactions contemplated by this Agreement.

21.     Counterparts, Electronic Signatures.

This Agreement may be executed in counterparts, each of which shall be deemed an original, and which together shall constitute a single agreement.  Signature pages transmitted electronically (including electronic mail) may be used with the same force and effect as the original, manually signed documents.

*[Signature Pages Follow]*

11

IN WITNESS WHEREOF, the Parties, acting through their duly authorized representatives, have caused this Agreement to be executed on the date first set forth above.

**DEBTORS**

HH Liquidation, LLC

By: _____
      Name:   Marc Beilinson
      Title:    Authorized Signatory

HH Operations, LLC

By: _____
      Name:   Marc Beilinson
      Title:    Authorized Signatory

HH Opco South, LLC

By: _____
      Name:   Marc Beilinson
      Title:    Authorized Signatory

HH Opco North, LLC

By: _____
      Name:   Marc Beilinson
      Title:    Authorized Signatory

HH Acquisition, LLC

By: _____
      Name:   Marc Beilinson
      Title:    Authorized Signatory

HH Legacy, Inc.

By: _____
      Name:   Marc Beilinson
      Title:    Authorized Signatory

**COMMITTEE**

By: _____

    Name:  Kim J. Myrdahl
           Deputy General Counsel
           Senior Vice President and Chief
           Compliance Officer
           SUPERVALU
    Title:   Co-Chair
Solely in Supervalu Inc.'s Capacity as Co-Chair of
the Committee and Not in any Other Capacity

By: _____

    Name:  James Blau, United Food and
           Commercial Workers International
    Title:   Co-Chair
Solely in United Food and Commercial Workers
International's Capacity as Co-Chair of the
Committee and Not in any Other Capacity

**COMMITTEE**

By: _____
   Name: Kim J. Myrdahl
       Deputy General Counsel
       Senior Vice President and Chief
       Compliance Officer
       SUPERVALU
   Title: Co-Chair
Solely in Supervalu Inc.'s Capacity as Co-Chair of
the Committee and Not in any Other Capacity

By: _____
   Name: James Blau, United Food and
       Commercial Workers International
   Title: Co-Chair
Solely in United Food and Commercial Workers
International's Capacity as Co-Chair of the
Committee and Not in any Other Capacity

**COMVEST ENTITIES**

Comvest Group Holdings, LP

By: _____

Name:    Chief Administrative Officer
Title:    Michael Altschuler

Comvest Advisors, LLC

By: _____

Name:    Michael Altschuler
Title:    Chief Administrative Officer

Comvest Investment Partners III, LP
    By: Comvest III Partners, LLC

By: _____

Name:    Michael Altschuler
Title:    Authorized Signatory

Comvest Investment Partners, IV, LP
    By: Comvest IV Partners, LP

By: _____

Name:    Michael Altschuler
Title:    Authorized Signatory

Comvest Investment Partners IV-A, LP
    By Comvest IV Partners, LP

By: _____

Name:    Michael Altschuler
Title:    Authorized Signatory

Comvest Haggen Holdings III, LLC
    By: Comvest Investment Partners III, LP
    By: Comvest III Partners LLC

By:                    

Name:   Michael Altschuler
Title:    Authorized Signatory

Comvest Haggen Holdings IV, LLC
    By: Comvest Investment Partners IV, LP
    By Comvest IV Partners, LP

By:                    

Name:   Michael Altschuler
Title:    Authorized Signatory

**PROPCO ENTITIES**

HH Property Holdings, LLC

By:   HH Liquidation, LLC, its Sole Member and
      Manager

By:   _____
      Name:   Marc Beilinson
      Title:     Authorized Signatory


HH Property Holdings II, LLC

By:   HH Liquidation, LLC, its Sole Member and
      Manager

By:   _____
      Name:   Marc Beilinson
      Title:     Authorized Signatory


HH Property Holdings III, LLC

By:   HH Liquidation, LLC, its Sole Member and
      Manager

By:   _____
      Name:   Marc Beilinson
      Title:     Authorized Signatory

HH Property South, LLC

By:   HH Property Holdings, LLC, its Sole Member and Manager

By:   HH Liquidation, LLC, its Sole Member and Manager

By:   _____
      _____
      Name:   Marc Beilinson
      Title:    Authorized Signatory


HH Property North, LLC

By:   HH Property Holdings, LLC, its Sole Member and Manager

By:   HH Liquidation, LLC, its Sole Member and Manager

By:   _____
      Name:   Marc Beilinson
      Title:    Authorized Signatory

**SLB**

HH SLB, LLC

By:   HH Acquisition, LLC, its Sole Member and
       Manager

By:   HH Operations, LLC, its Sole Member and
       Manager

By:   HH Liquidation, LLC, its Sole Member and
       Manager

By:      _____

       Name:   Marc Beilinson
       Title:    Authorized Signatory

**INDIVIDUAL DEFENDANTS**

Name:          John Caple
_____

Name:          Cecilio Rodriguez
_____

Name:          Michael Niegsch
_____

Name:          John Clougher
_____

Name:          Blake Barnett
_____

Name:          Derrick Anderson
_____

**INDIVIDUAL DEFENDANTS**

Name:        John Caple

Name:        Cecilio Rodriguez

Name:        Michael Niegsch

Name:        John Clougher

Name:        Blake Barnett

Name:        Derrick Anderson

**INDIVIDUAL DEFENDANTS**

Name: _____ John Caple

Name: _____ Cecilio Rodriguez

Name: _____ Michael Niegsch

Name: _____ John Clougher

Name: _____ Blake Barnett

Name: _____ Derrick Anderson

LA 52182485

## INDIVIDUAL DEFENDANTS

Name: _____ John Caple

Name: _____ Cecilio Rodriguez

Name: _____ Michael Niegsch

Name: _____ John Clougher

Name: _____ Blake Barnett

Name: _____ Derrick Anderson

**INDIVIDUAL DEFENDANTS**

Name:      John Caple

---

Name:      Cecilio Rodriguez

---

Name:      Michael Niegsch

---

Name:      John Clougher

---

Name:      Blake Barnett

---

Name:      Derrick Anderson

LA 52182485

**INDIVIDUAL DEFENDANTS**

Name: _____  John Caple

Name: _____  Cecilio Rodriguez

Name: _____  Michael Niegsch

Name: _____  John Clougher

Name: _____  Blake Barnett

Name: _____  Derrick Anderson

LA 52182485

**Exhibit A**

Form of Election to Participate in Global Settlement Agreement

## ELECTION TO PARTICIPATE IN GLOBAL SETTLEMENT AGREEMENT

This ELECTION TO PARTICIPATE IN GLOBAL SETTLEMENT AGREEMENT, dated as of August __, 2018 (as amended, supplemented, amended and restated or otherwise modified from time to time, the "Election"), is entered into by _____ ("Elector").

### RECITALS

A.      Reference is hereby made to that Global Settlement Agreement, dated as of August __, 2018 (as amended, supplemented, amended and restated or otherwise modified from time to time, the "Agreement"), by and between (i) HH Liquidation, LLC (f/k/a Haggen Holdings, LLC) (the "Debtor"); (ii) HH Operations, LLC (f/k/a Haggen Operations Holdings, LLC), HH Opco South, LLC (f/k/a Haggen Opco South, LLC), HH Opco North, LLC (f/k/a Haggen Opco North, LLC), HH Acquisition, LLC (f/k/a Haggen Acquisition, LLC), and HH Legacy, Inc. (f/k/a Haggen, Inc.) (collectively, the "OpCo Debtors"); (iii) the official committee of unsecured creditors appointed in the Bankruptcy Cases (as defined below); (iv) Comvest Group Holdings LLC, Comvest Advisors, LLC, Comvest Investment Partners III, LP, Comvest Investment Partners IV, LP, Comvest Investment Partners IV-A, LP, Comvest Haggen Holdings III, LLC, and Comvest Haggen Holdings IV, LLC; (v) HH Property Holdings, LLC (f/k/a Haggen Property Holdings, LLC), HH Property South, LLC (f/k/a Haggen Property South, LLC), and HH Property North, LLC (f/k/a Haggen Property North, LLC; and (vi) each of the Consenting 503(b)(9) Claimants. Capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Agreement.

B.      Elector is a holder of one or more claims against the Opco Debtors under section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim") and filed proof(s) of claim against one or more of the Opco Debtors (or notice(s) of transfer/assignment of such proof(s) of claim) on account of its 503(b)(9) Claim(s), as specified on Exhibit A hereto. By executing this Election, the Elector agrees to reduce its 503(b)(9) Claim(s) as specified herein and otherwise be bound by the terms of the Agreement.

### ELECTION

1.      Consenting 503(b)(9) Claimant.      By executing this Election, Elector acknowledges that it has read and understands, and agrees to be bound by the terms and conditions of, the Agreement, a copy of which is attached hereto as Annex I (as the same has been or may hereafter be amended, supplemented, amended and restated or otherwise modified from time to time in accordance with Section 12 thereof). Elector shall hereafter be deemed to be a "Consenting 503(b)(9) Claimant" for all purposes under the Agreement.

2.      Reduced 503(b)(9) Claim Amount(s).      Elector stipulates and agrees that its 503(b)(9) Claim(s) shall be allowed in the reduced amount(s) (each, a "Reduced 503(b)(9) Claim Amount") set forth on Exhibit A hereto. Elector hereby irrevocably and unconditionally waives, generally releases and forever discharges the Opco Debtors from any amounts due or arising under its 503(b)(9) Claim(s), other than the distribution(s) to be made in the applicable Reduced 503(b)(9) Claim Amount(s).

3.      Incorporation by Reference.  Each of the terms and conditions set forth in the Agreement are hereby incorporated herein by reference with full force and effect as if fully set forth herein by applying the provisions thereof *mutatis mutandis*.

4.      Effectiveness.  This Election shall become immediately effective and binding upon the Elector, and its respective successors, endorsees, transferees, heirs, beneficiaries and assigns, on the date on which the Agreement becomes effective in accordance with Section 8 thereof.

5.      Governing Law.  This Election shall be governed by, and construed and enforced, in accordance with the laws of the State of New York, without regard to conflicts of laws provisions therein.

*[Signature Page Follows]*

2

**ELECTOR**

[INSERT COMPANY NAME]

By: _____

Name:
Title:

**Exhibit B**

Form of Structured Dismissal Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HH Liquidation, LLC, *et al.,*[1] | ) | Case No. 15-11874 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Ref. Docket No. _____** |

### ORDER, PURSUANT TO SECTIONS 105(a), 305(a), 349, 363, 554 AND 1112(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 1017 AND 6007, (I) AUTHORIZING THE DISMISSAL OF THE OPCO DEBTORS' CHAPTER 11 CASES, (II) AUTHORIZING THE OPCO DEBTORS TO DESTROY THEIR BOOKS AND RECORDS, AND (III) GRANTING CERTAIN RELATED RELIEF

Upon the motion (the "**Motion**")[2] of HH Liquidation, LLC ("**Holdco**") and its above-captioned affiliated debtors and debtors in possession (collectively, the "**Opco Debtors**," and together with Holdco, the "**Debtors**")[3] for entry of an order, pursuant to sections 105(a), 305(a), 349, 363, 554 and 1112(b) of title 11 of the Bankruptcy Code, and Bankruptcy Rules 1017 and 6007, (a) authorizing the dismissal of the Opco Debtors' Bankruptcy Cases effective as of the Dismissal Effective Date, (b) authorizing the amount and payment of the Opco Debtor SAP Claims and the Propco Secured Claim, (c) approving the exculpation contained herein, (d) authorizing the dissolution of the Opco Debtors under applicable state law on or as soon as reasonably practicable after the Dismissal Effective Date, (e) authorizing the Disbursement Agent to act as the Opco Debtors' disbursement agent with respect to the payment of the Opco

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: HH Liquidation, LLC (f/k/a Haggen Holdings, LLC) (7558), HH Operations, LLC (f/k/a Haggen Operations Holdings, LLC) (6341), HH Opco South, LLC (f/k/a Haggen Opco South, LLC) (7257), HH Opco North, LLC (f/k/a Haggen Opco North, LLC) (5028), HH Acquisition, LLC (f/k/a Haggen Acquisition, LLC) (7687), and HH Legacy, Inc. (f/k/a Haggen, Inc.) (4583). The mailing address for each of the Debtors is 26895 Aliso Creek Road, Suite B-1003, Aliso Viejo, California 92656.

[2] Capitalized terms used but not defined herein shall have the meaning assigned to such terms in the Motion.

[3] For the avoidance of doubt, the Opco Debtors are all of the Debtors other than Holdco.

Debtor SAP Claims and the Propco Secured Claim, and (f) authorizing the Opco Debtors, on and after the Dismissal Effective Date, to abandon and destroy the Books and Records; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012; and consideration of the Motion and the requested relief therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that the requested relief is an appropriate exercise of the Debtors' business judgment; and it appearing that the relief requested in the Motion is in the best interests of the Opco Debtors and their respective estates and creditors; and after due deliberation and sufficient cause appearing therefor:

1.      The Motion is granted to the extent provided for herein.

2.      Pursuant to sections 105(a), 305(a) and 1112(b) of the Bankruptcy Code and Bankruptcy Rule 1017, the Opco Debtors' Bankruptcy Cases are hereby dismissed effective as of the effective date of the Holdco Plan (the "**Dismissal Effective Date**"). For the avoidance of doubt, the following are the Opco Debtors' Bankruptcy Cases: (a) HH Operations, LLC (f/k/a Haggen Operations Holdings, LLC), Case No. 15-11875 (KG); (b) HH Opco South, LLC (f/k/a Haggen Opco South, LLC), Case No. 15-11876 (KG); (c) HH Opco North, LLC (f/k/a Haggen Opco North, LLC), Case No. 15-11877 (KG); (d) HH Acquisition, LLC (f/k/a Haggen Acquisition, LLC), Case No. 15-11878 (KG); and (e) HH Legacy, Inc. (f/k/a Haggen, Inc.), Case

2

No. 15-11879 (KG). In the notice of the effective date of the Holdco Plan, the Debtors shall also provide notice that the Dismissal Effective Date has occurred.

3.     Effective as of the Dismissal Effective Date, the Opco Debtors' remaining members, managers, officers and directors shall be dismissed from their positions without the need for any further action on the part of this Court and without the need for further corporate action, including, but not limited to, actions requiring the vote or other approvals of the officers, members, directors, managers or shareholders. Effective as of the Dismissal Effective Date, (a) the Plan Administrator appointed under the Holdco Plan shall have the power and authority to take any action necessary to implement the provisions of this Order, including, but not limited to, to wind down and dissolve the Opco Debtors and to realize on any assets retained by the Opco Debtors; and (b) the Opco Debtors' respective certificates of incorporation, by-laws, operating agreements, or other analogous formation documents in effect before the Dismissal Effective Date shall be deemed amended or amended and restated, to the extent necessary, to authorize the Plan Administrator to take all such actions pursuant to this Order without the need for any further action on the part of this Court and without the need for further corporate action, including, but not limited to, actions requiring the vote or other approvals of the officers, members, directors, managers or shareholders of the applicable Opco Debtors. Without limiting the generality of the foregoing, the Plan Administrator shall be deemed to have all of the rights, duties and obligations granted to such person under the Plan Administration Agreement and the Holdco Plan in connection with effectuating the terms of this Order.

4.     As soon as reasonably practicable after the Dismissal Effective Date, without the need for any further action on the part of this Court and without the need for further corporate action, including, but not limited to, actions requiring the vote or other approvals of the

3

officers, members, directors, managers or shareholders of the applicable Opco Debtors, the Opco Debtors shall be dissolved pursuant to applicable state law, and such Opco Debtors shall not be required to pay any taxes or fees to cause such dissolution. The Debtors and the Plan Administrator are authorized to execute and file on behalf of the Opco Debtors all documents necessary and proper to effectuate and consummate the dissolution of the Opco Debtors in accordance with the laws of the states in which they are formed, subject to the terms of this Order.

5.      The Opco Debtors are authorized to make, or cause to be made, distributions on account of (i) the Propco Secured Claim and (ii) such administrative, priority and secured claims against the Opco Debtors set forth on **Exhibit 1** hereto in the amounts set forth therein (such claims, the "**Opco Debtor SAP Claims**"). As soon as reasonably practicable after the Dismissal Effective Date, and in each case in accordance with the Global Settlement Agreement, the Plan Administrator (on behalf of the Opco Debtors) shall make, or cause to be made, such distributions on account of the Propco Secured Claim and the Opco Debtor SAP Claims. For the avoidance of doubt, any administrative, priority and secured claims against the Opco Debtors that (i) have not been asserted, or otherwise approved by a final order of the Court, by the applicable claims bar date and (ii) are not identified on **Exhibit 1** hereto shall be disallowed and forever barred from assertion against the Debtors and their estates, and such claims shall be deemed waived and released as of the Dismissal Effective Date. Holders of general unsecured claims against, and equity interests in, the Opco Debtors shall receive no distribution on account of such claims and equity interests.

6.      After the satisfaction of all Opco Debtor SAP Claims and any costs necessary to administer and to dissolve, terminate or otherwise wind down each of the Opco

4

Debtors and/or the establishment of sufficient reserves (as determined by the Plan Administrator, in its sole discretion) to pay all such amounts, any unused funds allocated for such reserves shall be distributed to the holders of the Propco Secured Claim; *provided* that on the Dismissal Effective Date, the Propco Secured Claim shall irrevocably and unconditionally be transferred by the Propco Entities (including all voting and distribution rights with respect thereto) to Holdco.

7.      Effective as of the Dismissal Effective Date, the Disbursement Agent is hereby empowered and authorized to act as the disbursement agent of and for the Opco Debtors' estates in order to implement distributions to holders of Opco Debtor SAP Claims and the Propco Secured Claim as provided for herein, and to the extent the Disbursement Agent is not the Plan Administrator, the Plan Administrator is authorized to compensate the Disbursement Agent for the services provided, and to reimburse the Disbursement Agent for all reasonable and necessary expenses incurred, in connection therewith, without the need for further notice to or action of this Court.

8.      Pursuant to sections 105(a) and 554 of the Bankruptcy Code and Bankruptcy Rule 6007, the Opco Debtors are authorized, on and after the Dismissal Effective Date, to abandon and destroy, or cause to be abandoned and destroyed, any and all of the Books and Records.  With respect to the Books and Records held by Supervalu Inc. or its affiliates (collectively, "**SVU**"), the Opco Debtors or the Plan Administrator shall provide SVU with five (5) days' written notice that the Opco Debtors and the Plan Administrator no longer require access to or copies of any data currently within SVU's systems or records repositories, after which SVU shall no longer be required to respond to any requests for, provide access to, maintain copies of, or otherwise store any of the Opco Debtors' data within SVU's systems or records repositories, and SVU may begin purging and/or otherwise destroying any of the Opco

5

Debtors' data contained in SVU's systems or repositories in accordance with SVU's standard record retention policies and procedures and/or at any time that SVU decommissions any of its systems that may have been used in providing services to the Opco Debtors.

9.      Effective as of the Dismissal Effective Date, the Exculpated Parties[4] shall neither have, nor incur, any liability to any person or entity for any act taken or omitted to be taken in connection with, relating to, or arising out of, (a) the Opco Debtors' Bankruptcy Cases, and (b) formulating, negotiating, preparing, disseminating, implementing, or effecting consummation of the Motion and this Order (other than an act in contravention of the Motion or the implementation of this Order) or any contract, instrument, release, agreement or document created or entered into, or any other act taken or omitted to be taken in good faith, in connection with the Opco Debtors' Bankruptcy Cases, the Motion or this Order; *provided*, *however*, that the foregoing shall not affect the liability of any person or entity that otherwise would result from any such act or omission to the extent such act or omission is determined by a final, non-appealable order to have constituted fraud, willful misconduct or gross negligence.

10.     Notwithstanding section 349 of the Bankruptcy Code, all prior orders, releases, stipulations, settlements, rulings, orders and judgments of this Court made during the course of the Opco Debtors' Bankruptcy Cases, including any adversary proceeding, shall remain in full force and effect, shall be unaffected by the dismissal of the Opco Debtors' Bankruptcy Cases, and are specifically preserved for purposes of finality of judgment and *res judicata*.

---

[4] **"Exculpated Parties"** mean, collectively, each of the following parties in their respective capacities as such: (a) the Debtors; (b) the Debtors' current and former directors, officers, members and managers; (c) each financial advisor, restructuring advisor, attorney or other professional employed by or serving the Debtors; (d) the Committee; (e) each member of the Committee, but only in their capacity as a member of the Committee, and each such member's respective professionals and representatives; (f) the Committee's Professionals and representatives; (g) the Plan Administrator; and (h) the Plan Administrator's professionals and representatives.

6

11.     The Debtors shall not be required to serve this Order to the Debtors' entire matrix of creditors, and such parties shall be deemed to have received adequate notice of the dismissal of the Opco Debtors' Bankruptcy Cases through the notice of the hearing on the Motion.

12.     Effective as of the Dismissal Effective Date, Kurtzman Carson Consultants LLC ("**KCC**") shall be relieved of its responsibilities as the Opco Debtors' claims and noticing agent in the Opco Debtors' Bankruptcy Cases.  In accordance with Local Rule 2002-1(f)(ix), within fourteen days of the Dismissal Effective Date, KCC shall (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, (c) docket a combined final claims register containing claims against each Opco Debtor, and (d) box and transport all original claims to the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

13.     All remaining interim and final fee applications for professionals retained by the Debtors and the Committee shall be addressed in connection with Holdco's Bankruptcy Case.

14.     Effective as of the Dismissal Effective Date, the Opco Debtors' retention of Stroock & Stroock & Lavan LLP and Young Conaway Stargatt & Taylor, LLP, as bankruptcy counsel, and the Opco Debtors' retention of other professionals pursuant to a final order in accordance with sections 327 or 328 of the Bankruptcy Code, shall be terminated without the need for further action on the part of this Court, the Debtors, or such professionals.

15.     Effective as of the later of (a) the Dismissal Effective Date and (b) the date on which all distributions to holders of Opco Debtor SAP Claims and the Propco Secured Claim

7

are made, as it pertains to the Opco Debtors, the Committee shall dissolve without need for further action on the part of this Court.

16.    Within thirty (30) days after the Dismissal Effective Date, the Opco Debtors or the Plan Administrator (on behalf of the Opco Debtors) shall pay all outstanding United States Trustee fees pursuant to 28 U.S.C. § 1930.

17.    To the extent applicable, Bankruptcy Rule 6004(h) is waived, and this Order shall be effective and enforceable immediately upon entry.

18.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

19.    Notwithstanding the dismissal of the Opco Debtors' Bankruptcy Cases provided for herein, this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order and any other order of this Court entered in these Bankruptcy Cases.

Dated: _____, 2018
           Wilmington, Delaware

_____
KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

8

**Schedule 1 to Structured Dismissal Order**

Opco Debtor SAP Claims

**Exhibit 1**
**Opco Debtor SAP Claims**

| Claimant | Claim No. | Assignor, If Applicable | Claim Amount | Classification | Notes |
|---|---|---|---|---|---|
| 201 37th Avenue SE Holdings, LLC | 1857 | | $89,136 | Admin Priority | |
| ABIQUA WIND VINEYARD | 475 | | $77 | 503b9 | |
| ACOUSTIC ALES BREWING | 1074 | | $2,293 | 503b9 | |
| ADVANCE BEVERAGE CO | 608 | | $15,479 | 503b9 | |
| Airgas Dry Ice - Dallas | 1105 | | $23,598 | 503b9 | |
| ALEJANDROS TORTILLA FACTORY | 413 | | $483 | 503b9 | |
| ALISO CANYON HONEY | 662 | | $674 | 503b9 | |
| ALPENROSE DAIRY | 960 | | $28,662 | 503b9 | |
| ALUMINUM ENTRY SYSTEMS INC | 415 | | $1,033 | 503b9 | |
| Anheuser-Busch, LLC | 891 | | $185,403 | 503b9 | |
| Antelope Valley Press | 449 | | $268 | 503b9 | |
| Archis Acres, Inc. | 236 | | $530 | 503b9 | |
| Arnels Originals Inc | 520 | | $120 | 503b9 | |
| ARTISAN BAKERS LLC | 456 | | $848 | 503b9 | |
| ASIANA CUISINE ENTERPRISES | 81 | | $19,454 | 503b9 | |
| ASM Capital V, L.P. | 440 | AAA FLAG & BANNER | $33,588 | 503b9 | |
| ASM Capital V, L.P. | 588 | Hickmans Egg Ranch, Inc. | $59,502 | 503b9 | |
| ASM Capital V, L.P. | 737 | Ocean Beauty Seafoods LLC | $245,912 | 503b9 | |
| ASM Capital V, L.P. | 980 | Harbor Distributing, LLC | $290,380 | 503b9 | |
| ASM Capital V, L.P. | 1017 | Youngs Market Company, LLC | $171,000 | 503b9 | |
| ASM SPV, L.P. | 290 | MSR WHOLESALE BALLOONS | $1,600 | 503b9 | |
| ASM SPV, L.P. | 484 | Pada Sushi | $24,649 | 503b9 | |
| ASM SPV, L.P. | 981 | Crest Beverage, LLC | $213,072 | 503b9 | |
| ASM SPV, L.P. | 1839 | McKee Foods Corporation | $7,966 | 503b9 | |
| ASM SPV, L.P. | 1840 | McKee Foods Corporation | $4,143 | 503b9 | |
| ASM SPV, L.P. | 1841 | McKee Foods Corporation | $1,030 | 503b9 | |
| ATLAS BAKERY EQUIPMENT CO INC | 647 | | $388 | 503b9 | |
| AVENUE BREAD & DELI | 1746 | | $8,644 | 503b9 | |
| Ayala, Raul | 1905 | | $10,000 | Admin Priority | |
| Beau Delicious! International, LLC | 933 | | $86 | 503b9 | |
| Beau Delicious! International, LLC | 934 | | $86 | 503b9 | |
| Beau Delicious! International, LLC | 935 | | $86 | 503b9 | |
| Beau Delicious! International, LLC | 936 | | $151 | 503b9 | |
| Beau Delicious! International, LLC | 937 | | $86 | 503b9 | |
| Bimbo Bakeries USA, Inc. | 1883 | | $390,633 | 503b9 | |
| BITE FUEL LLC | 21 | | $363 | 503b9 | |
| BLUE RIDGE HONEY | 985 | | $410 | 503b9 | |
| BOB CAMPBELL RANCHES INC | 353 | | $1,099 | 503b9 | |
| Bon Suisse, Inc. | 207 | | $536,285 | 503b9 | |
| Bonded Filter Company | 719 | | $1,917 | 503b9 | |
| Bonded Filter Company | 720 | | $1,861 | 503b9 | |
| Bonded Filter Company | 722 | | $1,240 | 503b9 | |
| Bottling Group, LLC | 1181 | | $59,951 | 503b9 | |
| Bottling Group, LLC | 1185 | | $278,987 | 503b9 | |
| Bottling Group, LLC | 1186 | | $156,336 | 503b9 | |
| Boxx Bouquets/Boxx Berry Farm - Flowers | 439 | | $2,223 | 503b9 | |
| BRAVERY BREWING COMPANY LLC | 267 | | $663 | 503b9 | |
| Bread & Cie Wholesale, LLC | 625 | | $17,499 | 503b9 | |
| Brown, Tessa | 1906 | | $300 | Admin Priority | |
| BUNN O MATIC CORPORATION | 560 | | $686 | 503b9 | |
| BURTON + BURTON | 976 | | $2,018 | 503b9 | |
| BUZZBOX BEVERAGES INC | 366 | | $7,649 | 503b9 | |
| CABO INTERNANTIONAL | 264 | | $6,294 | 503b9 | |
| CARTTRONICS LLC | 1204 | | $11 | 503b9 | |
| CASA SANCHEZ FOODS | 559 | | $2,971 | 503b9 | |

Exhibit 1
Opco Debtor SAP Claims

| Claimant | Claim No. | Assignor, If Applicable | Claim Amount | Classification | Notes |
|---|---|---|---|---|---|
| CASCADE WHOLESALE | 112 | | $1,577 | 503b9 | |
| Central Coast Coffee Roasting Co | 530 | | $6,628 | 503b9 | |
| CENTRAL COAST DIST | 658 | | $74,857 | 503b9 | |
| CHAMBERS & CHAMBERS | 401 | | $1,864 | 503b9 | |
| CHOICE BOOKS NORTHERN VA | 421 | | $378 | 503b9 | |
| CHUCKANUT BAY FOODS | 364 | | $421 | 503b9 | |
| CIDER WORKS FARMS LLC | 455 | | $313 | 503b9 | |
| Claims Recovery Group LLC | 306 | SONNY SUSHI INC | $3,385 | 503b9 | |
| Claims Recovery Group LLC | 409 | UMPQUA DAIRY PRODUCTS | $24,220 | 503b9 | |
| Claims Recovery Group LLC | 535 | WINE WAREHOUSE IMPORTS | $74,779 | 503b9 | |
| Claims Recovery Group LLC | 706 | Jordanos Inc./Pacific Beverage Co. | $95,652 | 503b9 | |
| Claims Recovery Group LLC | 707 | Jordanos Inc./Pacific Beverage Co. | $62,663 | Secured | |
| Claims Recovery Group LLC | 926 | MOUNTAIN PEOPLES WINE DIST INC | $2,239 | 503b9 | |
| Claims Recovery Group LLC | 1003 | Bonanza Beverage Co | $20,422 | 503b9 | |
| Claims Recovery Group LLC | 1038 | Daniels Western Meats | $3,517 | 503b9 | |
| Claims Recovery Group LLC | 1043 | Duckhorn Wine Company | $3,719 | 503b9 | |
| Claims Recovery Group LLC | 1046 | Esperanzas Tortilleria | $857 | 503b9 | |
| Claims Recovery Group LLC | 1047 | Food Services of America | $11,259 | 503b9 | |
| Claims Recovery Group LLC | 1048 | Frank Family Vineyards | $1,093 | 503b9 | |
| Claims Recovery Group LLC | 1049 | Frozen Gourmet Inc. | $12,132 | 503b9 | |
| Claims Recovery Group LLC | 1052 | Holsum Bakery Inc. | $5,118 | 503b9 | |
| Claims Recovery Group LLC | 1054 | The Odom Corporation | $6,930 | 503b9 | |
| Claims Recovery Group LLC | 1055 | Source Refrigeration & HVAC Inc. | $172 | 503b9 | |
| Claims Recovery Group LLC | 1056 | The Odom Corporation | $13,412 | 503b9 | |
| Claims Recovery Group LLC | 1066 | Tims Cascade Style Potatoe Chips | $64,089 | 503b9 | |
| Claims Recovery Group LLC | 1070 | UCKC Products LLC | $1,458 | 503b9 | |
| Claims Recovery Group LLC | 1072 | Tims Cascade Style Potatoe Chips | $45,718 | 503b9 | |
| Claims Recovery Group LLC | 1075 | Mother Earth Brew Co. | $3,153 | 503b9 | |
| Claims Recovery Group LLC | 1082 | WA Thompson Inc. | $28,338 | 503b9 | |
| Claims Recovery Group LLC | 1083 | Our Daily Bread Bakery | $5,799 | 503b9 | |
| Claims Recovery Group LLC | 1089 | Medowsweet Farms Inc. | $76,707 | 503b9 | |
| Claims Recovery Group LLC | 1090 | Righetti Specialties Inc. | $2,731 | 503b9 | |
| Claims Recovery Group LLC | 1094 | Interbitzen Distr | $42,386 | 503b9 | |
| Claims Recovery Group LLC | 1096 | Hydro Flask | $11,938 | 503b9 | |
| Claims Recovery Group LLC | 1097 | Peter Pan Novelty Co Inc. | $2,206 | 503b9 | |
| Claims Recovery Group LLC | 1121 | Santa Barbara Winery | $1,642 | 503b9 | |
| Claims Recovery Group LLC | 1124 | Sources Screen Printing | $596 | 503b9 | |
| Claims Recovery Group LLC | 1126 | Canyon Hard Cider Co. | $709 | 503b9 | |
| Claims Recovery Group LLC | 1128 | Spring Board | $532 | 503b9 | |
| Claims Recovery Group LLC | 1130 | Terrys Dairy | $1,648 | 503b9 | |
| Claims Recovery Group LLC | 1131 | Flowers Baking Co. of California/FBC of Henderson LLC | $104,034 | 503b9 | |
| Claims Recovery Group LLC | 1133 | SK Distribution | $1,106 | 503b9 | |
| Claims Recovery Group LLC | 1134 | Central Welding Supply Inc. | $1,058 | 503b9 | |
| Claims Recovery Group LLC | 1135 | Statewide Beverage Co. | $8,351 | 503b9 | |
| Claims Recovery Group LLC | 1137 | Chehalis Mints Co., Inc. | $433 | 503b9 | |
| Claims Recovery Group LLC | 1142 | JFE Sushi | $9,636 | 503b9 | |
| Claims Recovery Group LLC | 1143 | Karam LLC | $304 | 503b9 | |
| Claims Recovery Group LLC | 1154 | Labrang Tea Traders | $289 | 503b9 | |
| Claims Recovery Group LLC | 1155 | Kurzhal Family Kicken Pickles | $1,470 | 503b9 | |
| Claims Recovery Group LLC | 1156 | Mainland Ventures | $2,976 | 503b9 | |
| Claims Recovery Group LLC | 1158 | Hillikers Ranch Fresh Eggs | $10,104 | 503b9 | |
| Claims Recovery Group LLC | 1159 | Kevin J. Murphy Inc. | $77 | 503b9 | |
| Claims Recovery Group LLC | 1162 | Snacks R Us | $15,784 | 503b9 | |
| Claims Recovery Group LLC | 1165 | Beauchamp Distributing Co. | $24,120 | 503b9 | |

Exhibit 1
Opco Debtor SAP Claims

| Claimant | Claim No. | Assignor, If Applicable | Claim Amount | Classification | Notes |
|---|---|---|---|---|---|
| Claims Recovery Group LLC | 1166 | Mayflower Distributing | $719 | Admin Priority | |
| Claims Recovery Group LLC | 1166 | Mayflower Distributing | $22,147 | 503b9 | |
| Claims Recovery Group LLC | 1168 | PBI Market Equipment Inc. | $1,403 | 503b9 | |
| Claims Recovery Group LLC | 1169 | Seattle Seasonings LLC/Two Snooty Chefs | $1,159 | 503b9 | |
| Claims Recovery Group LLC | 1170 | Cascade Ice LLC | $3,647 | 503b9 | |
| Claims Recovery Group LLC | 1172 | Classic Wines of California | $9,239 | 503b9 | |
| Claims Recovery Group LLC | 1173 | Mave Enterprises Inc. | $4,333 | 503b9 | |
| Claims Recovery Group LLC | 1576 | Indoor Billboard | $446 | Admin Priority | |
| Claims Recovery Group LLC | 1589 | Mave Enterprises Inc. | $579 | Admin Priority | |
| Cluster, Brian | 526 | | $12,475 | Priority | |
| COASTAL DISTRIBUTING COMP | 582 | | $354 | 503b9 | |
| Coca-Cola Refreshments USA, Inc. | 834 | | $115,570 | 503b9 | |
| Contrarian Funds, LLC | 1702 | Bunzl Distribution USA, LLC dba Bunzl Seattle & Bunzl Portland | $267,996 | 503b9 | |
| COPY SOURCE | 263 | | $1,723 | 503b9 | |
| Core-Mark International Inc | 1080 | | $12,393 | 503b9 | |
| CORRPAC PACKAGING SUPPLY | 890 | | $120 | 503b9 | |
| Craft Beer Guild Distributing of California, LLC | 1006 | | $7,524 | 503b9 | |
| CROWN PACIFIC FINE FOODS | 634 | | $238,573 | 503b9 | |
| CROWN PACIFIC FINE FOODS | 636 | | $51,112 | 503b9 | |
| DAHL ELECTRIC INC | 257 | | $213 | 503b9 | |
| DAIRY FRESH FARMS INC | 629 | | $2,571 | 503b9 | |
| DAM SALSA | 394 | | $117 | 503b9 | |
| DANZEISEN DAIRY LLC | 1059 | | $6,441 | 503b9 | |
| Darigold, Inc. | 1025 | | $83,920 | 503b9 | |
| Darigold, Inc. | 1026 | | $100,815 | 503b9 | |
| Dawn Food Products Inc | 246 | | $89,131 | 503b9 | |
| DECO FOODSERVICE | 656 | | $404 | 503b9 | |
| DECOPAC | 633 | | $17,483 | 503b9 | |
| DEGOEDE BROTHERS LLC | 538 | | $51,074 | 503b9 | |
| DGS Import Inc. | 988 | | $2,882 | 503b9 | |
| Direct Energy Business | 1016 | | $42,375 | 503b9 | |
| Doorman Commercial | 569 | | $678 | 503b9 | |
| DORMA USA INC | 305 | | $839 | 503b9 | |
| DPI Specialty Foods, Inc. | 1095 | | $737,427 | 503b9 | |
| DPI Specialty Foods, Inc. | 1108 | | $135,741 | 503b9 | |
| DPI Specialty Foods, Inc. | 1111 | | $240,606 | 503b9 | |
| E. & J. Gallo Winery | 1020 | | $89,542 | 503b9 | |
| EASTERDAY BUILDING MAINTENANCE | 427 | | $38 | 503b9 | |
| EASTERN CASCADE BEVERAGE | 461 | | $458 | 503b9 | |
| EBERHARDS DAIRY PRODUCTS | 404 | | $10,589 | 503b9 | |
| ELITE EQUIPMENT | 345 | | $767 | 503b9 | |
| EPIC WINES | 407 | | $6,280 | 503b9 | |
| Fair Harbor Capital, LLC | 289 | TITAN WINES & SPIRITS | $1,364 | 503b9 | |
| Fair Harbor Capital, LLC | 846 | WEITRON INC | $1,199 | 503b9 | |
| Fair Harbor Capital, LLC | 967 | L & E Bottling Co Inc | $9,334 | 503b9 | |
| Fair Harbor Capital, LLC | 970 | L & E Bottling Co Inc | $13,529 | 503b9 | |
| Fair Harbor Capital, LLC | 1113 | Total Pharmacy Supply | $2,366 | 503b9 | |
| Fair Harbor Capital, LLC | 1114 | Winder Farms | $1,147 | 503b9 | |
| Fair Harbor Capital, LLC | 1115 | Camano Island Coffee Roaster | $488 | 503b9 | |
| FIESTA PACIFIC PRODUCTS INC | 248 | | $114 | 503b9 | |
| FLAVOR STORM LLC | 288 | | $290 | 503b9 | |
| Florists Transworld Delivery, Inc. | 804 | | $4,894 | 503b9 | |
| Florists Transworld Delivery, Inc. | 1271 | | $31,211 | 503b9 | |

**Exhibit 1**
**Opco Debtor SAP Claims**

| Claimant | Claim No. | Assignor, If Applicable | Claim Amount | Classification | Notes |
|---|---|---|---|---|---|
| Flying Dog Entertainment LLC | 880 | | $594 | 503b9 | |
| FRANS CHOCOLATES LTD | 266 | | $301 | 503b9 | |
| Frito-Lay North America, Inc. | 1176 | | $151,280 | 503b9 | |
| Frito-Lay North America, Inc. | 1183 | | $252,737 | 503b9 | |
| Frito-Lay North America, Inc. | 1187 | | $481,233 | 503b9 | |
| Front Line Sales, Inc | 30 | | $409 | 503b9 | |
| GARDEN TREASURES | 325 | | $1,359 | 503b9 | |
| Garden Treasures LLC | 324 | | $572 | Priority | |
| Garthoff, Matthew D. | 766 | | $5,320 | Priority | |
| General Distributors, Inc | 928 | | $705 | 503b9 | |
| GLIDE RITE CORPORATION | 351 | | $784 | 503b9 | |
| Goya of California | 759 | | $1,512 | 503b9 | |
| Grays Harbor County Treasurer | 188 | | $9,421 | Secured | |
| GREEN CARDZ | 336 | | $138 | 503b9 | |
| Gruma Corporation d/b/a Mission Foods | 1010 | | $75,978 | 503b9 | |
| Gruma Corporation d/b/a Mission Foods | 1011 | | $141,107 | 503b9 | |
| Gruma Corporation d/b/a Mission Foods | 1012 | | $54,698 | 503b9 | |
| HANGAR 24 CRAFT DISTRIBUTION | 887 | | $5,149 | 503b9 | |
| HAPPY NIBBLES LLC | 482 | | $450 | 503b9 | |
| HARDWARE SALES | 294 | | $165 | 503b9 | |
| HARVEYS BUTTER RUM BATTER | 348 | | $3,575 | 503b9 | |
| HEIMARK DISTRIBUTING COMPANY | 343 | | $7,132 | 503b9 | |
| HENRYS PLANT FARM | 531 | | $8,455 | 503b9 | |
| HH Property North, LLC | | | $440,294 | Admin Priority | |
| HH Property South, LLC | | | $104,584 | Admin Priority | |
| HHI JERSEY | 541 | | $968 | 503b9 | |
| HOLLANDIA DAIRY INC | 491 | | $4,987 | 503b9 | |
| HONIG VINEYARDS | 390 | | $600 | 503b9 | |
| INDUSTRIAL SOLUTION LLC | 499 | | $270 | 503b9 | |
| INSPIRED LEAF TEAS | 357 | | $140 | 503b9 | |
| International Brotherhood of Teamsters, General Teamsters Union Local #38 | 1584 | | $3,000 | Priority | |
| Jackson, Ivyl Jane | 1910 | | $6,500 | Admin Priority | |
| JIMS PHARMACY | 295 | | $133 | 503b9 | |
| JOEBELLA COFFEE ROASTERS | 1245 | | $1,019 | 503b9 | |
| John Lenore & Company | 1163 | | $28,666 | 503b9 | |
| KETTLEKORN, MAWN PAW | 410 | | $3,365 | 503b9 | |
| KFT ENTERPRISES, NO. 1, LP | 1790 | | $82,154 | Admin Priority | |
| Kids Konserve, LLC dba U-Konserve | 664 | | $10 | 503b9 | |
| L&R DISTRIBUTORS INC | 334 | | $21,040 | 503b9 | |
| LATTINS COUNTRY CIDER MILL | 566 | | $716 | 503b9 | |
| Lauguru Inc | 593 | | $158 | 503b9 | |
| Liquidity Solutions, Inc. | 337 | PEPSI COLA BOTTLING CO | $5,285 | 503b9 | |
| Liquidity Solutions, Inc. | 371 | LEVEL 10 | $3,345 | 503b9 | |
| Liquidity Solutions, Inc. | 374 | FREEDOM SNACKS | $1,708 | 503b9 | |
| Liquidity Solutions, Inc. | 603 | J & L WINES | $15,578 | 503b9 | |
| Liquidity Solutions, Inc. | 688 | ScriptPro USA Inc | $20 | 503b9 | |
| Liquidity Solutions, Inc. | 1065 | Russell Stover Candies | $34,849 | 503b9 | |
| Liquidity Solutions, Inc. | 1194 | Shalhoob Meat Company, Inc. | $2,544 | 503b9 | |
| Liquidity Solutions, Inc. | 1195 | JULIAN PIE COMPANY | $14,000 | 503b9 | |
| Liquidity Solutions, Inc. | 1720 | Barcel USA, LLC. | $719 | 503b9 | |
| LOAD KING MFG CO INC | 297 | | $1,119 | 503b9 | |
| Lompoc Valley Seed & Milling | 316 | | $205 | 503b9 | |
| Los Osos Ranch, LLC | 214 | | $14,497 | 503b9 | |
| LOZIER CORPORATION | 1087 | | $1,961 | 503b9 | |

**Exhibit 1**
**Opco Debtor SAP Claims**

| Claimant | Claim No. | Assignor, If Applicable | Claim Amount | Classification | Notes |
|---|---|---|---|---|---|
| Lulus Essential Granola | 690 | | $102 | 503b9 | |
| LYNDEN ICE | 562 | | $1,924 | 503b9 | |
| M & M RESTAURANT SUPPLY | 442 | | $1,407 | 503b9 | |
| MADDALENA VINEYARD BRANDS | 984 | | $3,401 | 503b9 | |
| MALETIS BEVERAGE-POP | 1060 | | $8,585 | 503b9 | |
| Maricopa County Treasurer | 48 | | $2,643 | Secured | |
| Maricopa County Treasurer | 50 | | $3,945 | Secured | |
| Marifit Protein Poppers, LLC | 338 | | $254 | 503b9 | |
| Marsee Foods Inc | 312 | | $989 | 503b9 | |
| MATCHA MARKETPLACE LLC | 883 | | $965 | 503b9 | |
| McKenzie Java LLC | 528 | | $1,311 | 503b9 | |
| MGP X Properties, LLC | 1331 | | $87,243 | Admin Priority | |
| Mission Beverage Co. | 716 | | $13,923 | 503b9 | |
| MISTY MEADOWS FARM | 436 | | $534 | 503b9 | |
| MONDELEZ GLOBAL LLC | 914 | | $140,551 | 503b9 | |
| Mutiny Bay Blues LLC | 692 | | $162 | 503b9 | |
| MUTUAL WHOLESALE LIQUOR INC | 262 | | $1,480 | 503b9 | |
| National Food Corporation | 529 | | $303,030 | 503b9 | |
| Nestle USA, Inc. | 912 | | $73,001 | 503b9 | |
| Nestle USA, Inc. | 917 | | $99,702 | 503b9 | |
| Nestle USA, Inc. | 922 | | $224,020 | 503b9 | |
| Nevada Beverage Co | 523 | | $15,584 | 503b9 | |
| NORPRO INC | 796 | | $1,054 | 503b9 | |
| Northwest Blade Service | 691 | | $705 | 503b9 | |
| NORTHWEST WHOLESALE FLORIST | 642 | | $1,532 | 503b9 | |
| OASIS BREADS | 1031 | | $10,838 | 503b9 | |
| Oregon Department of Revenue | 1782 | | $12,679 | Priority | |
| PACIFIC SUN GROWERS INC | 607 | | $2,390 | 503b9 | |
| PANGEA-CDS INC | 256 | | $15,168 | 503b9 | |
| PANTHER BAR FOUNDATION | 414 | | $850 | 503b9 | |
| Patera, Curt | 1153 | | $556 | 503b9 | |
| Peach Systems Inc, dba Specialty Cellars | 959 | | $1,093 | 503b9 | |
| Pepperidge Farm, Incorporated | 1152 | | $58,271 | 503b9 | |
| Pepsi Cola Flagstaff | 741 | | $1,596 | 503b9 | |
| PEPSI-COLA WALLA WALLA | 539 | | $9,392 | 503b9 | |
| Pierce County, Washington | 1873 | | $13,384 | Admin Priority | |
| Popcorn Country Tucson Cactus Corn LLC | 592 | | $106 | 503b9 | |
| PORTLAND BEE BALM | 786 | | $2,160 | 503b9 | |
| PREMIER DISTRIBUTORS, INC DBA NORTHLAND PREMIER DISTRIBUTORS | 1027 | | $3,743 | 503b9 | |
| Priority Rx Management, Inc. | 173 | | $6,890 | Priority | |
| Proforma Mountainview Printing | 1358 | | $1,566 | 503b9 | |
| PROS CHOICE BEAUTY CARE INC. | 1019 | | $17,544 | 503b9 | |
| QUALITY ASSURED INCORPORATED | 645 | | $4,532 | 503b9 | |
| RAINSHADOW COFFEE ROASTING COMPANY | 309 | | $535 | 503b9 | |
| Red Bull North America, Inc. | 1198 | | $30,000 | 503b9 | |
| Reeves, Jerry | 1909 | | $4,000 | Admin Priority | |
| REGAL WINE COMPANY | 1247 | | $38,590 | 503b9 | |
| RESTAURANT TECHNOLOGIES INC | 460 | | $41,689 | 503b9 | |
| REYNALDOS MEXICAN FOOD COMPANY. | 370 | | $297 | 503b9 | |
| ROIC California, LLC | 1419 | | $36,043 | Admin Priority | |
| ROIC Oregon, LLC | 1859 | | $36,562 | Admin Priority | |
| Rombauer Vineyards, Inc. | 356 | | $2,744 | 503b9 | |
| ROSE GONZALES PLANTS INC | 408 | | $14,194 | 503b9 | |

**Exhibit 1**
**Opco Debtor SAP Claims**

| Claimant | Claim No. | Assignor, If Applicable | Claim Amount | Classification | Notes |
|---|---|---|---|---|---|
| Sadie Rose Baking Co. | 1179 | | $12,474 | 503b9 | |
| SALTWORKS INC. | 287 | | $678 | 503b9 | |
| Sanger Morales, Barbara | 1911 | | $3,000 | Admin Priority | |
| SANTA BARBARA OLIVE CO | 511 | | $158 | 503b9 | |
| SANTA MONICA SEAFOOD | 606 | | $441,066 | 503b9 | |
| Schwans Consumer Brands, Inc | 888 | | $42,065 | 503b9 | |
| SCHWARTZ BROTHERS BAKERY | 1125 | | $872 | 503b9 | |
| SELECTA WHOLESALE FOODS | 555 | | $1,239 | 503b9 | |
| SERRES GREENHOUSE | 328 | | $433 | 503b9 | |
| Shamrock Foods Company - Dairy Division dba Shamrock Farms | 974 | | $38,680 | 503b9 | |
| SHANER, WILLIAM M | 1759 | | $12,475 | Priority | |
| Shoreline Plumbing | 622 | | $45 | 503b9 | |
| Sierra Liquidity Fund LLC | 550 | Tortillas Inc | $619 | 503b9 | |
| Sierra Liquidity Fund LLC | 735 | Ron Davis- Commercial Hard Floor Equipment | $238 | 503b9 | |
| Sierra Liquidity Fund LLC | 1028 | New Century Snacks | $1,787 | 503b9 | |
| SISTER COFFEE COMPANY ROASTERY | 445 | | $48 | 503b9 | |
| S-L DISTRIBUTION COMPANY INC | 789 | | $75,720 | 503b9 | |
| SOLA PRODUCTS | 468 | | $580 | 503b9 | |
| Southern Innovations LLC | 63 | | $984 | 503b9 | |
| SPARKYS CATERING | 480 | | $3,204 | 503b9 | |
| Sparta Group MA LLC Series 20 | 454 | Red Bird Farms | $15,776 | 503b9 | |
| Specialty Frozen Distributing LLC | 628 | | $5,003 | 503b9 | |
| Spice Hut Corporation | 1092 | | $1,404 | 503b9 | |
| Staples, Inc | 643 | | $2,412 | 503b9 | |
| Starbucks Corporation | 1005 | | $459,803 | 503b9 | |
| STEAMBOAT JUNCTION | 190 | | $258 | 503b9 | |
| STEEL HEAD DESIGNS | 992 | | $88 | 503b9 | |
| Stewarts Food, Inc. | 1329 | | $26,309 | Admin Priority | |
| Stone Brewing Co. | 1222 | | $20,493 | 503b9 | |
| Stoner Electric, Inc. | 701 | | $42 | 503b9 | |
| Straub Distributing Company Ltd | 661 | | $34,253 | 503b9 | |
| SUPERVALU INC. | 911 | | $1,886,934 | 503b9 | |
| SURATA SOYFOODS COOPERATI | 501 | | $572 | 503b9 | |
| Swire Coca-Cola, USA | 205 | | $17,387 | 503b9 | |
| Sylvester Winergy Inc | 521 | | $254 | 503b9 | |
| SYSCO FOOD SERVICES PORTL | 544 | | $2,064 | 503b9 | |
| T&L Nursery, Inc. | 321 | | $14,006 | 503b9 | |
| T.C. Fareast | 518 | | $440 | 503b9 | |
| Taco Works, Inc. | 1099 | | $7,762 | 503b9 | |
| TALLEY VINEYARDS | 467 | | $216 | 503b9 | |
| TANASACRES NURSERY INC | 300 | | $896 | 503b9 | |
| The Balloon Fair | 734 | | $965 | 503b9 | |
| THE FAT CAT BEER COMPANY LLC | 508 | | $270 | 503b9 | |
| THE ORGANIC CELLAR LLC | 532 | | $197 | 503b9 | |
| The Rio Seasoning Company | 594 | | $126 | 503b9 | |
| Timothy Adams General Contractor | 365 | | $375 | 503b9 | |
| TOBIN JAMES CELLARS | 962 | | $1,242 | 503b9 | |
| TONYS COFFEE & TEAS INC | 1030 | | $29,843 | 503b9 | |
| TONYS COFFEE & TEAS INC | 1040 | | $35,632 | 503b9 | |
| TOP O THE MORN FARMS, INC | 1004 | | $8,577 | 503b9 | |
| TRIANGLE DIST COMPANY | 369 | | $1,557 | 503b9 | |
| Triple B Corp. d/b/a Charlies Produce | 791 | | $141,203 | 503b9 | |
| Triple B Corp. d/b/a Charlies Produce | 797 | | $19,180 | 503b9 | |

**Exhibit 1**
**Opco Debtor SAP Claims**

| Claimant | Claim No. | Assignor, If Applicable | Claim Amount | Classification | Notes |
|---|---|---|---|---|---|
| Triple B Corp. d/b/a Charlies Produce | 799 | | $13,042 | 503b9 | |
| TWIN BROOK CREAMERY | 417 | | $1,755 | 503b9 | |
| TY INC | 420 | | $2,957 | 503b9 | |
| Unified Grocers, Inc. | 1015 | | $5,378,656 | 503b9 | (1) |
| UNITED FOOD & COMMERCIAL WORKERS UNION LOCAL NO.21 | 1583 | | $3,108 | Priority | |
| United States Bakeries, d/b/a Franz Family Bakeries | 809 | | $192,828 | 503b9 | |
| United States Bakeries, d/b/a Franz Family Bakeries | 811 | | $132,639 | 503b9 | |
| Up With Paper | 689 | | $2,331 | 503b9 | |
| UR Sweet Madness, LLC | 44 | | $328 | 503b9 | |
| VALLEY HARVEST PRODUCTS | 512 | | $172 | 503b9 | |
| Vaxserve | 969 | | $77,352 | 503b9 | |
| VEDIC MIX | 478 | | $654 | 503b9 | |
| Verns & Son Inc | 313 | | $368 | 503b9 | |
| VIDEO MANAGEMENT | 513 | | $125 | 503b9 | |
| Vintners Kitchen LLC | 446 | | $657 | 503b9 | |
| WA Department of Revenue | 1875 | | $30,000 | Priority | |
| Wade, Jerry | 1907 | | $1,250 | Admin Priority | |
| Washington County Tax Collector | 1814 | | $17,920 | Secured | |
| WATER HEATER MAN INC | 270 | | $238 | 503b9 | |
| Wayment, Sandra | 1908 | | $15,000 | Admin Priority | |
| WEINSTEIN BEVERAGE COMPAN | 462 | | $10,893 | 503b9 | |
| WHIDBEY COFFEE COMPANY | 319 | | $161 | 503b9 | |
| White Horse Meadows LLC | 384 | | $524 | 503b9 | |
| WILLIAMS INLAND DISTRIBUTORS | 605 | | $13,674 | 503b9 | |
| WONG POTATOES INC | 497 | | $246 | 503b9 | |
| Z D WINES | 458 | | $1,328 | 503b9 | |
| ZENNERS QUALITY MEAT PRODUCTS | 302 | | $959 | 503b9 | |
| ZIAN Limited Partnership | 1776 | | $34,609 | Admin Priority | |
| Grand Total | | | $18,903,306 | | |

Notes:
(1) Claim nos. 1013 and 1014 are identical claims filed against multiple debtors and, therefore, will be deemed satisfied upon payment of claim no. 1015.

As described in the Motion, the Debtors reserve the right to modify this Exhibit 1 from time to time through the date of entry of the Proposed Order.

## SCHEDULE 1

**503(b)(9) Schedule**

**Summary of Consented 503b9 claimants - 503b9 and admin priority claims**

| Consenting 503(b)(9) Claimant | Claim No. | Assignor, If Applicable | 503b9 Claim Amount (1) | Reduced 503b9 Claim Amount | Notes |
|---|---|---|---|---|---|
| ASM Capital V, L.P. | 440 | AAA FLAG & BANNER | $37,320 | $33,588 | |
| ASM Capital V, L.P. | 588 | Hickmans Egg Ranch, Inc. | $66,113 | $59,502 | |
| ASM Capital V, L.P. | 737 | Ocean Beauty Seafoods LLC | $273,236 | $245,912 | |
| ASM Capital V, L.P. | 980 | Harbor Distributing, LLC | $322,644 | $290,380 | |
| ASM Capital V, L.P. | 1017 | Youngs Market Company, LLC | $190,000 | $171,000 | |
| ASM SPV, L.P. | 290 | MSR WHOLESALE BALLOONS | $1,777 | $1,600 | |
| ASM SPV, L.P. | 484 | Pada Sushi | $27,388 | $24,649 | |
| ASM SPV, L.P. | 981 | Crest Beverage, LLC | $236,746 | $213,072 | |
| ASM SPV, L.P. | 1839 | McKee Foods Corporation | $8,851 | $7,966 | |
| ASM SPV, L.P. | 1840 | McKee Foods Corporation | $4,603 | $4,143 | |
| ASM SPV, L.P. | 1841 | McKee Foods Corporation | $1,144 | $1,030 | |
| Bon Suisse, Inc. | 207 | | $595,872 | $536,285 | |
| Bottling Group, LLC | 1181 | | $66,613 | $59,951 | |
| Bottling Group, LLC | 1185 | | $309,986 | $278,987 | |
| Bottling Group, LLC | 1186 | | $173,707 | $156,336 | |
| Claims Recovery Group LLC | 1003 | Bonanza Beverage Co | $22,691 | $20,422 | |
| Claims Recovery Group LLC | 1038 | Daniels Western Meats | $3,908 | $3,517 | |
| Claims Recovery Group LLC | 1043 | Duckhorn Wine Company | $4,132 | $3,719 | |
| Claims Recovery Group LLC | 1046 | Esperanzas Tortilleria | $952 | $857 | |
| Claims Recovery Group LLC | 1047 | Food Services of America | $12,510 | $11,259 | |
| Claims Recovery Group LLC | 1048 | Frank Family Vineyards | $1,214 | $1,093 | |
| Claims Recovery Group LLC | 1049 | Frozen Gourmet Inc. | $13,480 | $12,132 | |
| Claims Recovery Group LLC | 1052 | Holsum Bakery Inc. | $5,686 | $5,118 | |
| Claims Recovery Group LLC | 1054 | The Odom Corporation | $7,700 | $6,930 | |
| Claims Recovery Group LLC | 1055 | Source Refrigeration & HVAC Inc. | $191 | $172 | |
| Claims Recovery Group LLC | 1056 | The Odom Corporation | $14,902 | $13,412 | |
| Claims Recovery Group LLC | 1066 | Tims Cascade Style Potatoe Chips | $71,210 | $64,089 | |
| Claims Recovery Group LLC | 1070 | UCKC Products LLC | $1,620 | $1,458 | |
| Claims Recovery Group LLC | 1072 | Tims Cascade Style Potatoe Chips | $50,797 | $45,718 | |
| Claims Recovery Group LLC | 1075 | Mother Earth Brew Co. | $3,503 | $3,153 | |
| Claims Recovery Group LLC | 1082 | WA Thompson Inc. | $31,487 | $28,338 | |
| Claims Recovery Group LLC | 1083 | Our Daily Bread Bakery | $6,443 | $5,799 | |
| Claims Recovery Group LLC | 1089 | Medowsweet Farms Inc. | $85,230 | $76,707 | |
| Claims Recovery Group LLC | 1090 | Righetti Specialties Inc. | $3,035 | $2,731 | |
| Claims Recovery Group LLC | 1094 | Interbitzen Distr | $47,096 | $42,386 | |
| Claims Recovery Group LLC | 1096 | Hydro Flask | $13,264 | $11,938 | |
| Claims Recovery Group LLC | 1097 | Peter Pan Novelty Co Inc. | $2,451 | $2,206 | |
| Claims Recovery Group LLC | 1121 | Santa Barbara Winery | $1,825 | $1,642 | |
| Claims Recovery Group LLC | 1124 | Sources Screen Printing | $662 | $596 | |
| Claims Recovery Group LLC | 1126 | Canyon Hard Cider Co. | $788 | $709 | |
| Claims Recovery Group LLC | 1128 | Spring Board | $592 | $532 | |
| Claims Recovery Group LLC | 1130 | Terrys Dairy | $1,832 | $1,648 | |
| Claims Recovery Group LLC | 1131 | Flowers Baking Co. of California/FBC of Henderson LLC | $115,593 | $104,034 | |
| Claims Recovery Group LLC | 1133 | SK Distribution | $1,229 | $1,106 | |
| Claims Recovery Group LLC | 1134 | Central Welding Supply Inc. | $1,175 | $1,058 | |
| Claims Recovery Group LLC | 1135 | Statewide Beverage Co. | $9,279 | $8,351 | |
| Claims Recovery Group LLC | 1137 | Chehalis Mints Co., Inc. | $481 | $433 | |

**Summary of Consented 503b9 claimants - 503b9 and admin priority claims**

| Consenting 503(b)(9) Claimant | Claim No. | Assignor, If Applicable | 503b9 Claim Amount (1) | Reduced 503b9 Claim Amount | Notes |
|---|---|---|---|---|---|
| Claims Recovery Group LLC | 1142 | JFE Sushi | $10,706 | $9,636 | |
| Claims Recovery Group LLC | 1143 | Karam LLC | $338 | $304 | |
| Claims Recovery Group LLC | 1154 | Labrang Tea Traders | $321 | $289 | |
| Claims Recovery Group LLC | 1155 | Kurzhal Family Kicken Pickles | $1,634 | $1,470 | |
| Claims Recovery Group LLC | 1156 | Mainland Ventures | $3,307 | $2,976 | |
| Claims Recovery Group LLC | 1158 | Hillikers Ranch Fresh Eggs | $11,227 | $10,104 | |
| Claims Recovery Group LLC | 1159 | Kevin J. Murphy Inc. | $85 | $77 | |
| Claims Recovery Group LLC | 1162 | Snacks R Us | $17,538 | $15,784 | |
| Claims Recovery Group LLC | 1165 | Beauchamp Distributing Co. | $26,800 | $24,120 | |
| Claims Recovery Group LLC | 1166 | Mayflower Distributing | $25,406 | $22,866 | (3) |
| Claims Recovery Group LLC | 1168 | PBI Market Equipment Inc. | $1,559 | $1,403 | |
| Claims Recovery Group LLC | 1169 | Seattle Seasonings LLC/Two Snooty Chefs | $1,288 | $1,159 | |
| Claims Recovery Group LLC | 1170 | Cascade Ice LLC | $4,052 | $3,647 | |
| Claims Recovery Group LLC | 1172 | Classic Wines of California | $10,266 | $9,239 | |
| Claims Recovery Group LLC | 1173 | Mave Enterprises Inc. | $4,815 | $4,333 | |
| Claims Recovery Group LLC | 1576 | Indoor Billboard | $495 | $446 | (4) |
| Claims Recovery Group LLC | 1589 | Mave Enterprises Inc. | $643 | $579 | (4) |
| CRG Financial LLC | 306 | SONNY SUSHI INC | $3,761 | $3,385 | |
| CRG Financial LLC | 409 | UMPQUA DAIRY PRODUCTS | $26,911 | $24,220 | |
| CRG Financial LLC | 535 | WINE WAREHOUSE IMPORTS | $83,087 | $74,779 | |
| CRG Financial LLC | 706 | Jordanos Inc./Pacific Beverage Co. | $106,279 | $95,652 | |
| CRG Financial LLC | 707 | Jordanos Inc./Pacific Beverage Co. | $62,663 | $62,663 | (5) |
| CRG Financial LLC | 926 | MOUNTAIN PEOPLES WINE DIST INC | $2,488 | $2,239 | |
| CRG Financial LLC | 1222 | Stone Brewing Co. | $20,493 | $20,493 | |
| DPI Specialty Foods, Inc. | 1095 | | $819,363 | $737,427 | |
| DPI Specialty Foods, Inc. | 1108 | | $150,823 | $135,741 | |
| DPI Specialty Foods, Inc. | 1111 | | $267,340 | $240,606 | |
| Frito-Lay North America, Inc. | 1176 | | $168,089 | $151,280 | |
| Frito-Lay North America, Inc. | 1183 | | $280,819 | $252,737 | |
| Frito-Lay North America, Inc. | 1187 | | $534,704 | $481,233 | |
| SANTA MONICA SEAFOOD | 606 | | $490,073 | $441,066 | |
| Sparta Group MA LLC Series 20 | 454 | Red Bird Farms | $17,529 | $15,776 | |
| Starbucks Corporation | 1005 | | $510,892 | $459,803 | |
| SUPERVALU INC. | 911 | | $2,096,593 | $1,886,934 | |
| Unified Grocers, Inc. | 1015 | | $5,976,284 | $5,378,656 | (2) |
| Grand Total | | | $14,591,627 | $13,140,786 | |

Notes:
(1) 503b9 Claim Amounts reflect modifications pursuant to bankruptcy court order and preference settlements where applicable.
(2) Claim nos. 1013 and 1014 are identical claims filed against multiple debtors and, therefore, will be deemed satisfied upon payment of claim no. 1015.
(3) $719 of the reduced amount is an administrative priority claim versus a 503b9 claim.
(4) Claim is administrative priority claim versus a 503b9 claim.
(5) Claim is a secured claim and not subject to any reduction.